UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

HH ADVERTISING, INC.,

    Plaintiff,

v.

UNIQUE VACATIONS, INC.,
UNIQUE TRAVEL CORPORATION,
and SANDALS RESORTS
INTERNATIONAL, LTD.
_____/

# COMPLAINT

Plaintiff, HH ADVERTISING, INC. ("**HH Advertising**"), by and through undersigned counsel, sues UNIQUE VACATIONS, INC ("**UVI**"), UNIQUE TRAVEL CORPORATION ("**UTC**"), and SANDALS RESORTS INTERNATIONAL, LTD. ("**Sandals**," and together with UVI and UTC, the "**Sandals Parties**" or "**Defendants**"), and alleges:

## NATURE OF THE ACTION

1.    This is an action for declaratory judgment arising from the Defendants' threatened use of Plaintiff's copyright protected works.

2.    There is an existing and substantial controversy between HH Advertising and the Sandals Parties concerning their respective legal rights in the copyright protected works, which includes creative content, advertising materials, and other works of authorship created by HH Advertising.

## PARTIES, JURISDICTION, AND VENUE

3.    Plaintiff's claim for a declaratory judgment arises under (i) the United States

Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"); and (ii) 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act"). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. Plaintiff, HH Advertising, is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

5. Defendant, UVI, is a Delaware corporation with its principal place of business in Miami-Dade County, Florida.

6. Defendant, Sandals, is a corporation incorporated under the laws of Jamaica but conducts substantial and not isolated business activities in Florida and the United States and is otherwise subject to suit in this jurisdiction.

7. Defendant, Sandals, is subject to the personal jurisdiction of this Court, pursuant to Florida Statute § 48.193, because Sandals, either directly or through its alter-ego and agent, UVI:

    a. operates, conducts, engages in and/or carries on a business or business venture in Florida based on:

        i. Its office or agency location in Florida, to-wit: UVI, whose address is 5505 Waterford District Drive, Miami FL 33126, and its previous address of 4950 SW 72 Avenue, Miami, FL 33155. UVI has, at all times material, listed as its telephone number (800) SANDALS at the above address in Miami, Florida;

        ii. Marketing of vacation packages to Florida Travel agents through its world-wide marketing agent, UVI;

        iii. The international, interactive booking website, http://www.sandals.com, which is accessible to Florida residents to

     book resorts that are owned, operated, managed and/or controlled by Sandals and, thus, is subject to the jurisdiction of this court pursuant to Fla. Stat. § 48.193(1)(a);

  iv. Its contracts and agreements with HH Advertising, which is located in Miami, Florida;

  v. Payments were made by Sandals to HH Advertising in Miami, Florida for advertisements requested by Sandals;

  vi. Advertisements were placed to run on television stations, including in Florida and directed to Florida residents; and

  vii. Prior to his death in early 2021, Sandals' Chairman, Butch Stewart ("Chairman"), approved all creative content prepared by HH Advertising and approved all billing and payments to HH Advertising in Miami.

8. Defendant, UTC, is a corporation incorporated under the laws of Panama but conducts substantial business in the United States and Florida and is otherwise subject to suit in this jurisdiction.

9. Defendant, UTC, is subject to the personal jurisdiction of this Court pursuant to Florida Statute § 48.193, because UTC, either directly or through its alter-ego, UVI:

 a. operates, conducts, engages in and/or carries on a business or business venture in Florida based on:

  i. Its office or agency location in Florida, to-wit: UVI, whose address is 5505 Waterford District Drive, Miami, FL 33126, and its previous address of 4950 SW 72 Avenue, Miami, FL 33155. UTC has, at all times material, displayed a Sandals' sign for public view

at that address, and it coordinates all marketing and group sales for Sandals and at all material times, listed as its telephone number (800) SANDALS at the above address in Miami, Florida;

ii. Marketing of vacation packages to Florida Travel agents through its world-wide marketing agent, UVI;

iii. The international, interactive booking website, http://www.sandals.com, which is accessible to Florida residents to book resorts that are owned, operated, managed and/or controlled by Sandals and, thus, is subject to the jurisdiction of this court pursuant to Fla. Stat. § 48.193(1)(a);

iv. Its contracts and agreements with HH Advertising, which is located in Miami, Florida.

v. Payments were made to HH Advertising in Miami, Florida for advertisements placed for Sandals; and

vi. Advertisements were run, and continue to run on television stations, including in Florida and directed to Florida residents.

10. Venue is proper in this district in accordance with 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claim occurred in this District and a substantial part of the property that is the subject of the action is situated in this District.

**GENERAL ALLEGATIONS**

11. HH Advertising is an advertising agency specializing in creating, planning and executing advertising campaigns.

12. The Sandals Parties engaged HH Advertising to provide advertising, marketing and related services for the Sandals family of resorts.

4

13. From 1992 until mid-2021, HH Advertising originated a large body of creative works, consisting of advertising materials, advertisements, photographs, videos, commercials, and other works of authorship created in connection with various projects for the Sandals Parties, including ownership of all interests in photographs, digital images, film, video, and other images, whether still or in motion, by assignment to HH Advertising exclusively (collectively "**the Pre-2021 Projects**").

14. HH Advertising registered its copyright in the Pre-2021 Projects with the U.S. Copyright Office as set forth in **Composite Exhibit "A"** hereto, which contains a description of the copyrighted work and the copyright registration or application numbers.

