```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                           MIAMI DIVISION
                    CASE NO. 23-cv-24073-CMA


 HH ADVERTISING, INC.,              Miami, Florida

         Plaintiff,                 December 07, 2023

    vs.                             10:29 a.m. to 10:41 a.m.

 UNIQUE VACATIONS, INC.,            Telephonic Motion
 et al.,
                                    (Pages 1 to 12)
         Defendants.
_____
                         MOTION HEARING
           BEFORE THE HONORABLE CECILIA M. ALTONAGA,
              CHIEF UNITED STATES DISTRICT JUDGE

 APPEARANCES:

  FOR THE PLAINTIFF:     ALAN KLUGER, ESQ.
                         MICHAEL LANDEN, ESQ.
                         TERRI MEYERS, ESQ.
                         Kluger Katzen Silverman Katzen & Levine
                         201 South Biscayne Boulevard, Floor 27
                         Miami, FL 33131-4332
                         (305) 379-9000
                         Akluger@klugerkaplan.com
                         Mlanden@klugerkaplan.com
                         Tmeyers@klugerkaplan.com

  FOR THE DEFENDANTS:    IAN BETTS, ESQ.
                         MICHAEL JOHNSON, ESQ.
                         Norvell IP
                         1776 Ash Street
                         Northfield, IL 60093
                         (773) 790-4655
                         (773) 790-4856
                         Ibetts@norvellip.com
                         Mjohnson@norvellip.com

                         ALEJANDRO BRITO, ESQ.
                         2121 Ponce de Leon Boulevard, Suite 650
                         Coral Gables, FL 33134
                         (305) 520-7633
                         Abrito@britopllc.com
```

```
 1   APPEARANCES CONTINUED:

 2    FOR THE DEFENDANTS:      JESSICA SABA, ESQ.
                               Latham & Watkins, LLP
 3                             555 Eleventh Street, NW, Suite 1000
                               Washington, DC, 20004
 4                             (202) 637-1029
                               Jessica.saba@lw.com
 5
                               DAYRON SILVERIO, ESQ.
 6                             Podhurst Orseck, PA
                               1 Southeast Third Avenue, Suite 2300
 7                             Miami, FL 33131-1716
                               (305) 358-2800
 8                             Dsilverio@podhurst.com

 9                             MATTHEW WALCH, ESQ.
                               Latham & Watkins, LLP
10                             330 North Wabash Avenue, Suite 2800
                               Chicago, IL 60611
11                             (312) 876-7603
                               Matthew.walch@lw.com
12
      REPORTED BY:             STEPHANIE A. McCARN, RPR
13                             Official Court Reporter
                               400 North Miami Avenue
14                             Thirteenth Floor
                               Miami, Florida 33128
15                             (305) 523-5518
                               Stephanie_McCarn@flsd.uscourts.gov
16

17

18

19

20

21

22

23

24

25
```

<pre>
                              I N D E X

                              WITNESSES


WITNESSES FOR THE PLAINTIFF:                                   Page
                                                                --



WITNESSES FOR THE DEFENDANTS:                                  Page
                                                                --


                              EXHIBITS


EXHIBITS IN EVIDENCE                        IDENTIFIED    ADMITTED

                                                --           --




                            MISCELLANEOUS

                                                               Page
Proceedings.........................................             4
Court Reporter's Certificate........................            12
</pre>

1     (The following proceedings were held at 10:29 a.m.)

2          THE COURT:  Well, good morning, everyone, and thank

3   you for appearing on short notice.  I think you all know the

4   purpose for this hearing this morning, and that's to ascertain

5   whether the Plaintiff requires any jurisdictional discovery in

6   order to respond to the motion that was filed.

7          Well, let me hear first, if I could, from Plaintiff's

8   counsel.  And I would ask the lawyers to please state your

9   names before you speak so I know who the speaker is and the

10  court reporter knows as well.

11         MR. KLUGER:  Good morning.  May it please the Court.

12  This is Alan Kluger.  I have with me from Kluger Kaplan, as

13  well my partners Terri Meyers and Michael Landen.  I will be

14  speaking on behalf of HH Advertising, the Plaintiff.

15         And yes, Your Honor, in response to your question.  We

16  would like to take limited discovery for, you know,

17  jurisdictional issues, and we're familiar with your position on

18  these issues.

19         THE COURT:  All right.  So I take it that everyone's

20  familiar with my practice, which is to deny without prejudice

21  the motion and discuss with you all your schedule for

22  jurisdictional discovery and the refiling of the motion with

23  the benefit of that discovery.

