UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-24073-ALTONAGA/Damian

HH ADVERTISING, INC.,

    Plaintiff,

v.

UNIQUE VACATIONS, INC.,
UNIQUE TRAVEL
CORPORATION, and
SANDALS RESORTS
INTERNATIONAL, LTD.

    Defendants.
_____/

**PLAINTIFF'S DISCOVERY MEMORANDUM ON DEFENDANT SANDALS RESORTS INTERNATIONAL'S AMENDED RESPONSES AND OBJECTIONS**

Plaintiff, HH ADVERTISING, INC. ("**HH Advertising**" or "**Plaintiff**"), submits this Discovery Memorandum relating to Defendant Sandals Resorts International, Ltd.'s ("**Sandals**") Amended Responses and Objections to Plaintiff's Jurisdictional Requests for Production and Interrogatories, as required by the Court's Order Following Discovery Hearing [ECF No. 72]

i

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., 201 S. Biscayne Blvd., Ste. 2700, Miami, FL 33131, Tel.: (305) 379-9000
www.klugerkaplan.com

Case No. 1:23-cv-24073-ALTONAGA/Damian

## I. INTRODUCTION

Despite this Court's order finding Sandals' objections deficient and requiring Sandals to respond to Plaintiff's jurisdictional discovery requests, Sandals' amended objections and responses still include the same type of meritless objections and inappropriately qualified responses which mischaracterize and narrow Plaintiff's requests. Sandals' objections fail to comply with this Court's prior ruling and Order, and are delaying discovery. For example, Sandals objects to producing, and fails to produce, requested documents within the possession, custody, or control of Sandals' agents, subsidiaries, or affiliates, and are contrary to established law giving Plaintiff the right to such documents. Therefore, this Court should again enter an order overruling Defendant's baseless objections and directing Defendant to provide complete, unequivocal, responses to Plaintiff's jurisdictional discovery requests.

## II. BACKGROUND

On December 12, 2023, Plaintiff served Sandals with its Jurisdictional Request for Production (the "**RFP**") and Jurisdictional Interrogatories (collectively, "**Discovery Requests**"), attached hereto as Exhibits "A" and "B", respectively. Sandals served Plaintiff with its initial responses and objections. The Court reviewed those objections and responses and ordered Sandals to provide amended responses to Plaintiff's Discovery Requests and produce responsive documents in accordance with the Court's rulings on the record (the "**Order**"). [ECF No. 72] at p. 4. Sandals provided its Amended Responses and Objections to Plaintiff's Request for Production Response and Objections to Plaintiff's Jurisdictional Interrogatories (collectively "**Objections**"), attached hereto as Exhibits "C" and "D", respectively. To date, Sandals has produced ***less than 200 total documents***, and has failed to produce documents dating back to 2013 despite the Court's ruling requiring such production. Sandals' Objections appear to ignore this Court's prior Order

and ruling. The Objections are without merit and inconsistent with the definitions set forth in the Discovery Requests.[1] Sandals' objections should be overruled, and it should be ordered to comply with this Court's Order and provide complete responses.

### III.  MEMORANDUM OF LAW

"Agency relationships may be relevant to the existence of specific jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117 (2014)); *see also,* Fla. Stat. § 48.193(1)(a) ("A person, whether or not a citizen or resident of this state, who personally **or through an agent** does any of the acts enumerated in this subsection thereby submits himself or herself…to the jurisdiction of the courts of this state...") (emphasis added). Indeed, Florida District Courts have extended jurisdictional discovery based on the agency relationship theory. *See Funez v. CMI Leisure Mgmt., Inc.*, 482 F. Supp. 3d 1252, 1255-56 (S.D. Fla. 2020) (holding that the plaintiff was entitled to discovery of information relating to whether "CMI **acted in Florida as ISE's agent** in operating, managing, and maintaining" one of ISE's ships because those facts could establish specific jurisdiction, over ISE.) (emphasis added); *Armadillo Distribution Enterprises, Inc. v. Clavia DMI AB*, 8:09-CV-466-T-30MAP, 2009 WL 3584344 (M.D. Fla. Oct. 28, 2009) (holding that although employees of the foreign company made only four trips to the forum state, its influence over the marketing and sale of its products and its close relationship with a resident corporation for 13 years, viewed collectively, rose to the level of business activity that supports specific jurisdiction.).

