**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-24073-CIV-ALTONAGA/Damian**

HH ADVERTISING, INC.,

    *Plaintiff*,

v.

SANDALS RESORTS INTERNATIONAL,
LTD., *et al.*,

    *Defendants.*

_____/

**DEFENDANT SANDALS RESORTS INTERNATIONAL LIMITED'S**
**DISCOVERY MEMORANDUM REGARDING ECF NO. 95**

PODHURST ORSECK, P.A.
Peter Prieto (FBN 501492)
pprieto@podhurst.com
Matthew P. Weinshall (FBN 84783)
mweinshall@podhurst.com
Dayron Silverio (FBN 112174)
dsilverio@podhurst.com
One S.E. 3rd Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 358-2800
Facsimile: (305) 358-2382

LATHAM & WATKINS LLP
Matthew W. Walch (*pro hac vice*)
matthew.walch@lw.com
330 North Wabash Avenue, Suite 1000
Chicago, IL 60611
Telephone: (312) 876-7700

Jessica Saba (*pro hac vice*)
Jessica.Saba@lw.com
555 11th St. NW, Suite 1000,
Washington, DC 20004
Telephone: (202) 637-2200

**Counsel for Defendant Sandals Resorts**
**International Limited**

**INTRODUCTION**

This Court recently quashed HH Advertising Inc.'s ("HH") subpoena to depose Tammy Gonzalez on the basis of the Apex doctrine. ECF No. 95 at 10–12. In what could be mistaken for a factual finding, the Court's Order following the February 15 discovery hearing included the statement, "[Ms. Gonzalez] was with SRI Limited's agent [referring to UVI]." *Id.* at 11. The Court provided no rationale or explanation for that statement, which makes sense. The agency comment, as SRI Limited sees it, is dicta. Determining whether UVI was, in fact, SRI Limited's agent was not necessary for the observation the Court was making—that, due to her lengthy tenure at UVI, Ms. Gonzalez "no doubt possesses relevant information about the relationship between Mr. Butch Stewart and Plaintiff." *Id.* That much can be true regardless of whether UVI was SRI Limited's agent in the legal sense.

To dispel any doubt and avoid HH's (or any future litigant's) citation to dicta as a finding, SRI Limited respectfully requests clarification from this Court that the comment was not a factual finding of agency. Alternatively, if SRI Limited is mistaken and the comment *was* meant as a finding of fact, SRI Limited moves for reconsideration because the finding is clearly erroneous in light of controlling precedent and the record currently before this Court. Moreover, allowing such a finding to stand constitutes manifest injustice. The issue was not briefed, February 15 was not an evidentiary hearing, and the Court should not adjudicate questions of fact reserved for the district court.

**ARGUMENT**

I. **THE ORDER'S STATEMENT WAS DICTA.**

"Dictum is a term that has been variously defined as a statement that neither constitutes the holding of a case, nor arises from a part of the opinion that is necessary to the holding of the case." *In re BFW Liquidation, LLC*, 899 F.3d 1178, 1186 (11th Cir. 2018). "If a statement is not necessary to the result the Court reached in the case, then that statement is dictum." *Id.* (quotation marks omitted).

1

The Order's statement, "[t]o be sure, [Ms. Gonzalez] was with SRI Limited's agent," was not necessary for this Court to quash the subpoena under the Apex doctrine. The Court's apparent point was that HH's intended deposition of Ms. Gonzalez sought relevant information because, during her tenure with UVI, Ms. Gonzalez would have witnessed interactions between Mr. Butch Stewart and HH. Stated differently, the pertinent question—Did Ms. Gonzalez have relevant information about HH and Mr. Butch Stewart?—could be answered by the fact that, "[t]o be sure, [Ms. Gonzalez] was with [UVI] for a long time," during which time she would have acquired personal knowledge of the interactions. That is true regardless of UVI's legal status as SRI Limited's agent. Thus, determining whether the interactions between Mr. Butch Stewart and HH were interactions on behalf of SRI Limited (as HH claims) or on behalf of SRI Limited's upstream parent, Sandals Resorts International 2000, Inc. (as SRI Limited claims), was not necessary to decide whether to order Ms. Gonzalez's deposition to proceed. Indeed, even assuming Ms. Gonzalez witnessed interactions between Mr. Butch Stewart (on behalf of SRI Limited) and HH, such interactions do not decide the factual question of whether UVI was SRI Limited's agent. That decision is reserved for the district court when adjudicating the motion to dismiss, and it requires record evidence.

