UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24073-CIV-ALTONAGA/DAMIAN

**HH ADVERTISING, INC.**,

      Plaintiff,

v.

**UNIQUE VACATIONS, INC.**, *et al.*,

      Defendants.

_____/

## ORDER FOLLOWING DISCOVERY HEARING

**THIS CAUSE** is before the Court following a Discovery Hearing held February 29,

2024, at which the parties, through counsel, appeared before the undersigned to address the

following discovery memoranda and corresponding *ore tenus* motions:

- Plaintiff's Discovery Memorandum on *Defendant Sandals Resorts International's Amended Responses and Objections*, filed February 15, 2024 [ECF No. 89], and corresponding *Ore Tenus* Motion to Compel Better Responses [ECF No. 110];

- Defendant Sandals Resorts International Limited's ("SRI Limited") Discovery Memorandum *Regarding the Court's February 20, 2024 Omnibus Order [ECF No. 95]*, filed February 23, 2024 [ECF No. 99], and corresponding *Ore Tenus* Motion for Clarification [ECF No. 111];

- Defendant SRI Limited's Discovery Memorandum in *Support of Its Request to Enforce the Parties' Agreement Regarding Remote Depositions*, filed February 26, 2024 [ECF No. 100], and corresponding *Ore Tenus* Motion for Leave to Allow Remote Deposition of Adam Stewart [ECF No. 112]; and

- Defendants Unique Vacations, Inc. ("UVI") and Unique Travel Corp.'s ("UTC") Discovery Memorandum *Regarding the Deposition of Jeffrey Clarke*, filed February 26, 2024 [ECF No. 101], and corresponding *Ore Tenus* Motion for Protective Order Regarding Deposition of Jeffrey Clarke [ECF No. 113].

The Court has reviewed the discovery memoranda, the responses thereto, and the pertinent portions of the record and is otherwise fully advised in the premises. The Court also heard argument from counsel for all parties at the Discovery Hearing.

For the reasons stated on the record and as further detailed on the record at the February 29, 2024 hearing, it is hereby

ORDERED AND ADJUDGED that the relief sought in Plaintiff's Discovery Memorandum [ECF No. 89] and corresponding *Ore Tenus* Motion to Compel Better Responses [ECF No. 110] is **DENIED**. It is further

ORDERED AND ADJUDGED that the relief sought in Defendant SRI Limited's Discovery Memorandum Regarding the Court's February 20, 2024 Omnibus Order [ECF No. 99] and corresponding *Ore Tenus* Motion for Clarification [ECF No. 111] is **GRANTED**. This Court's statement in its February 20, 2024 Omnibus Order [ECF No. 95] that Tammy Gonzalez worked for "SRI Limited's agent for a long time" (referring to UVI) is not and is not intended to be a binding finding made by the Court with regards to agency. It is further

ORDERED AND ADJUDGED that the relief sought in Defendant SRI Limited's Discovery Memorandum in Support of Its Request to Enforce the Parties' Agreement Regarding Remote Depositions [ECF No. 100] and corresponding *Ore Tenus* Motion for Leave to Allow Remote Deposition of Adam Stewart [ECF No. 112] is **DENIED AS MOOT** in light of the parties' resolution of the issues raised therein. It is further

ORDERED AND ADJUDGED that the relief sought in Defendants UVI and UTC's Discovery Memorandum [ECF No. 101] and corresponding *Ore Tenus* Motion for Protective Order Regarding Deposition of Jeffrey Clarke [ECF No. 113] is **GRANTED WITHOUT PREJUDICE**. Plaintiff failed to demonstrate that Mr. Clarke has unique, non-repetitive

knowledge about matters relevant to personal jurisdiction that cannot be obtained by less intrusive means offered by Defendants, including the deposition of Andy Blanco. As stated on the record, if Mr. Blanco is unable to answer specific questions relevant to personal jurisdiction, including information regarding Butch Stewart's meetings at the offices of Defendants UVI/UTC in South Florida, the Court will entertain a request to depose Mr. Clarke based on a compelling showing that only he can provide information relevant to personal jurisdiction that is not within Mr. Blanco's personal knowledge or otherwise available through less intrusive means.[1]

To the extent the Court made additional or more detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the parties as set forth on the record.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of March, 2024.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE


Copies to:
Hon. Cecilia M. Altonaga, *Chief U.S. District Judge*
Counsel of Record

---

[1] The Court observes that Plaintiff did not request a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) to obtain this information but instead sought depositions of the most senior officers of Defendants at this, the personal jurisdiction stage of discovery.