UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-24073-CMA

HH ADVERTISING, INC.,

    Plaintiff,

v.

UNIQUE VACATIONS, INC.,
UNIQUE TRAVEL CORPORATION,
and SANDALS RESORTS
INTERNATIONAL, LTD.
_____/

## AMENDED COMPLAINT

Plaintiff, HH ADVERTISING, INC. ("**HH Advertising**"), by and through undersigned counsel, sues UNIQUE VACATIONS, INC ("**UVI**"), UNIQUE TRAVEL CORPORATION ("**UTC**" and together with UVI, the "**Unique Defendants**"), and SANDALS RESORTS INTERNATIONAL, LTD. ("**Sandals**")(together Sandals and the Unique Defendants are referred to as the "**Sandals Parties**" or "**Defendants**"), and alleges:

## NATURE OF THE ACTION

1. This action arises out of a dispute between Miami advertising agency, HH Advertising, and the Sandals Parties over copyright ownership and copyright infringement of a body of works created by HH Advertising over the course of the Parties' more than thirty year relationship.

2. HH Advertising asserts claims against the Sandals Parties for declaratory judgment regarding ownership of the copyrighted works (Count I) and copyright infringement (Count II) arising from the Defendants' unauthorized use of Plaintiff's copyright protected works.

3. There is an existing and substantial controversy between HH Advertising and the Sandals Parties regarding rights in the copyright protected works, which includes creative content, advertising materials, and other works of authorship created by HH Advertising.

## THE PARTIES

4. Plaintiff, HH Advertising, is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

5. Defendant, UVI, is a Delaware corporation with its principal place of business in Miami-Dade County, Florida.

6. Defendant, UTC, is a corporation incorporated under the laws of Panama but conducts substantial business in the United States and Florida and does not contest jurisdiction of this Court.

7. Defendant, Sandals, is a corporation incorporated under the laws of Jamaica but conducts substantial and not isolated business activities in Florida and the United States and is otherwise subject to suit in this jurisdiction.

8. At all relevant times, Sandals maintained an actual and/or apparent agency relationship with the Unique Defendants.

9. At all relevant times, Sandals acknowledged that the Unique Defendants acted for it and at its direction, permitting the Unique Defendants to sell, market, advertise, and book guests at resorts that are owned, operated, managed and/or controlled by Sandals.

10. The Unique Defendants accepted this undertaking by booking guests at resorts that are owned, operated, managed and/or controlled by Sandals and otherwise selling, marketing and advertising the resorts that are owned, operated, managed and/or controlled by Sandals.

11. Sandals controlled the Unique Defendants' actions by requiring that the Unique Defendants obtain approval of their actions from Sandals' executives, including but not limited to, Sandals' founder and Chairman, Gordon "Butch" Stewart ("**Mr. Stewart**").

12. At all relevant times, Sandals' actual agency relationship with Unique Defendants was evidenced through the ongoing relationship between Sandals and the Unique Defendants, and through Unique Defendants' advertising and representations.

13. Sandals' representations caused HH Advertising to believe that the Unique Defendants had authority to act for the benefit of Sandals by knowingly allowing the Unique Defendants to hold themselves out as the "Worldwide Representative of Sandals & Beaches Resorts."

14. HH Advertising's belief was reasonable because HH Advertising received directives and approvals from Sandals in connection with its operations.

15. At all times relevant, HH Advertising reasonably believed that all work that it performed was subject to the direct approval by Sandals and that the Unique Defendants acknowledged and accepted that role.

## JURISDICTION AND VENUE

### *Subject Matter Jurisdiction and Venue*

16. Plaintiff's claims for a declaratory judgment and copyright infringement arise under (i) the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"); and (ii) 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act"). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

17. Venue is proper in this district in accordance with 28 U.S.C. §1391(b) as a the events giving rise to the claim occurred in this District and the property that is the subject of the action is situated in this District.

*Personal Jurisdiction*

18. Over the course of their thirty year relationship, Sandals' Chairman, Gordon Butch Stewart:

19. Approved all creative content prepared by HH Advertising;

20. Approved all estimates and proposals for advertising work prepared by HH Advertising;

21. Approved all invoices for payment to HH Advertising in Miami, Florida;

22. Approved all payments for advertising work to HH Advertising in Miami;

23. Maintained a dedicated office in Florida;

24. Directed and remitted Sandals' payments to HH Advertising; and

25. Engaged in regular meetings with HH Advertising in Miami, Florida regarding Sandals' advertising.

26. Defendant, Sandals, is subject to personal jurisdiction in this Court, pursuant to Florida Statute § 48.193, because Sandals, both personally and through its Florida agent, UVI, engaged in substantial activities in Florida by:

    a. Maintaining designated offices for Sandals' executives at UVI's office located in Miami, Florida;

    b. UVI has, at all material times, listed as its telephone number (800) SANDALS at its address in Miami, Florida;

    c. Sandals employees and executives regularly conducted business, *i.e.* held internal meetings, negotiated with third-parties, and made business decisions, etc., at its agent, UVI's, Florida headquarters;

