UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24073-CIV-ALTONAGA/Reid

**HH ADVERTISING, INC.**,

    Plaintiff,
v.

**UNIQUE VACATIONS, INC.**; *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court upon Plaintiff, HH Advertising, Inc.'s Motion for Leave to File Under Seal Deposition Transcripts in Support of Plaintiff's Memorandum of Law . . . [ECF No. 128], filed on April 9, 2024. Plaintiff seeks to file under seal portions of two deposition transcripts and accompanying exhibits. (*See* Mot. 1–2). Defendant Sandals Resorts International Limited filed a Response [ECF No. 129] supporting the request. For the following reasons, the Motion is denied.

Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (alteration added). Public or judicial records are presumptively public, while documents which are not considered public or judicial records, such as discovery documents, are not. *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records . . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero*, 717 F.3d at 1235 (alteration in original; quoting *Hicklin Eng'g, L.C. v. Bartell*,

439 F.3d 346, 348 (7th Cir. 2006), *abrogation on other grounds recognized by RTP LLC v. ORIX Real Estate Cap., Inc.*, 827 F.3d 689 (7th Cir. 2016)). The fact the parties have agreed to seal a document is irrelevant. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (stating it is "immaterial" whether the parties have agreed to seal the record when determining whether a document should be publicly filed).

The Court is left unconvinced that the presumption in favor of public access should be cast aside. According to Plaintiff, Defendants have "designated substantial portions" of the contested documents as "Confidential" or "Attorneys' Eyes Only." (Mot. 2 (quotation marks omitted)). Plaintiff intends to challenge those designations. (*See id.*). Defendant bristles at this challenge — and the form in which it comes — but supports Plaintiff's proposed solution for the time being. (*See* Resp. 2–3). Yet, neither party "provide[s] a "rigorous justification" to overcome the presumption of public access. *Perez-Guerrero*, 717 F.3d at 1235 (alteration added; citation and quotation marks omitted); *see also* S.D. Fla. L.R. 5.4(b) (requiring parties to "set[] forth the factual and legal basis for departing from the policy that Court filings are public" (alteration added)).

Certainly, the Court will not review and draft a dispositive, *public* order burdened by efforts to omit references to facts the parties deem sensitive and confidential — but necessary for review and consideration — on a record filed under seal. As Defendant notes, Plaintiff may "file the transcripts on the public docket with the designated portions redacted[,] pending adjudication of [Plaintiff's] forthcoming challenge . . . (assuming it does pursue such a challenge)[.]" (Resp. 2–3 (emphasis removed; alterations added)).

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, HH Advertising, Inc.'s Motion for Leave to File Under Seal Deposition Transcripts in Support of Plaintiff's Memorandum of Law . . . **[ECF**

CASE NO. 23-24073-CIV-ALTONAGA/Reid

**No. 128]** is **DENIED**.

This Order shall not be filed under seal.

**DONE AND ORDERED** in Miami, Florida, this 10th day of April, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record