# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| HH ADVERTISING, INC., )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNIQUE VACATIONS, INC., UNIQUE )<br>TRAVEL CORPORATION, AND )<br>SANDALS RESORTS INTERNATIONAL, )<br>LTD. )<br>)<br>)<br>)<br>Defendants. ) | Civil Action No. 1:23-cv-24073-CMA |

## DEFENDANTS UNIQUE VACATIONS, INC. AND UNIQUE TRAVEL CORP.'S MEMORANDUM IN RESPONSE TO PLAINTIFF HH ADVERTISING, INC.'S REQUEST TO OVERRULE CONFIDENTIALITY DESIGNATIONS

NORVELL IP LLC
Joseph V. Norvell, Esq.
(admitted *pro hac vice*)
Michael K. Johnson, Esq.
(admitted *pro hac vice*)
Ian M. Betts, Esq.
(admitted *pro hac vice*)
Blake M. Carey, Esq.
(admitted *pro hac vice*)
courts@norvellip.com
PO Box 2461
Chicago, IL 60690
Telephone: (888) 315-0732

BRITO PLLC
Alejandro Brito, Esq.
2121 Ponce de Leon Blvd Suite 650
Coral Gables, FL 33134
Telephone: (305) 520-7633

*Attorneys for Defendants Unique Vacations, Inc. and Unique Travel Corporation*

**I.     INTRODUCTION**

Despite receiving Defendants Unique Vacations, Inc. ("UVI") and Unique Travel Corp ("UTC")'s confidentiality designations on March 13, Plaintiff HH Advertising, Inc.'s ("Plaintiff" or "HH") waited thirty days until April 12 to file its unsubstantiated, blanket request to overrule all of UVI and UTC's designations. Not only did Plaintiff fail to engage in the required meet and confer and other procedures required by the Protective Order before filing its Memorandum, but Plaintiff now creates its own emergency requesting expedited review by the Court. This is also a needless exercise in urgency, as UVI's and UTC's designations have the requisite good cause to protect the designated commercially-sensitive and confidential information from public disclosure. Moreover, UVI and UTC have made it clear to counsel for Plaintiff on multiple occasions, and as further set forth in this Response, that UVI and UTC have unequivocal standing to raise their designations in good faith.

At a minimum, if Plaintiff maintains its belief that certain designations are improper, then UVI and UTC are willing to review any specific designations for which Plaintiff alleges are improper, but they need the time provided in the Protective Order to consult with the senior management of their clients before releasing any potential confidential or sensitive information. However, Plaintiff made no such efforts to resolve via advance discussions before filing its Memorandum, and its premature filing directly contradicted the procedures of the Protective Order for raising concerns via a pre-filing meet and confer. Now, at the 11th hour (literally) on the night before this hearing, Plaintiff amends its Opposition to Sandals Resorts International, Ltd.'s ("SRI Limited") Renewed Motion to Dismiss by filing a "Supplemental Exhibit 1" to its memorandum of law, which adds over 80 redacted portions of the deposition transcripts of Valentin Flores and

Adam Stewart [ECF Nos. 133-3 and 133-4, respectively]. Such actions, should not be entertained or rewarded by the Court.

In support of their Response, UVI and UTC set forth the facts and arguments below.

## II.     BACKGROUND

### A.     UVI and UTC's Confidentiality Designations

Plaintiff's Memorandum concerns Plaintiff's recent challenges to UVI and UTC's designations of confidential information in the deposition transcripts of Mr. Adam Stewart ("Mr. Stewart") and Mr. Valentin Flores ("Mr. Flores"). The depositions of Mr. Stewart and Mr. Flores were held on March 3, 2024 and March 5, 2024, respectively. UVI and UTC provided their confidentiality designations for these transcripts on an expedited basis to accommodate Plaintiff's request on March 13, 2024.

