UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-24073-CIV-ALTONAGA/Damian

HH ADVERTISING, INC.,

    Plaintiff,

v.

SANDALS RESORTS INTERNATIONAL,
LTD. *et al.*,

    Defendants.
_____/

# DEFENDANT SANDALS RESORTS INTERNATIONAL LIMITED'S RESPONSE TO PLAINTIFF'S DISCOVERY MEMORANDUM TO OVERRULE DEFENDANTS' CONFIDENTIALITY DESIGNATIONS

PODHURST ORSECK, P.A.
Peter Prieto (FBN 501492)
pprieto@podhurst.com
Matthew P. Weinshall (FBN 84783)
mweinshall@podhurst.com
Dayron Silverio (FBN 112174)
dsilverio@podhurst.com
One S.E. 3rd Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 358-2800
Facsimile: (305) 358-2382

LATHAM & WATKINS LLP
Matthew W. Walch (*pro hac vice*)
matthew.walch@lw.com
330 North Wabash Avenue, Suite 1000
Chicago, IL 60611
Telephone: (312) 876-7700

Jessica Saba (*pro hac vice*)
Jessica.Saba@lw.com
555 11th St. NW, Suite 1000,
Washington, DC 20004
Telephone: (202) 637-2200

***Counsel for Defendant Sandals Resorts International Limited***

Plaintiff HH Advertising Inc.'s ("HH") discovery motion to overrule *all* of the confidentiality designations made by Defendant Sandals Resorts International Limited ("SRI Limited") and Co-Defendants Unique Vacations Inc. ("UVI") and Unique Travel Corp. ("UTC") violates the Court-ordered Confidentiality Order and is an excessive—and unjustified—request for relief.  This Court should reject HH's belated, wholesale attempt to put Defendants' confidential business information into the public domain, and deny HH's motion.

## BACKGROUND

During jurisdictional discovery in this case, HH deposed SRI Limited's board member Adam Stewart[1] and former employee of non-party Unique Vacations Limited ("UVL") Valentin Flores.  At both depositions, Defendants designated the depositions as "attorneys' eyes only" on a preliminary basis, until they had a chance to review and designate specific portions of the transcripts pursuant to the Confidentiality Order.  *See* Dkt. 65, ¶ 5 (providing parties 30 days to designate portions of a deposition transcripts as confidential).  Counsel for HH expressed that full designation of the transcript was improper, even though the Confidentiality Order automatically rendered the entire transcripts "attorneys' eyes only" until Defendants provided their specific designations (or thirty days had passed)—in other words, had Defendants said nothing at the depositions, the same protection would have been afforded to these transcripts.  *See id.* ("Deposition testimony shall be treated as Confidential Information designated as 'ATTORNEYS' EYES ONLY' protected by this Order until thirty days after delivery of the transcript by the court reporter to any party or the witness.").

---

[1] HH contends that a third party—Mr. Martin—attended Mr. Stewart's deposition and that his attendance undermines SRI Limited's confidentiality designations.  It is undisputed that Mr. Stewart (Executive Chairman of Sandals Resorts International, 2000, Inc., SRI Limited's upstream parent company, and a member of the Board of Directors of SRI Limited) is embroiled in parallel litigation regarding a trust dispute with HH's owner Cheryl Hamersmith.  Given the contemporaneous, and hardly coincidental, timing of these litigations, Mr. Stewart wished to ensure that his personal interests were protected during his deposition in this case.  As such, and with SRI Limited's consent, his personal attorney attended the deposition.  This is in line with the Confidentiality Order: the designating party—here, SRI Limited—is permitted to ensure that the privacy and personal interests of a member of its Board of Directors be protected by consenting to his access to its confidential information with the understanding that he is required to maintain the confidentiality of such information.  *See* Dkt. 65, ¶ 6(b)(1).  Given the foregoing facts, Mr. Martin's attendance at the deposition does not undermine SRI Limited's confidentiality designations.

The parties met and conferred and—in response to HH's request for expedited review and just eight days after Mr. Stewart's deposition—counsel for SRI Limited provided HH with its specific, line-by-line confidentiality designations for Mr. Stewart's testimony on March 11, 2024. UVI and UTC similarly provided expedited line-by-line confidentiality designations for Mr. Flores' deposition on March 13, 2024, eight days after his deposition.[2] HH responded to the service of those designations by merely stating that "both sides' preserve their respective positions regarding the confidentiality and AEO designations" but did not specifically address or challenge any precise designations at that time.