15. Beginning in June 2021, as a result of changes in ownership, and as a condition of doing future work, the Sandals Parties demanded that HH Advertising assign all rights in "Photographic Materials" to the Sandals Parties, for new projects beginning in June 2021, which included the following photo shoots (collectively "2021 Projects"):

 a. Sandals Barbados and Royal Barbados 9 Day Photoshoot
 b. Exuma and Sandals Emerald Bay – 2 Day HD Live Shoot
 c. Exuma Excursions and Sandals Emerald Bay – 2 Day Lifestyle
 d. Sandals Jamaica -5 Day Photo Shoot
 e. Sandals Jamaica – Jamaica Excursions
 f. Sandals South Coast – 2 Day Lifestyle
 g. Sandals South Coast – 2 Day HD Live Shoot (42399E
 h. Exuma Excursions and Sandals Emerald Bay – 2 Day Lifestyle Shoot
 i. Sandals Royal Barbados – 4 Day Live Shoot
 j. Sandals Royal Barbados - 4 Day Lifestyle Shoot

16. HH Advertising agreed to the Sandals Parties' demand and assigned all rights in the Photographic Materials from the 2021 Projects to the Sandals Parties.

17. Photographic Materials is defined in the 2021 Assignments as "Photographer's video and photographic materials created in connection with or for the Project" but does not

5

include the resulting creative content ("**the Commercials**") which were created by HH Advertising.

18. HH Advertising registered the Commercials it created with the U.S. Copyright Office as set forth in **Composite Exhibit "B"** hereto, which contains a description of the copyrighted work and the copyright registration or application numbers.

19. The copyrighted Pre-2021 Projects and the Commercials (collectively the **"Works"**) are owned exclusively by HH Advertising.

20. With the Chairman's passing, the Sandals Parties insisted that the parties enter into a formal written Advertising Agency Agreement (the **"Draft Advertising Agreement"**).

21. Buried within the Draft Advertising Agreement, the Sandals Parties inserted a clause in an attempt to transfer to the Sandals Parties, all Works created by HH Advertising.

22. When HH Advertising refused to sign the Draft Advertising Agreement, including the transfer of all ownership rights in the Works to the Sandals Parties, the Sandals Parties removed from HH Advertising's scope of work, approximately $3 million dollars in revenue, in an effort to force HH Advertising to sign the Draft Advertising Agreement.

23. The Draft Advertising Agreement was never signed.

24. On August 3, 2023, HH Advertising sent a letter to the Sandals Parties requesting that they make an offer to purchase HH Advertising's copyright interests in the Works. The Sandals Parties did not respond to HH Advertising's August 3rd letter.

25. Instead, on August 15, 2023, the president of UVI, Jeff Clarke, terminated the Sandals Parties' relationship with HH Advertising, instructing HH Advertising not to do any "new" advertising work.

26. HH Advertising has since learned that the Sandals Parties are in the process of engaging other advertising firms to handle their advertising needs and intend to use the Works with their new advertising firms.

27. On September 22, 2023, HH Advertising, through counsel, sent a cease and desist letter to the Sandals Parties demanding that they cease all use of the Works, in any medium, as HH Advertising exclusively holds ownership of all rights, including copyright interests in the Works.

28. In response, on September 27, 2023, the Sandals Parties, through counsel, sent a letter to HH Advertising, claiming ownership in the copyright interests in the Works and expressly rejected HH Advertising's demands.

29. As such, there presently exists a justiciable controversy regarding HH Advertising's ownership of the copyright interests in the Works and the Sandals Parties' right to use, copy, or distribute the Works, now that the parties' working relationship has been terminated.

**COUNT I - DECLARATORY JUDGMENT AND SUPPLEMENTAL RELIEF**

30. HH Advertising hereby incorporates by reference and realleges paragraphs 1 through 29 as though fully set forth herein, and further alleges the following:

31. As alleged herein, HH Advertising created and owns the Works, and the copyright interests therein, which are protected by federal copyright registrations.

32. HH Advertising owns the copyright interests in the Works it created in connection with its advertising services for the Sandals Parties, and HH Advertising has demanded that the Sandals Parties immediately and permanently cease and desist all use of the Works.

33. The Sandals Parties expressly refused to comply with HH Advertising's demands.

34. By their own admission, the Sandals Parties intend to continue to utilize the Works that HH Advertising created in connection with their advertising and marketing for the Sandals Parties.

35. Accordingly, HH Advertising seeks an adjudication of its rights in the copyrighted Works.

36. Specifically, HH Advertising seeks a determination that HH Advertising owns all copyright interests in the Works.

37. Until the ownership of the copyright interests in the Works is adjudicated, the ownership of the copyright interest in the Works, including the right to utilize, copy, and distribute the Works remains disputed.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff, HH ADVERTISING, INC, respectfully requests the Court grant judgment in favor of Plaintiff and enter a declaratory judgment against Defendants, UNIQUE VACATIONS, INC, UNIQUE TRAVEL CORPORATION, and SANDALS RESORTS INTERNATIONAL, LTD.:

(a) Declaring HH Advertising is the owner of the Works, including all rights, title and interest thereto, that HH Advertising developed and created;

(b) Declaring that HH Advertising's ownership of the Works, and the copyright interests therein, are protected by HH Advertising's federal copyright registrations;

(c) Enjoining the Sandals Parties, its officers, agents, subsidiaries, partners, employees, and attorneys from using, copying, or distributing the Works without the consent of HH Advertising; and

(d) Granting all other and further relief in favor of HH Advertising that the Court deems just and proper.

Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**

By: */s/ Alan J. Kluger*
Alan Kluger, Esq.
Florida Bar No. 200379
akluger@klugerkaplan.com
Terri Ellen Tuchman Meyers, Esq.
Florida Bar No. 881279
tmeyers@klugerkaplan.com
Citigroup Center, 27th Floor
201 S. Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 379-9000