24         So, Mr. Kluger, why don't you tell me how much time

25  you think you might need.

1         MR. KLUGER:  So, Your Honor, I have identified five
2    people by name, by their conduct and which of the allegations
3    that we've made in paragraphs -- I think it's 7A all the way
4    through all the allegations we've made as to specific and --
5    and general jurisdiction.
6         And the only issue is, I have to find out --
7    obviously, we don't control them.  Some are former employees.
8    I can serve them with a subpoena.  I don't know if they're
9    going to produce these people voluntarily.  And the Christmas
10   holidays.
11        So I -- if Your Honor -- I mean, I thought this is why
12   we would be getting together.  I will work on this immediately
13   and get back to you after conferring with counsel as to which
14   ones they will be producing.  And the sooner the better.  I
15   just don't know, with the holidays, availability.  Once I get
16   dates and I work with counsel in doing that, I can tell the
17   Court exactly how we will work quickly.
18        THE COURT:  Are you anticipating any paper discovery,
19   any request for production or interrogatories, or just simply
20   depositions, Mr. Kluger?
21        MR. KLUGER:  We're going to have a round two Sandals
22   of paper discovery that relates to them operating a business,
23   having agents in South Florida marking the casing packages, the
24   issues related to their interactive booking website, their call
25   center in the United States and the contracts and agreements

1  with our client, which is located in Miami, and proof of
2  meetings that happened in Miami.
3          So that's been -- I did it quickly.  But essentially,
4  I will put that out in whatever schedule the Court requires,
5  but we're going to want that information.
6          THE COURT:  All right.  Thank you.
7          Why don't I hear now from counsel for Sandals Resorts.
8  Again, please state your name before you speak so we know who
9  the speaker is.
10         MR. SILVERIO:  Good morning, Your Honor.  This is
11 Dayron Silverio with Podhurst Orseck for Defendant Sandals
12 Resorts, and with me is Matthew Walch and Jessica Saba of
13 Latham & Watkins also representing Defendant Sandals.
14         We -- we do not have an objection to personal
15 jurisdiction discovery, per se, and I think it's best that we
16 work with opposing counsel to propose a scheduling report for
17 this court to consider.
18         Of course, I guess our objection is mostly limited to
19 the scope itself, and we'd have to see what it is Plaintiffs
20 are proposing before we could have those objections.  But the
21 nature of jurisdictional discovery is not an issue.  We -- we
22 understand it takes time.
23         We're familiar with this Court's practice.  In the
24 past, Your Honor has asked us to submit a report and then Your
25 Honor has adopted it or modified it as you see fit, and that's

1    not an issue in this case for us.
2            THE COURT:  What this does is obviously pose a problem
3    with the November 28th scheduling order, so I will be setting
4    aside that scheduling order.  It no longer works if one of the
5    Defendants is challenging personal jurisdiction and the focus
6    is jurisdictional discovery, and there would be no sense in
7    holding the Codefendant to the dates and deadlines in that
8    scheduling order.  So I'll set aside that.
9            I'll require that the parties submit by tomorrow, if
10   you could, a proposed schedule to govern the taking of
11   jurisdictional discovery, understanding that this is going to
12   hold up the entire case.
13           I would be interested in seeing a shortened time
14   period for objections to interrogatories and request for
15   productions so that we can take those before the magistrate
16   judge and have them resolved.
17           Whatever schedule you propose for the taking of
18   jurisdictional discovery, I will hold you all to it.  I don't
19   want to have us, you know, revisiting the schedule and moving
20   it over time.
21           And so I'll also deny without prejudice the motion to
22   dismiss.  I think it's best to allow all parties to have the
23   benefit of that jurisdictional discovery when you brief and
24   address the issues on the motion to dismiss as opposed to
25   limiting the Defendant to addressing the discovery in a reply

```
 1   memorandum.
 2           Are there any questions?
 3           MR. SILVERIO:  Your Honor, Dayron Silverio for
 4   Defendant Sandal Resorts.  No questions on our end.
 5           THE COURT:  Thank you.
 6           MR. KLUGER:  And none for the Plaintiff, Your Honor.
 7   We will -- after we're done with the Court, we will get
 8   together with counsel and set a meeting and confer so we can
 9   get the Court a stipulation.
10           THE COURT:  Very good.
11           Anything else from anyone?  I know there are several
12   lawyers on the call.
13           MR. SILVERIO:  Your Honor, again, this is Dayron
14   Silverio for Defendant Sandals Resorts.  And this is contingent
15   on the discovery we see propounded by Plaintiffs, but the one
16   issue I do want to flag for the Court is the -- we anticipate
17   we'll be moving for a protective order in kind just for
18   confidentiality purposes.  We would have the Court hear that.
19           THE COURT:  Sure.  When you submit -- when you submit
20   your proposed protective order, please be sure to email it
21   separately to us as well.
22           MR. KLUGER:  And, Your Honor, protective order means
23   attorney --
24           THE COURT:  Is this Mr. Kluger?
25           MR. KLUGER:  I'm sorry.  I should've identified
```