### A. Sandals' Objections to Producing Documents for its Agents, Representatives and Affiliates are Without Merit

The Eleventh Circuit broadly construes "control" for purposes of discovery as "the legal right to obtain the documents requested upon demand." *SeaRock v. Stripling*, 736 F.2d 650, 653–

---

[1] For just two examples of Sandals' meritless objections, among others, *see* Sandals' Objections to Plaintiff's RFPs 1 and 2. Exhibit "C" at pp. 3-5.

2

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., 201 S. Biscayne Blvd., Ste. 2700, Miami, FL 33131, Tel.: (305) 379-9000
www.klugerkaplan.com

54 (11th Cir. 1984). The Eleventh Circuit extended *SeaRock*'s holding, finding "the legal right to obtain documents requested upon demand may be established where ***affiliated corporate entities***…have actually shared responsive information and documents in the normal course of their business dealings." *Sergeeva v. Tripleton Int'l Ltd.* 834 F.3d 1194, 1201 (11th Cir. 2016) (overruling objection to third party subpoena requesting documents in its "possession, custody, or control, ***regardless of whether such documents or materials are possessed directly by*** [Trident Atlanta] or by any of [Trident Atlanta's] agents, representatives, attorneys, or their employees or investigators," finding that Trident Atlanta had 'control' over responsive documents in the physical possession or custody of Trident Bahamas.").

In *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 470–71 (S.D. Fla. 2011), this Court articulated three factors courts should consider in determining whether a party has control over documents and information in the possession of nonparty affiliates: "(1) the corporate structure of the party and the nonparties; (2) the nonparties' connection to the transaction at issue in the litigation; and (3) the degree to which the nonparties benefit from the outcome of the litigation." *Costa*, 277 F.R.D. at 468 (finding that domestic owner of Bahamian resort and its nonparty Bahamian affiliates shared commonality of corporate structure and operations and interacted on matters of financial and operational concern sufficient to warrant production of all responsive documents in affiliates' possession, custody, or control. In *Costa*, this Court extended the definition of control, finding "control" does not require legal ownership or actual physical possession of the documents but only requires that the party has the right, authority, or practical ability to obtain the materials sought on demand. *Id*.

This Court has already ruled that Sandals is required to produce the requested documents, including from its parent, agents, representatives, or affiliates. *See* Hrg. Trs., Jan. 17, 2024, at p.

3

46:4-7, attached hereto as Exhibit "E" (The Court: "Right. They're not going to not produce documents just because it was only a 2000 document. If it is in their possession, custody, and control, they're going to produce it."); *see also,* [ECF 72] at pp. 3-4 ("Sandals must produce documents and information that are within its possession, custody, or control even if those are documents and information originated or derived from its parent entity(ies)").

Moreover, Sandals is required to produce documents in its possession, custody and control, including its agents/representatives/affiliates, such as SRI 2000 and co-Defendants, as defined by *Sergeeva*, *SeaRock*, and *Costa*. Indeed, Sandals itself claimed ownership of the intellectual property at issue, and further asserts SRI 2000's and co-Defendants' role with respect to the advertising and marketing services performed by Plaintiff. *See* Letter from Sandals, Sept. 27, 2023, attached hereto as Exhibit "F"). Further, if SRI 2000 or co-Defendants are found to be the owner of the Works at issue, they stand to benefit substantially from the intellectual property developed over three decades – thus, satisfying the second and third factors of the *Costa* test. For these reasons, the Court should overrule Sandals' objections.