What's more, the Court had no occasion to determine UVI and SRI Limited's agency relationship. SRI Limited did not brief the issue, and HH's combined responsive memorandum did *not* argue actual agency. Rather, HH argued that UVI was SRI Limited's "apparent agent" because SRI Limited allegedly "directly markets its resorts and books reservations through UVI and has used UVI to contract with Plaintiff on Sandals' behalf." ECF No. 86 at 3. Without more, that argument cannot substantiate the statement in the Order. First, SRI Limited was not given an opportunity to respond. Second, HH's argument, *even accepted as true*, does not state the elements of apparent agency under Florida law, as set forth below. Third, no evidence was presented to the Court to establish what is a "question of fact." *McFeely v. Prudential Healthcare Plan Inc.*, 843 So. 2d 1023, 1024 (Fla. 1st DCA

2

2003); *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010) ("[R]egardless of what a court says in its opinion, the decision can hold nothing beyond the facts of that case.").

Accordingly, SRI Limited respectfully requests that the Court clarify that its statement in the Order was not a finding of fact or, preferably, issue an amended order removing the statement altogether.

**II.   IF NOT DICTA, THE STATEMENT IS A FINDING OF FACT THAT IS CLEARLY ERRONEOUS.**

If the comment was meant as a finding of fact, this Court should reconsider its decision because the statement is clearly erroneous. HH bears the burden of proof to establish an agency relationship, which is a question of fact under Florida law. *See Villazon v. Prudential Health Care Plan, Inc.*, 843 So. 2d 842, 853 (Fla. 2003) ("The existence of an agency relationship is normally one for the trier of fact to decide."); *Johnson v. Unique Vacations, Inc.*, 498 F. App'x 892, 895–96 (11th Cir. 2012). An actual agency relationship requires: "(1) the principal to acknowledge that the agent will act for it; (2) the agent to manifest an acceptance of the undertaking; and (3) control by the principal over the actions of the agent." *Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1077 (11th Cir. 2003). HH did not argue actual agency and did not present evidence to the Court on February 15, and the "mere allegation of agency is insufficient to create a principal/agent relationship." *Johnson*, 498 F. App'x at 896 (citing *Vermeulen v. Worldwide Holidays, Inc.*, 922 So. 2d 271, 274–75 (Fla. 3d DCA 2006)).

So far, the sole record evidence on this point is the sworn declaration of Gebhard Rainer, CEO of SRI Limited, which demonstrates that SRI Limited does not acknowledge UVI as its agent, that SRI Limited does not proclaim to have any control over UVI, and that SRI Limited has no contractual relationship with UVI. *See* ECF No. 42-1; *see also Whetstone*, 351 F.3d at 1077 (holding no agency relationship existed between companies *A* and *B* where "there was no acknowledgement" that *A* acted on behalf of *B*, and no evidence that the employees of *A* were "actually employees" of *B*, and, critically, that *B* controlled *A* during the relevant interaction). HH has not presented "affirmative

3

evidence of ownership, operation or control" by SRI Limited over UVI necessary to establish an actual agency relationship, and it certainly did not do so on February 15. *Vermeulen*, 922 So. 2d at 274 (rejecting plaintiff's theory that company *A* was company *B*'s agent; observing plaintiff presented no evidence that *B* "had the right to control" *A*; instead, record reflected *B* "did not intend for [*A*] to be its agent"; *A*'s pricing was set by *A*, not *B*; *B* did not pay *A* "a wage or split profits with" *A*; and *A* and *B* maintained separate offices, employees, and equipment).