4

    d. Maintaining ownership of at least one property in Miami, Florida by and through a Sandals Director;

    e. Creating continuing financial commitments, having HH Advertising advance payments for commercials, printed brochures, and various other marketing initiatives;

    f. Sandals, through its directors and executives, owning property in Miami, Florida, and establishing a permanent physical presence in the state;

    g. Sandals' executives and representatives frequent attendance at events, including conventions, conferences, and general business activities within Florida;

    h. Targeting Florida residents by allocating significant marketing budgets to the state's major metro markets, catering to Miami-based celebrity clients, and features on Florida-based travel shows; and

    i. Developing an extensive hospitality program in coordination and partnership with the Florida International University (FIU);

27. Defendant, Sandals, is subject to the personal jurisdiction of this Court, pursuant to Florida Statute § 48.193, because Sandals, both personally and through its Florida agent, UVI, committed tortious acts within this state by:

    a. Sandals' use of Plaintiff's copyright protected works including on Sandals' and/or its agents' website(s) which are accessible to Florida residents to book resorts that are owned, operated, managed and/or controlled by Sandals and via advertising channels in Florida such as commercials, brochures, and other printed materials directed to Florida residents.

28. Defendant, Sandals, is subject to the personal jurisdiction of this Court, pursuant to Florida Statute § 48.193, because Sandals, both personally and through its Florida agent, UVI, caused injury to HH Advertising in Florida arising out of an act or omission by Sandals outside this state, at or about the time of HH Advertising's injury, by engaging in solicitation or service activities within Florida via UVI and the copyrighted marketing and advertising materials created

for Sandals' benefit and processed by Sandals were used or consumed within Florida in the ordinary course of commerce, trade, or use by:

  a. Marketing Sandals' services to Florida Travel agents and Florida consumers through its world-wide marketing agent, UVI;
  b. Prior to his death in early 2021, Sandals' Chairman, Butch Stewart, approved all creative content prepared by HH Advertising and approved all billing and payments to HH Advertising in Miami and if he was not physically in Miami all creative content approved by the Chairman were used or consumed within Florida in the ordinary course of commerce, trade, or use.

## **GENERAL ALLEGATIONS**

29. HH Advertising is an advertising agency specializing in creating, planning and executing advertising campaigns.

30. In 1992, Mr. Stewart selected Miami based HH Advertising as the advertising firm to provide all advertising, marketing and related services for Sandals and its family of resorts.

31. From 1992 until mid-2021, HH Advertising originated a large body of creative works for the benefit of Sandals Parties, consisting of advertising materials, advertisements, photographs, videos, commercials, and other works of authorship in connection with various projects for the Sandals Parties.

32. Up until his death in January 2021, Mr. Stewart worked closely with HH Advertising, reviewing and approving all advertising materials for the use and benefit of Sandals and all of its resorts.

33. Mr. Stewart had a house in Florida where his family resided and he regularly held meetings with HH Advertising both in his office in Miami and at his house regarding Sandals' advertising needs and HH Advertising's creative works.

34. Mr. Stewart's son, Adam Stewart also worked for Sandals after completing high school in Palm Beach County, Florida, and attending college at FIU in Miami, Florida.

35. In 2010, Mr. Stewart appointed Adam as Deputy Chairman of Sandals and several years later Chief Executive Officer of Sandals.

*The Works*

36. HH Advertising is the owner of all rights in such works, including all rights of copyright in the photographs, digital images, film, video, and other images, whether still or in motion, either by assignment from independent contractors or as works for hire, in the case of works created by HH Advertising employees (collectively "**the Pre-2021 Projects**").

37. HH Advertising registered its copyright in many of the Pre-2021 Projects with the U.S. Copyright Office as set forth in **Composite Exhibit "A"** hereto, which contains a description of the copyrighted work and the copyright registration or application numbers.

38. HH Advertising registered many of the Commercials it created with the U.S. Copyright Office as set forth in **Composite Exhibit "B"** hereto, which contains a description of the copyrighted works and the copyright registration or application numbers.