After serving the confidentiality designations on March 13, 2024, UVI and UTC did not receive any correspondence from counsel for Plaintiff requesting a meet and confer with respect to the specific designations of Mr. Flores' and Mr. Stewart's deposition transcripts. Thirty days later, on April 12, 2024, Plaintiff sent an email to counsel for UVI, UTC, and SRI Limited urging the parties to withdraw their designations writ large. A few hours later, Plaintiff filed its Memorandum [Dkt. 136] requesting the Court to overrule all of Defendant's designations. Noting that Plaintiff failed to have a meet and confer prior to filing its Memorandum, Defendants requested that Plaintiff withdraw its Memorandum so that Plaintiff would be compliant with the Protective Order, and the parties could discuss options for a resolution of their issues before burdening the Court. Plaintiff refused. As a result, in an effort to accommodate Plaintiff, counsel for SRI Limited, UVI, and UTC held a post-filing meet and confer with HH's counsel to address the outstanding issues and disagreements regarding the confidentiality designations.

In yesterday's call, counsel also discussed the procedures set forth in the Protective Order to address confidentiality designations. Specifically, the operative Protective Order defines the scope of information that may be designated as confidential, and the parties' obligations when challenging any designations. [Dkt. 65]. Further, the Protective Order identifies the following as non-exhaustive types of information that may be designated as confidential: "[1] trade secrets, [2] proprietary business information, [3] competitively sensitive personal or business information; [and] [4] research, technical, commercial, or financial information that the party has maintained as confidential[.]" *Id.* at ¶ 3. Importantly, the Protective Order states that a party challenging the designation must engage in a pre-filing meet and confer process, and "must explain the basis for its belief that the confidentiality designation was not proper." *Id.* at ¶ 10.

In the meet and confer held yesterday, counsel for UVI and UTC offered to produce documents to further substantiate the basis for its designations—even though HH did not serve any document requests on UVI or UTC during the jurisdictional discovery period, and the parties have yet to hold the initial Rule 26 conference. Moreover, counsel for UVI and UTC confirmed that it is seeking the authorization of non-party UVL to produce its agreement that was signed by Mr. Flores, despite the fact that HH did not serve any subpoenas or other document requests on non-party UVL during the two-month-long jurisdictional discovery period.

Accordingly, counsel for UVI and UTC have made ample requests to reasonably answer Plaintiff's questions and resolve this dispute.

Alarmingly, late last night, Plaintiff filed an attempted, improper proposed amendment its Opposition to SRI Limited's Renewed Motion to Dismiss by filing a "Supplemental Exhibit 1" to its memorandum of law, which adds over 80 redacted portions of the deposition transcripts of Valentin Flores and Adam Stewart [ECF Nos. 133-3 and 133-4, respectively].

4

  **B.**  **UVI and UTC's Contractual Confidentiality Obligations and Mr. Flores' Agreement with UVL**

Mr. Flores was most recently the Chief Information Officer of Unique Vacations Ltd. ("UVL"), and his employment with UVL ended in August 2023. Mr. Flores was also an employee of UVI from 2000-2008. UVL is not a party to the instant litigation, but it is represented by the undersigned counsel. Mr. Flores signed an agreement with UVL that memorialized his obligations regarding confidential information of UVL, and its affiliates, which include UVI and UTC. Throughout the course of his employment, Mr. Flores became aware of many aspects of the businesses of UVI, UTC, and UVL that are highly-confidential in nature, and Mr. Flores' testimony confirmed this fact.

Furthermore, UTC and UVI have a contractual obligation to maintain the confidential information of UVL. Accordingly, UVI and UTC designated certain, limited portions of the transcript of Mr. Flores' deposition as confidential, pursuant to these contractual obligations with UVL. Separately, UVI and UTC have contractual obligations to protect the confidential information of Sandals Resorts International 2000 Inc. ("SRI 2000") and this entities' subsidiaries, which include SRI Limited. Thus, via these contractual relationships and the service of agreements, UVI and UTC also have an obligation to maintain the confidentiality of certain information of SRI 2000 and its affiliates.