Without first seeking to meet and confer with Defendants or identifying any specific challenge, HH filed the present discovery memorandum on April 12, seeking to de-designate *all* confidential information in both deposition transcripts. It did not formally challenge the designations through a meet and confer—as required by the Confidentiality Order—until April 16, 2024. Pursuant to that Order, Defendants now have 5 business days to review the designations subject to challenge with its client and then respond to that challenge—*i.e.*, until April 23, 2024. Nonetheless, HH is pressing for the Court to reject Defendants' designations prematurely. Indeed, at the eleventh hour and the night before SRI Limited's reply in support of its motion to dismiss is due, HH now seeks to support its "emergency" request by retroactively claiming that it wants to introduce a plethora of redacted cites in the record to "support" their already-filed response to the motion to dismiss. Such request should be rejected, and the Court should revisit this issue, to the extent necessary, after HH has complied with the full process set forth in the Confidentiality Order.

## ARGUMENT

**A.      HH's motion is not properly before this Court, and HH has not demonstrated that disregarding the procedure in the Confidentiality Order is warranted.**

First, HH's request for court intervention violates the Confidentiality Order. The Court's Order requires the party "challenging the designation"—here, HH—to begin the process by conferring directly with counsel for the designating party and to explain the basis for why each challenged designation is improper. Dkt. 65, ¶ 10. After that meeting, the designating party has

---

[2] HH made a comment during the parties' April 16, 2024 meet and confer that Defendants failed to provide reasoning for their designations. The Confidentiality imposes no such requirement and, in fact, the burden was on HH to first raise challenges to specific designations—which it did not do until over a month after they were provided. Dkt. 65, ¶ 5 (designating party must only "identify[] the specific portions of the transcript that are designated Confidential Information").

2

five days to respond. *Id.* The only meet and confer that occurred after Defendants provided their specific designations on March 11 and March 13, 2024, respectively, was yesterday, on April 16, 2024. As a result, defendants have until Tuesday, April 23, 2024, to respond in writing to HH's articulated objections, including by de-designating any at-issue material after consultation with management of their respective clients. HH is entitled to seek judicial intervention only after it followed this process and the scope of the remaining dispute—if any—is crystalized. *Id.*

This process makes sense. The whole point of the meet and confer process is to save judicial resources by requiring the parties to discuss their concrete disagreements—which cannot meaningfully be done without knowing HH's *precise* objections to *particular* designations; by giving the designating party sufficient time to digest the objector's legal arguments and responding; and by permitting judicial recourse only after the orderly process runs its course. By filing this brief on April 12, HH violated the Confidentiality Order.[3]

HH's excuse for this violation is that the requested relief is urgent apparently because HH wants to rely on redacted materials in support of its already-filed response brief to that motion. This is, of course, not possible, given HH has no right to amend its opposition, which was filed on Wednesday, April 10.[4] Worse still, despite claiming that HH needs to rely on the transcript, HH's response brief does not cite to ***any*** redacted portion of Mr. Stewart's deposition—nor could it identify any during the parties' April 16th meet and confer, when HH was asked to identify the particular, redacted portions that it had previously told this Court it needed to cite.[5] HH did not identify any redacted portions until 11 hours later, the night before SRI Limited's reply brief was

---

[3] HH contends that the meet and confer the parties had on March 11—before Defendants made any specific confidentiality designations—was sufficient. If that were true (it is not), HH's instant motion is ***untimely*** under the Standing Order of Magistrate Judge Reid, which requires that "[t]he moving party must seek relief within fifteen (15) days after the occurrence of the grounds for relief by contacting Judge Reid's Chambers by email and requesting a hearing," and under the extant Order Setting Discovery Procedures, Dkt. 40, which likewise requires that a dispute be raised within 15 days.

[4] At 9:30 pm on April 15, 2024, HH filed a wholly improper notice identifying six pages of redacted testimony it now seeks to disclose publicly as purported "support" for its already-filed opposition brief. HH's last minute attempt to correct its prior, inadequate citations to the record should be disregarded by the Court as improper sandbagging. SRI Limited is filing a separate motion to strike this improper filing.

[5] In contrast, HH's motion *did* cite and identify redacted portions of Mr. Flores' testimony in support—underscoring that HH understood the importance of doing so.

3

due, without any attempt to show how these cited portions *actually* support their opposition brief. Despite belatedly filing this list, HH has not changed its request—it seeks to attach all 140 pages of Mr. Stewart's deposition transcript and an additional 389 pages of exhibits thereto in an unredacted form, without regard to whether such testimony or the exhibits were relevant to the personal jurisdiction inquiry.