1  myself.  I apologize.  I thought my New York accent, as heavy
2  as it is --
3             THE COURT:  It gives you away, but there might be
4  other New Yorkers on the call, so I don't know.
5             MR. KLUGER:  So, Your Honor, we're not going to have
6  an objection so long as everybody on our team that needs it has
7  access to it.  We will work with them on the meet and confer
8  and get it to the Court.
9             THE COURT:  Excellent.  Okay.
10             Well, again, I thank everyone for appearing on short
11  notice, and I'll expect the proposed schedule sometime
12  tomorrow.  And you all have a good day.  That concludes our --
13             MR. WALCH:  Your Honor, before we leave, I have one
14  more comment.  This is Matthew Walch.  I just want to identify
15  the Court one other issue.
16             And I don't know if the Court's aware of this or not,
17  but there is a -- there is a related case which has been
18  identified, which is Case 23-24556, and the response to that
19  case is going to be filed shortly.  So it's another motion to
20  dismiss filed by the same party because it's involving all --
21  all four of the same parties are in that case as well.  So I
22  just want to identify that issue for you.
23             THE COURT:  Are the parties anticipating seeking to
24  transfer the case to me or no?
25             MR. WALCH:  It certainly seems, from our perspective,

1  to be the most efficient approach, but we haven't had a
2  discussion with opposing counsel about that yet.
3          THE COURT:  This case that I have is the
4  lower-numbered case, and it would be up to Judge Moore to reach
5  out to me to then transfer the case.
6          If that should happen -- if that should happen, then
7  you all know what I will be doing, I will be denying it without
8  prejudice and -- and doing the same thing I just did in this
9  case.  And I would probably do that, then, without the need for
10 another hearing unless there is anything you need.  Again,
11 that's only if I receive that case.
12         MR. KLUGER:  So Your Honor, there is an issue that I
13 want to flag for the Court.
14         THE COURT:  Mr. Kluger, is that you?
15         MR. KLUGER:  Alan Kluger speaking, yes, Your Honor, on
16 behalf of the Plaintiff.
17         THE COURT:  Thank you.
18         MR. KLUGER:  The other issue I want to flag is we
19 intend to file a motion to remand on the ground that it was
20 improperly removed.  So if that is -- if that briefing schedule
21 goes forward, then they're not going to be filing their
22 motions, and so their motions are sort of going to be delayed.
23         I imagine -- I'm thinking -- I -- I don't -- I have to
24 think it a little deeper whether there's going to be any
25 additional discovery needed with respect to that motion.  I

```
 1    don't know what it's going to say.  I only prepared for this
 2    call based on what they filed in the case before you, Your
 3    Honor.  But we intend to file a motion, remand it against,
 4    granted it's moot.
 5              THE COURT:  All right.  Very good.
 6              I think at least as to our case, we'll move forward in
 7    the manner indicated, and you will have my order on the length
 8    of jurisdictional discovery, the schedule, sometime before the
 9    close of business tomorrow -- and the scope of it, of course.
10              Mr. Kluger, if you all still don't have an agreement,
11    that's a matter you pick up with the magistrate judge.
12              MR. WALCH:  Yes, Your Honor.  Thank you.
13              THE COURT:  Okay.  Thank you very much.
14              MR. KLUGER:  Have a nice day, Your Honor.
15              THE COURT:  You too.  Bye-bye.
16              MR. WALCH:  Thank you, Your Honor.
17         (The proceedings adjourned at 10:41 a.m.)
18
19
20
21
22
23
24
25
```

# C E R T I F I C A T E

I hereby certify that the foregoing is an accurate transcription of the proceedings in the above-entitled matter.

_01/05/2023_  _____
  DATE          STEPHANIE A. McCARN, RPR
                Official United States Court Reporter
                400 North Miami Avenue, Thirteenth Floor
                Miami, Florida 33128
                (305) 523-5518