**B. Employee Personal and Other Entity Related Travels Are Relevant.**

Sandals' objections to producing documents relating to its employee's travel are without merit. Employee travels and location are important to establish personal jurisdiction. *See Sanchez v. AT&T Corp.*, 98-2123-CIV-JORDAN, 1999 WL 1427692, at *8 (S.D. Fla. Nov. 2, 1999) (finding that "the frequency with which Alestra employees travel to the United States and communicate with AT&T in Florida and that one of its directors works in Miami for AT&T" was important in determining that "little if any burden is imposed on Alestra" if this forum exercised jurisdiction); *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380, 386 (9th Cir. 1990) (specific jurisdiction over corporation was found where corporation advertised, solicited business, and sold tickets through

travel agents in forum, and sent brochures to forum); *Rainbow Travel Serv., Inc. v. Hilton Hotels Corp.*, 896 F.2d 1233, 1238 (10th Cir. 1990) (contacts sufficient to meet due process requirements when hotel solicited business in forum state, carried out negotiations there, and sent contracts there for execution); *Neiman v. Rudolf Wolff & Co.*, 619 F.2d 1189, 1193 (7th Cir.) (finding a sufficient basis for long-arm jurisdiction where a foreign company's employee came to forum for a meeting that constituted bulk of negotiations and led to formation of contract.) Accordingly, the nature and extent of Sandal's employee travels are necessary in determining whether this Court may exercise jurisdiction over Sandals, and Sandals' objections on this basis should be overruled.

### C. Payments to Plaintiff and Invoices are Relevant and Should be Produced.

Sandals objects to producing invoices and documents evidencing payments to Plaintiff on the basis that those records are in paper form in warehouses and searching for these documents could take weeks. This objection fails. First, Sandals has been on notice these documents would need to be produced since at least December 2023 when this Court granted jurisdictional discovery and Plaintiff served Sandals with the same. Two months should have been sufficient for Sandals to initiate and substantially progress in any reasonable document retrieval effort. The assertion that searching the records could take weeks does not hold as a valid excuse, given the ample notice and the time already elapsed. Second, it is implausible that a company of Sandals' scale and operational complexity would not possess electronic versions of invoices, payments, and communications with Plaintiff.

For all of the foregoing reasons, Plaintiff, HH ADVERTISING, INC., respectfully requests that this Court hold a hearing on Defendant Sandals' Objections to Plaintiff's Discovery Requests, enter an order overruling Sandals Objections and compelling Sandals to respond to Plaintiff's Discovery Requests, and grant such other and further relief as just and proper.

5

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., 201 S. Biscayne Blvd., Ste. 2700, Miami, FL 33131, Tel.: (305) 379-9000
www.klugerkaplan.com

Case No. 1:23-cv-24073-ALTONAGA/Damian

## **CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L. R. 7.1(a)(3)**

Pursuant to Local Rule 7.1(a)(3), we hereby certify that undersigned counsel for Plaintiff attempted to confer with Defendant Sandals' counsel on February 14, 2024 in a good faith effort to resolve the issues raised herein, but the parties were unable to resolve the issues as of the time of filing this Memorandum.

Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE, P.L.**
*Counsel for Plaintiff, HH ADVERTISING, INC.*
Citigroup Center, 27th Floor
201 S. Biscayne Blvd.
Miami, Florida 33131
Tel.: (305) 379-9000

By: */s/ Terri Ellen Tuchman Meyers*
**Alan J. Kluger, Esq.**
Florida Bar No. 200379
akluger@klugerkaplan.com
**Terri Ellen Tuchman Meyers, Esq.**
Florida Bar No. 881279
tmeyers@klugerkaplan.com
**Michael T. Landen, Esq.**
Florida Bar No. 161144
mlanden@klugerkaplan.com
**Gabrielle C. Craft**
Florida Bar No. 102048
gcraft@klugerkaplan.com
**Danella C. Williams**
Fla. Bar No. 1002672
dwilliams@klugerkaplan.com