Likewise, HH did not present evidence on February 15 that UVI is SRI Limited's apparent agent. Argument from counsel does not suffice. In Florida, "[i]n order to apply the doctrine of apparent authority it must be demonstrated that the principal held the agent out to the public as being possessed of the requisite authority and that the third person [k]new of this holding out and relied thereon to that third person's detriment." *H. S. A., Inc. v. Harris-In-Hollywood, Inc.*, 285 So. 2d 690, 693 (Fla. 4th DCA 1973); *see also Carroll v. Diamond Resorts Mgmt. Inc.*, 2015 WL 11202373, at *5 (S.D. Fla. Oct. 19, 2015) (collecting Florida cases and observing that "merely providing logos, trademarks, advertising or contractual franchise type support activities is insufficient"). HH has not furnished any evidence that SRI Limited specifically, as opposed to Mr. Butch Stewart acting on behalf of some other Sandals entity, created the appearance that UVI was SRI Limited's agent, that HH's reliance on that representation was reasonable, and that HH relied on that representation to its detriment. *See Villazon*, 843 So. 2d at 855 (explaining apparent authority exists "only where the *principal* creates the appearance of an agency relationship"). Regarding that final element, HH could not establish that it reasonably relied, *to its detriment*, on SRI Limited's purported representation when SRI Limited isn't even claiming copyright over the works at issue. SRI Limited is *not* contesting HH's copyright interest—other entities are.

4

**III.   RECONSIDERATION IS NECESSARY TO PREVENT MANIFEST INJUSTICE.**

This Court should also reconsider its Order to prevent manifest injustice. First, agency is a question of fact for the trier of fact. To the extent agency affects the personal jurisdiction question, the issue is for the district court, which will decide the motion to dismiss. *See Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) ("When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, . . . . If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question."). A discovery order that definitively decides the agency issue between UVI and SRI Limited is beyond the authority delegated to this Court by the district court. *See* ECF No. 75; ECF No. 39. Second, this Court's Order did not have the benefit of full briefing and an evidentiary presentation on agency. Should the Order's statement decide the agency issue, SRI Limited would suffer adverse consequences without the opportunity to be heard. Third, because Mr. Rainer's sworn declaration at minimum creates an issue of fact on the agency question, this Court should not make a factual determination without holding an evidentiary hearing where it weighs Mr. Rainer's credibility and considers the totality of the evidence. The record evidence currently supports SRI Limited's position. But even if it didn't, the lack of record evidence establishing agency could not decide the issue in HH's favor, because HH bears the burden of proof. For all those reasons, failure to reconsider the Order (assuming the statement in question was not dicta) constitutes manifest injustice.

## CONCLUSION

This Court should clarify ECF No. 95 or, alternatively, reconsider the conclusion that UVI was SRI Limited's agent.

**CERTIFICATE OF GOOD FAITH CONFERENCE PURSUANT TO LOCAL RULE 7.1**

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), counsel for SRI Limited certifies that SRI Limited raised the issue herein with counsel for HH on February 22, 2024; that the parties conferred in a good faith effort to resolve the issue on February 23, 2024; and that the parties have been unable to resolve the issue.

Respectfully submitted,

Date: February 23, 2024

By: /s/ *Dayron Silverio*
PODHURST ORSECK, P.A.
Peter Prieto (FBN 501492)
pprieto@podhurst.com
Matthew P. Weinshall (FBN 84783)
mweinshall@podhurst.com
Dayron Silverio (FBN 112174)
dsilverio@podhurst.com
One S.E. 3rd Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 358-2800
Facsimile: (305) 358-2382

LATHAM & WATKINS LLP
Matthew W. Walch (*pro hac vice*)
matthew.walch@lw.com
330 North Wabash Avenue, Suite 1000
Chicago, IL 60611
Telephone: (312) 876-7700

Jessica Saba (*pro hac vice)*
Jessica.Saba@lw.com
555 11th St. NW, Suite 1000,
Washington, DC 20004
Telephone: (202) 637-2200

**Counsel for Defendant Sandals Resorts International Limited**

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on February 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

                  By: /s/ *Dayron Silverio*
                     Dayron Silverio