39. The Pre-2021 Projects and the Commercials (collectively the **"Works"**) are owned exclusively by HH Advertising.

*Change in Leadership at Sandals*

40. Following Mr. Stewart's death, his son, Adam Stewart ("**Adam**") assumed leadership of Sandals.

41.     At all times following Mr. Stewart's death, Adam communicated with HH Advertising on behalf of Sandals, using a Sandals email address and including a signature block identifying himself as Chairman of Sandals [Sandals Resorts International Ltd.] and including the telephone number and address for Sandals [Sandals Resorts International Ltd.].

42.     Like his father, Adam provided direct input and direction to HH Advertising on the advertising work it was creating for Sandals and the family of Sandals Resorts.

43.     Beginning in June 2021, following changes in ownership as a result of Mr. Stewart's death, and as a condition of future work, the Sandals Parties demanded that HH Advertising assign all rights in "Photographic Materials" to the Sandals Parties, for new projects which included the following photo shoots (collectively "**2021 Projects**"):

    a. Sandals Barbados and Royal Barbados 9 Day Photoshoot
    b. Exuma and Sandals Emerald Bay – 2 Day HD Live Shoot
    c. Exuma Excursions and Sandals Emerald Bay – 2 Day Lifestyle
    d. Sandals Jamaica – 5 Day Photo Shoot
    e. Sandals Jamaica – Jamaica Excursions
    f. Sandals South Coast – 2 Day Lifestyle
    g. Sandals South Coast – 2 Day HD Live Shoot
    h. Exuma Excursions and Sandals Emerald Bay – 2 Day Lifestyle Shoot
    i. Sandals Royal Barbados – 4 Day Live Shoot
    j. Sandals Royal Barbados – 4 Day Lifestyle Shoot

44.     HH Advertising assigned all rights in the Photographic Materials from the 2021 Projects to the Sandals Parties.

45.     Photographic Materials are defined in the 2021 Assignments as "Photographer's video and photographic materials created in connection with or for the Project" but does not include the resulting creative content (the "**Commercials**") which were created by HH Advertising.

46.     The Sandals Parties also insisted that HH Advertising enter into a formal written Advertising Agency Agreement (the **"Draft Advertising Agreement"**).

47. Buried within the Draft Advertising Agreement, the Sandals Parties inserted a clause in an attempt to transfer ownership to the Sandals Parties, of all Works created by HH Advertising.

48. When HH Advertising refused to sign the Draft Advertising Agreement, including the transfer of all ownership rights in the Works to the Sandals Parties, the Sandals Parties removed approximately $3 million dollars in revenue from HH Advertising's scope of work in an effort to force HH Advertising to sign the Draft Advertising Agreement.

49. In November 2021, Adam met with Tracey Hunter of HH Advertising in Miami in an effort to pressure HH Advertising into agreeing to the terms of the Draft Advertising Agreement, including transfer of ownership of the copyright interest in the Works to Sandals.

50. The Draft Advertising Agreement was never signed.

51. On August 3, 2023, HH Advertising sent a letter to the Sandals Parties requesting that they make an offer to purchase HH Advertising's copyright interests in the Works. The Sandals Parties did not respond to HH Advertising's August 3rd letter.

52. Instead, on August 15, 2023, Jeffrey Clarke, acting on behalf of the Sandals' Parties, terminated Sandals' decades long relationship with HH Advertising and instructed HH Advertising not to do any "new" advertising work.

53. HH Advertising later learned that the Sandals Parties were in the process of engaging other advertising firms to handle their advertising needs for Sandals and intended to use the Works with their new advertising firms.

54. On September 22, 2023, HH Advertising, through counsel, sent a cease and desist letter to the Sandals Parties demanding that they cease all use of the Works, in any medium, as HH Advertising exclusively holds ownership of all rights, including copyright interests in the Works.

55. In response, on September 27, 2023, the Sandals Parties, through counsel, sent a letter to HH Advertising, claiming ownership in the copyright interests in the Works and expressly rejected HH Advertising's demands (see copy of September 27, 2023 letter from counsel for Sandals, Matt Walch and counsel for UTC and UVI, Joe Norvell, to counsel for HH Advertising, Alan Kluger, attached hereto as **Exhibit "C"**).

56. The Sandals Parties have refused to cease use of the Works and continue to utilize the Works in its operation of a website for the Sandals Parties at https://www.sandals.com using HH Advertising's Works protected Works.  (See attached **Exhibit "D"** containing a sampling of photographs displayed on the Sandals' website utilizing HH Advertising's Works.