Counsel for UVI and UTC advised counsel for Plaintiff of the grounds for these designations in writing when serving them on Plaintiff's counsel on March 13, 2024, and reminded HH's counsel of these grounds in yesterday's meet and confer.

**III.**  **LEGAL STANDARD**

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the

information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)). When determining whether good cause to maintain confidentiality exists, a district court must first look to "the nature and the character of the information in question." *Id.* (quoting *Chicago Tribune*, 263 F.3d at 1315). When balancing the public's common-law right to access judicial records "against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative[.]" *Id.* (*citing In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

Further, when challenging confidentiality designations, "the general rule is that the challenging party must make specific challenges," and not resort to blanket challenges of confidentiality designations. *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 4773433, at *8 (S.D. Fla. Sept. 4, 2013).

**IV.   ARGUMENT**

UVI and UTC's designations are proper because (1) UVI and UTC made each of their designations with supporting good cause to protect highly-sensitive commercial information and other confidential business information disclosed in the transcripts of Mr. Stewart and Mr. Flores; and (2) UVI and UTC had unequivocal standing to make these designations. Moreover, Plaintiff's request for relief is premature, and the Court should deny it in its entirety because Plaintiff did not comply with the terms of the Protective Order for challenging designations and provide any specificity with respect to its challenges. Finally, Plaintiff's filing last night to add additional

citations to the transcripts in a Response brief filed last week is an improper amendment to these pleadings, and should not be entertained.

### 1. There is Good Cause to Affirm UVI and UTC's Good Faith Designations

Each of UVI and UTC's designations constitute types of information that fall within the Court's definition of "Confidential Information" in the Protective Order [Dkt. 65 at ¶ 3], and that courts routinely hold do not merit public disclosure. For example, UVI and UTC's designated portions of Mr. Flores' transcript that detailed his alleged understanding of the flow of money through these entities, the location of data servers, proprietary business and management structures, and commercially-sensitive decision-making procedures for various entities at issue. This non-public information is competitively sensitive, highly-confidential, and could cause great harm to UVI and UTC if publicly disclosed. All of this establishes good cause and weighs against public disclosure. *See Romero*, 480 F.3d at 1246 (citing non-public, commercially sensitive information that could cause harm as factors that weigh against public's common-law right to access judicial records). UVI and UTC similarly designated limited portions of Mr. Stewart's transcript that reflect UVI and UTC's reciprocal contractual obligation to maintain confidentiality over SRI 2000's and its affiliates' confidential information.

UVI, UTC, and its other contracting entities and affiliates at issue (all privately-held entities) collective interests in maintaining the private nature of this confidential information outweighs any of Plaintiff's purported public interest that would otherwise favor public disclosure. Indeed, Plaintiff cannot cite to any legitimate reason why the general public and Court must have access to the entirety of the transcripts of Mr. Flores' and Mr. Stewart's depositions.

Plaintiff also contends that certain information referenced in its Response to SRI Limited's pending Motion to Dismiss [Dkt. 133] must be disclosed for the Court to consider the merits of

this Motion. This argument is not persuasive because each of these designations cover clear confidential information that must be protected from public view. For example, UVI and UTC properly designated portions of pages 29, 30 and 31 of Mr. Flores' transcript, which concern details of a highly-commercially sensitive data security incident. Further, Plaintiff apparently sought to introduce designated testimony on Page 34 of Mr. Flores' transcript, which relates to proprietary details regarding email servers employed by the parties and their affiliates. Both of these intended disclosures would place commercially sensitive and private information into the public domain. Great harm and potential exposure to increased security risks to UVI and UTC could result if such information is disclosed. Importantly, this disclosure would not benefit the public interest. Thus, this designated information is proprietary and competitively sensitive, and must remain confidential pursuant to the Protective Order.