      **B.**      **HH has no basis to enter the full transcripts into the record.**

HH's attempt to attach entire deposition transcripts and their exhibits to the record (apparently for the Court and public to comb through) violates Court rules. In the Southern District of Florida, it is well established that "citation to entire documents do nothing to assist the court" and that parties must point to the "specific fact" which precludes judgment in the other parties' favor. *Palm Beach Polo, Inc. v. Vill. Of Wellington*, No. 19-CV-80435, 2021 WL 5024550, at *1 (S.D. Fla. Oct. 13, 2021).[6] In the body of its brief, HH has not pointed Defendants or this Court to any citation in Mr. Stewart's testimony that is needed in order to resolve SRI Limited's motion to dismiss and "[i]t is not the court's obligation to scour the record" (or a six-page list of deposition testimony unconnected to any assertion in that brief) "for a factual dispute." *Joseph v. Napolitano*, 839 F. Supp. 2d 1324, 1329 (S.D. Fla. 2012). Nor is it Defendants obligation to affirmatively de-designate its confidential material with 24-hours' notice so that HH can submit it to the public record without regard to its utility in assisting the Court to decide the merits of an issue.

      **C.**      **SRI Limited's Confidentiality Designations were Proper.**

SRI Limited requests that this Court allow it the five days it is entitled to review the confidentiality designations at issue—which again, amount to every designation made in connection with Mr. Stewart's deposition. If this Court does wish to address the merits of HH's motion now, SRI Limited is prepared to defend its confidentiality designations as proper. The Confidentiality Order entered by Judge Altonaga defines "confidential information" as information:

> that reveals (a) trade secrets, (b) proprietary business information, (c) competitively sensitive personal or business information; (d) information prohibited from disclosure by statute, or any foreign law or regulation; (e) research, technical, commercial, or financial information that the party has maintained as confidential;

---

[6] *Palm Beach Polo* and similar cases generally apply this principle at the summary judgment stage. The Eleventh Circuit has held, however, that when a court adjudicates a personal jurisdiction challenge based on records and affidavits, the same summary judgment standards apply. *See AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1363–65 (11th Cir. 2021).

4

> (f) medical information concerning any individual; (g) personal identity information, including PII; (h) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (i) personnel or employment records of a person who is not a party to the case; or (g) other information the disclosure of which would, in the good faith judgment of the party designating the Discovery Material as Confidential Information, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients. Information or documents that are available to the public may not be designated as Confidential Information.

Dkt. 65. HH's claim that Defendants improperly redacted information ignores this fulsome definition of "Confidential Information." As SRI Limited will further explain at the hearing if necessary and will be prepared to brief pursuant to the process outlined by the Confidentiality Order, the redacted information in these transcripts contains "proprietary business information" and "competitively sensitive . . . business information" key to the operations of the resorts business of SRI Limited and its affiliates, including details regarding corporate structure, accounting and information technology platforms and security incidents that are not public and could adversely impact SRI Limited and its affiliates if they were publicly disclosed. It also includes "personal identity information" such as email addresses. Under the plain terms of the Confidentiality Order, the parties' proposed confidentiality designations were proper in this case.[7] *See also CRubin, LLC v. Escoriaza*, 2020 WL 2542629, at *2 (S.D. Fla. May 19, 2020) (ordering transcripts be placed under seal when they contained "confidential information" including "business strategy").

>    D.    **The common law right of access does not compel disclosure of full, unredacted transcripts.**

Recognizing the designations squarely fall within the definition of "confidential information" previously ordered by this Court, HH pivots to a second argument: that the Confidentiality Order becomes moot if a party decides to merely attach hundreds of pages of discovery to a public filing—without regard to whether that information is necessary to resolving any dispute before this Court. That argument belies common sense and law. Indeed, to allow HH to disclose the full transcripts simply because they are attached to a substantive motion eviscerates

---

[7] HH's conclusory and inflammatory accusation that Defendants designated these transcripts to deprive HH from using this evidence in its opposition brief is belied by the record. Both parties were clearly able to support their briefs by citing to unredacted record testimony—which HH did. And HH could have challenged Defendants' specific line-by-line designations promptly after receiving them if it needed them to support its opposition brief given it knew of the deadline for the filing of that brief well in advance of receiving those designations.

5

the entire purpose of a confidentiality order and is unfaithful to the common law right of access. Contrary to HH's sweeping interpretation, the common law right of access is "limited." "The right attaches only to items which may properly be considered public or judicial records—not to any and all materials produced during discovery—and it can be outweighed by competing interests." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1362 (11th Cir. 2021). Qualification of a judicial record, in turn, depends on "how the document was used by the parties"—in other words, judicial records "support an argument before the court." *Id.* at 1363.