### COUNT I - DECLARATORY JUDGMENT AND SUPPLEMENTAL RELIEF

57. HH Advertising hereby incorporates by reference and realleges paragraphs 1 through 57 as though fully set forth herein, and further alleges the following:

58. As alleged herein, HH Advertising created and owns the Works, and the copyright interests therein.

59. HH Advertising owns the copyright interests in the Works it created in connection with its advertising services for the Sandals Parties, and HH Advertising has demanded that the Sandals Parties immediately and permanently cease and desist all use of the Works.

60. The Sandals Parties expressly refused to comply with HH Advertising's demands.

61. By their own admission, the Sandals Parties intend to continue to utilize the Works that HH Advertising created in connection with their advertising and marketing for the Sandals Parties.

62. Accordingly, HH Advertising seeks an adjudication of its rights in the copyrighted Works.

63. Specifically, HH Advertising seeks a declaration that HH Advertising owns all copyright interests in the Works.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff, HH ADVERTISING, INC, respectfully requests that the Court grant judgment in favor of Plaintiff and enter a declaratory judgment against Defendants, UNIQUE VACATIONS, INC, UNIQUE TRAVEL CORPORATION, and SANDALS RESORTS INTERNATIONAL, LTD.:

(a) Declaring HH Advertising is the owner of the Works, including all rights, title and interest thereto, that HH Advertising developed and created;

(b) Declaring that the Sandals Parties' continued use of the Works be deemed infringing, and including use by Sandals Parties' officers, agents, subsidiaries, affiliates, partners, and employees; and

(c) Granting all other and further relief in favor of HH Advertising that the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT

64. HH Advertising hereby incorporates by reference and realleges paragraphs 1 through 57 as though fully set forth herein, and further alleges the following:

65. HH Advertising is the sole owner of the Works, and the Sandals Parties have no ownership or copyright interest in the Works.

66. The Sandals Parties are not co-authors or joint owners of the Works under the Copyright Act.

67. The Sandals Parties have infringed HH Advertising's copyright by its continued and pervasive use of the Works including on their website(s) and via advertising channels such as commercials, brochures, and other printed materials onsite at their hotels and resorts.

11

68. As a result of the Sandals Parties' infringement of the Works, HH Advertising has incurred damages, including actual damages, including the Sandals' profits resulting from their infringing conduct or statutory damages, and lost revenue.

69. The infringement was committed willfully, thus entitling HH Advertising to the maximum damages.

70. The Sandals Parties are well aware that no oral contract or implied license exists which allows the Sandals Parties to continue to use the Works.

71. Sandals' current Chairman, Adam Stewart, previously acknowledged HH Advertising's ownership of the Works.

72. Indeed, the Sandals Parties attempted to coerce HH Advertising into signing a Draft Agency Agreement, in order to acquire ownership of the Works, which HH Advertising never signed.

73. Further, HH Advertising is entitled to heightened damages because the Works are of high value and have been instrumental in the Sandals Parties' exponential success in the travel marketplace.

WHEREFORE pursuant to 17 U.S.C. § 101, Plaintiff, HH ADVERTISING, INC, respectfully requests the Court grant judgment in favor of Plaintiff and against Defendants, UNIQUE VACATIONS, INC, UNIQUE TRAVEL CORPORATION, and SANDALS RESORTS INTERNATIONAL, LTD., including:

(a) A judgment awarding damages for copyright infringement pursuant to 17 U.S.C. § 504(b);

(b) A judgment awarding copyright infringement actual or statutory damages pursuant to 17 U.S.C. § 504, including the Sandals Parties' profits from the infringement.

(c) A judgment awarding maximum statutory damages for willful infringement pursuant to 15 U.S.C. § 504(c)(2);

(d) Plaintiff's attorney's fees and costs;

(e) Granting all other and further relief in favor of HH Advertising that the Court deems just and proper.

## JURY DEMAND

Plaintiff HH Advertising, Inc. demands Trial by Jury on all issues so triable.

Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**

By: */s/ Terri Ellen Tuchman Meyers*
**Alan J. Kluger**
Florida Bar No. 200379
akluger@klugerkaplan.com
**Terri Ellen Tuchman Meyers**
Florida Bar No. 881279
tmeyers@klugerkaplan.com
**Michael T. Landen**
Florida Bar No. 161144
mlanden@klugerkaplan.com
**Danella C. Williams**
Florida Bar No.: 1002672
dwilliams@klugerkaplan.com
**Gabrielle C. Craft**
Florida Bar No. 102048
gcraft@klugerkaplan.com
Citigroup Center, 27th Floor
201 S. Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 379-9000
*Counsel for Plaintiff HH Advertising, Inc.*