Further, Plaintiff apparently intended to introduce testimony from page 65 of Mr. Flores' deposition transcript, which relates to the alleged corporate structure of the defendants in this case. The public disclosure of these statements by Mr. Flores would be damaging and would require private companies to have their private and protected corporate structure—which provides a competitive advantage—revealed. Plaintiff's also intended to introduce testimony on pages 69, 70, 75 and 76 of Mr. Flores' transcript, which were designated, in part, because they reveal alleged facts and details surrounding decision-making practices of various private entities. Defendants UVI and UTC should not be forced to disclose Mr. Flores' characterization of the private functions of their business operations. This proposed introduction of testimony also does not relate to SRI Limited, or the dispute at issue. Regardless, this information is commercial in nature and has been maintained as confidential by UVI and UTC, pursuant to the Protective Order.

All told, the public disclosure of all this information could independently result in a competitive disadvantage, legal exposure, or other harm to UVI, UTC, or their contracting parties, without serving any legitimate public interest. Thus, there is no overriding basis that merits the disclosure of these specific designated lines of Mr. Flores' or Mr. Stewart's transcripts, let alone the entire transcripts as currently requested by Plaintiff.

### 2. UVI and UTC Have Standing to Raise Confidentiality Designations

Further, despite HH's arguments to the contrary, UVI and UTC have the unquestionable standing and right to raise the aforesaid designations. Although UVI and UTC have identified factual inaccuracies in the testimony of Mr. Flores, he acquired confidential and propriety information through the course of his employment with UVL and his earlier employment with UVI. Accordingly, as stated above, Mr. Flores is subject to a confidentiality agreement and obligations with respect to this confidential information of his former employers UVI and UTC. Further, UVI and UTC have a contractual obligation to maintain the confidentiality of proprietary information that it has via its contractual relationship with SRI 2000, which creates the foundation for UVI and UTC's designations with respect to Mr. Stewart's transcript. Therefore, Plaintiff cannot cite to any legitimate grounds for why UVI and UTC cannot raise confidentiality designations for Mr. Flores' and Mr. Stewart's depositions.

Moreover, in advance of the meet and confer held on April 16, and following this call, counsel for UVI and UTC have taken substantive steps with these defendants, in addition to UVL, to arrange for the production of documents that these entities were never obligated to produce to-date in the litigation. Given the short turnaround time, and urgency created by Plaintiff's own delay in bringing its challenge, this document collection and production process is ongoing. UVI and

UTC respectfully note that no document requests or subpoenas were served on UVI, UTC or UVL, which Plaintiff had the opportunity to do when the jurisdictional period opened in January 2024.

### 3. Plaintiff Failed to Comply with Procedure of Protective Order

Plaintiff's efforts to request a blanket de-designation of all confidential information in its Memorandum filed April 12 without first requesting a meet and confer, and failing to provide UVI and UTC with the requisite five-business-day timeframe to review a challenge constitutes an independent basis to deny Plaintiff's requested relief. [Dkt. 65 at ¶ 3]. Plaintiff failed to comply with the plain terms of the procedure for challenging designations as laid out in the Protective Order, which require Plaintiff to identify specific designations that it takes issues with, and permit the designating party with five business days to consider and respond to the challenge. *Id.*

When challenging confidentiality designations, "the general rule is that the challenging party must make specific challenges," and not resort to blanket challenges of confidentiality designations. *Procaps*, 2013 WL 4773433, at *8. Despite counsel and UVI and UTC's numerous requests, Plaintiff continues to refuse to identify any specific designations for which it takes issue. Such targeted, specific requests are required for the challenge and meet and confer process to productively play out. *See In re Depositio Centralizado de Compensacion y Liquidaciond de Valores Decevale, S.A.*, No. 20-25212-CIV, 2022 WL 21835295, at *3 (S.D. Fla. Nov. 21, 2022) (denying motion to remove confidentiality designation of documents produced during discovery and noting "besides making generalized references to the relevance of the documents as a whole, the motion does very little to provide an individualized and thorough rebuttal of the asserted confidential nature of any of the ninety-seven documents"). Instead, Plaintiff rushed to file its Memorandum, creating a rush and imposing urgency on the parties and the Court that is the direct result of Plaintiff's own delay and willful disregard of the terms of the Protective Order.