HH's response brief is not premised on the *full* transcripts of Mr. Flores or Mr. Stewart and all exhibits. HH's already-filed response did not cite the entire transcripts, and in fact did not cite a single redacted portion of Mr. Stewart's transcript. It wasn't until 9:33 PM *yesterday*, after SRI Limited called out HH's failure to dispute the facts cited in SRI Limited's motion to dismiss with specific, pinpoint citations to the record, that HH retroactively identified redacted portions in support. Because the entire transcripts were not "used in connection with merits briefing," the entire transcripts, *even if* they are judicial records, are not subject to public disclosure because of the confidential information they contain. *See id.* (holding there was public right of access to documents "used in connection with merits briefing"); *see also Commissioner, Alabama DOC v. Advance Local Media, LLC*, 918 F.3d 1161, 1167 (11th Cir. 2019) (items "integral to the judicial resolution of the merits" are subject to the common law right of access"); *Consumer Financial Protection Bureau v. Ocwen Financial Corp.*, 2018 WL 3118266, at *5 (S.D. Fla. June 25, 2018) (emphasizing the court would reconsider keeping information confidential when such discovery evidence is "relied upon in good faith in regards to a substantive motion").

Even if these entire transcripts were judicial records, that is not the "end of the inquiry." *Id.* "Courts must evaluate whether good cause exists to prevent such access, balancing the asserted right of access against the other party's interest in keeping the information confidential." *Id.* These interests include:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* The confidentiality designations in Mr. Stewart's deposition protect his and his company's privacy and commercial interests and there is most certainly a "less onerous alternative"—

6

attaching, as SRI Limited did—only the portions of testimony cited in HH's opposition brief. *See Ready2Go Aviation LLC v. Galistair Trading Limited*, No. 23-23318, 2023 WL 7545327, at *1 (S.D. Fla. Nov. 14, 2023) (granting motion to seal where "[t]he defendants' legitimate interest in maintaining privacy around commercial information . . . outweighs the public interest in accessing the agreements [], especially because the information does not appear to be central to the Plaintiff's claims."). As for Mr. Flores' deposition,[8] public disclosure of Mr. Flores's comments would cause substantial harm to the business of his former employer and affiliates. Given his lack of foundation for most of his incorrect (and irrelevant) assertions, as well as his admitted bias as to the parties in this litigation, his testimony also has no "reliability." *Id.* SRI Limited has an interest in the propriety information of its business operations and that of its affiliates, and Mr. Flores explicitly testified on these subjects in his deposition, in violation of his own confidentiality obligations. In sum, the private interests of Defendants simply outweigh any tenuous (and unstated) interest HH has in filing unredacted full versions of the deposition transcripts, including those portions of Mr. Flores' deposition it claims are "necessary" to its motion.

## CONCLUSION

Without a sound basis in law to require disclosure of the entirety of both transcripts, HH seeks to invoke the common access principle to require such disclosure. Under HH's interpretation, this allows Plaintiff to take confidential information and place it into the public domain for all to see, which would substantially harm the Defendants. HH makes this argument without demonstrating how such information meets the common access requirements—as evidenced by its refusal to engage in discussions regarding specific designations. In sum, there is no basis for HH's actions other than to embarrass or harass the Defendants and their officers, or to otherwise harm the Defendants' or their affiliates' competitive position. The Court should deny HH's request for relief or at least require HH to wait until Defendants have responded to HH's

---

[8] HH also claims that information obtained from Mr. Flores is not subject to the Confidentiality Order because it was obtained in his personal capacity and / or voluntarily provided to HH. Flores was bound by confidentiality *not* to share these details. Any information he provided defies those prior agreement. In any event, the Confidentiality Order does **not** differentiate between the capacity in which a deponent testifies, nor whether the deposition was obtained by subpoena or voluntary appearance. *All* deposition transcripts may be designated confidential by "a party." Dkt. 65 ¶¶ 1, 2, 4. Furthermore, given that HH solicited information about the operations of SRI Limited, UVI, and UTC during the Flores deposition, the parties certainly have standing to object to public disclosure of that information.

objections to the specific line-by-line designations through the process specified by the Confidentiality Order—so that the scope of the dispute can be narrowed and crystallized (and the relevant standard that would apply to the designation) before deciding whether such objections should be sustained.

Respectfully submitted,

Date: April 17, 2024

By: */s/ Dayron Silverio*
PODHURST ORSECK, P.A.
Peter Prieto (FBN 501492)
pprieto@podhurst.com
Matthew P. Weinshall (FBN 84783)
mweinshall@podhurst.com
Dayron Silverio (FBN 112174)
dsilverio@podhurst.com
One S.E. 3rd Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 358-2800
Facsimile: (305) 358-2382

LATHAM & WATKINS LLP
Matthew W. Walch (*pro hac vice*)
matthew.walch@lw.com
330 North Wabash Avenue, Suite 1000
Chicago, IL 60611
Telephone: (312) 876-7700

Jessica Saba (*pro hac vice*)
Jessica.Saba@lw.com
555 11th St. NW, Suite 1000,
Washington, DC 20004
Telephone: (202) 637-2200

***Counsel for Defendant Sandals Resorts International Limited***