For these reasons, UVI and UTC contend that the instant dispute is not ripe before the Court. At a minimum, should the Court deem appropriate, UVI and UTC are willing to engage in the process set out in the Protective Order, consult with parties, and review any specific objections raised by Plaintiff's counsel. However, for the aforementioned reasons, UVI and UTC maintain that its current designations are appropriate.

### 4. Plaintiff's Improper Proposed Amendment to Its Pleadings

Finally, late yesterday evening, Plaintiff filed a proposed "Supplemental" set of 84 additional citations to the transcripts that Plaintiff claimed it would have included in its Response to SRI Limited's pending Motion to Dismiss [Dkt. 133] that it did not cite to "in abundance of caution." [Dkt. 138]. Plaintiff's improper proposed amendment to its pleading—without seeking leave of the Court or otherwise complying with applicable Local Rules for amendments—should not be entertained by the Court, and Plaintiff provides no rationale or justification for why it now seeks to introduce additional citations to a Response that was due and filed last week. Simply stated, Plaintiff's dilatory tactics, "emergency" filings, and bad faith efforts to overrule UVI and UTC's confidentiality designations in their entirety are not grounds for Plaintiff to improperly amend its pleadings.

## V.    CONCLUSION

For the foregoing reasons, UVI and UTC respectfully request that the Court deny HH's request to overturn the confidentiality designations of Mr. Flores' and Mr. Stewart's deposition transcripts, and affirm UVI and UTC's designations.

Dated April 17, 2024

Respectfully Submitted,

**BRITO, PLLC**
<u>/s/ Alejandro Brito</u>
Alejandro Brito
Florida Bar No. 098442
abrito@britopllc.com
apiriou@britopllc.com
2121 Ponce de Leon Boulevard
Suite 650
Miami, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

**NORVELL IP, LLC**
<u>/s/ Joseph V. Norvell</u>
Joseph V. Norvell
*Admitted Pro Hac Vice*
jnorvell@norvellip.com
Michael K. Johnson
*Admitted Pro Hac Vice*
mjohnson@norvellip.com
Ian M. Betts
*Admitted Pro Hac Vice*
ibetts@norvellip.com
Blake M. Carey
*Admitted Pro Hac Vice*
bcarey@norvellip.com
P.O. Box 2461
Chicago, IL 60690
Office: (888) 315-0732

*Counsel for Defendants Unique Vacations, Inc. and Unique Travel Corporation*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 17, 2024 the foregoing was served via the Court's CM/ECF System upon:

**KLUGER, KAPLAN, SILVERMAN,**
**KATZEN & LEVINE, P.L**
Alan Kluger, Esq.
Terri Ellen Tuchman Meyers, Esq.
Michael T. Landen, Esq.
Madison D. Hauser, Esq.
Danielle C. Williams, Esq.
Citigroup Center, 27th Floor
201 S. Biscayne Blvd.
Miami, Florida 33131
akluger@klugerkaplan.com
tmeyers@klugerkaplan.com
mlanden@klugerkaplan.com
mhauser@klugerkaplan.com
dwilliams@klugerkaplan.com
mmathis@klugerkaplan.com
miglesias@klugerkaplan.com
cgarcia@kluglerkaplan.com
*Counsel for Plaintiff*

**PODHURST ORSECK, P.A.**
Peter Prieto, Esq.
Matthew P. Weinshall, Esq.
Dayron Silverio, Esq.
One S.E. 3rd Avenue, Suite 2300
pprieto@podhurst.com
mweinshall@podhurst.com
dsilverio@podhurst.com

**LATHAM & WATKINS, LLP**
Matthew Q. Walch, Esq. (*Admitted Pro Hac Vice*)
Jessica Lynn Saba, Esq. *(Admitted Pro Hac Vice)*
330 North Wabash Avenue, Suite 2800
Chicago, IL 606111
matthew.walch@lw.com

*Counsel for Defendant Sandals International, LTD.*

By: *Alejandro Brito*