UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24073-CIV-ALTONAGA/Reid

**HH ADVERTISING, INC.**,

    Plaintiff,

v.

**UNIQUE VACATIONS, INC.**; *et al.*,

    Defendants.

_____/

# AMENDED ORDER[1]

**THIS CAUSE** came before the Court on Defendant, Sandals Resorts International, Ltd.'s Renewed Motion to Dismiss Plaintiff's [Amended] Complaint [ECF No. 124], filed on March 27, 2024.[2] Plaintiff, HH Advertising, Inc., filed a Response [ECF No. 133]; to which Defendant filed a Reply [ECF No. 142]. In the course of briefing the Motion to Dismiss, the parties have each generated an additional Motion for consideration: Defendant's Motion to Strike . . . [ECF No. 143], filed on April 18, 2024, to which Plaintiff filed a Response [ECF No. 148]; and Plaintiff's Motion for Leave . . . [ECF No. 152], filed on April 25, 2024.

The Court has carefully considered the Motions, the parties' written submissions, and applicable law. For the following reasons, the Motion to Dismiss is granted, and the remaining Motions are denied.

---

[1] The April 29, 2024 Order [ECF No. 154] is amended to correct a mistake. (*See generally* Mot. to Correct or Clarify Footnote [ECF No. 156]); *see also* Fed. R. Civ. P. 60(a).

[2] Defendants, Unique Vacations, Inc. and Unique Travel Corporation, are not challenging the Court's jurisdiction over them. Because the Court ultimately dismisses Defendant, Sandals Resorts International, Ltd., it does not reach any arguments about other potential deficiencies in the Amended Complaint. (*See* Resp. 15, 22 n.14; April 4, 2024 Order [ECF No. 127] (instructing Defendants to file a separate motion to dismiss within seven days of the Court's Order on the present Motion)).

## I. BACKGROUND

This case arises from copyright claims by an advertising company against several entities. (*See* Am. Compl. [ECF No. 121] 1, 10).[3] The only issue raised in the Motion to Dismiss, however, is whether the Court has personal jurisdiction over Defendant, Sandals Resorts International, Ltd. (*See generally* Mot.; Resp.; Reply). Plaintiff and Defendant paint two very different pictures of Defendant's identity. The Court describes each in turn.

In its first Complaint [ECF No. 1], filed on October 24, 2023, Plaintiff alleged that Defendant — "either directly or through its alter-ego and agent, [Defendant, Unique Vacations Inc.]" — is located in Florida and "operates, conducts, engages in and/or carries on a business or business venture" in the state. (Compl. ¶ 7 (alteration added)). Plaintiff emphasized Defendant's marketing activities; its maintenance of an interactive website accessible in the state; "[i]ts contracts and agreements with [Plaintiff], which is located in Miami, Florida"; and other assorted activities like payment, advertising, and administrative work allegedly conducted in Florida. (*Id.* (alterations added)).

In December 2023, after Defendant challenged the Court's exercise of personal jurisdiction (*see generally* First Mot. to Dismiss [ECF No. 42]), the Court allowed the parties to engage in jurisdictional discovery (*see generally* Dec. 11, 2023 Order [ECF No. 58]). Then on March 14, 2024, Plaintiff filed the Amended Complaint. (*See generally* Am. Compl.). In its Amended Complaint, Plaintiff alleges Defendant is a Jamaican corporation with "an actual and/or apparent agency relationship" to the other named Defendants. (*Id.* ¶¶ 7–15). It realleges substantial activity by Defendant within the state, including business activities with Plaintiff and through the other

---

[3] Generally, the Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings. Citations to deposition testimony, however, rely on the pagination and line numbering in the original document.

named Defendants. (*See id.* ¶¶ 26–28). Plaintiff also notes that Adam Stewart, an executive with whom Plaintiff communicated, identified himself as "Chairman of Sandals" in his emails and included contact information for "Sandals Resorts International" that was associated with Defendant's offices. (*Id.* ¶ 41; Resp., Ex. 1, Hunter Decl. [ECF No. 133-1] ¶ 13; Mot. 16).

Defendant — pointing to affidavits, declarations, deposition testimony, and other record evidence — calls this a case of mistaken corporate identity. (*See generally* Mot.). According to Defendant, it "provides professional and management services" to "the Sandals family of resorts[,]" but does not conduct any business in the state of Florida. (Mot., Ex. 2, Rainer Decl. [ECF No. 124-2] ¶ 11 (alteration added), *see also id.* ¶¶ 3–10). Instead, Defendant states that its similarly named parent company, Sandals Resorts International 2000 Inc. ("SRI 2000"), is the entity involved with Plaintiffs. (*See id.* ¶ 13; Mot. 3). As Plaintiff seems to acknowledge, "Sandals Resorts International" is the public-facing term for SRI 2000. (*See* Resp. 5, 15).

On January 11, 2024 — after jurisdictional discovery had begun but before the Amended Complaint was filed — Defendant's counsel informed Plaintiff's counsel that SRI 2000, not Defendant, was the entity relevant to Plaintiff's claims, and that the two were "separate companies[.]" (Mot., Ex. 1, Composite [ECF No. 124-1] 107 n.1 (alteration added); *see generally id.* 106–07). In this regard, Defendant continues to maintain that it has no relationship to nor any interest in the substance of Plaintiff's copyright claims. (*See, e.g.*, Mot. 3; *see generally* Rainer Decl.). Moreover, Defendant states that it does not even have a meaningful connection to the state of Florida. (*See* Rainer Decl. ¶¶ 3–13). Consequently, and consistent with its position throughout the months it has been in this case, it seeks to be dismissed for a lack of personal jurisdiction. (*See generally* Mot.).

## II.  LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a claim against it by asserting the defense of lack of personal jurisdiction.  Because "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons[,]" *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (alterations added; citing Fed. R. Civ. P. 4(k)(1)(A)), a federal court sitting in Florida may properly exercise personal jurisdiction only if the requirements of (1) Florida's long-arm statute and (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution are both satisfied, *see Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (citation omitted).

"There are two types of personal jurisdiction: specific and general." *Madara v. Hall*, 916 F.2d 1510, 1516 n.7 (11th Cir. 1990).  "General personal jurisdiction is based on a defendant's substantial activity in [a state] without regard to where the cause of action arose[,]" whereas "specific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within [a state.]" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (alterations added; citations omitted).

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citations omitted).  "The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1286 (S.D. Fla. 2014) (citing *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000)).  Nevertheless, "vague and conclusory allegations . . . are insufficient to establish a

*prima facie* case of personal jurisdiction[.]" *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (alterations added; citation and footnote call number omitted).

If a plaintiff pleads sufficient facts to support the exercise of personal jurisdiction, "the burden shifts to the defendant to make a *prima facie* showing of the inapplicability of the [state's long-arm] statute." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (alteration added; citation omitted). "If the defendant is able to refute personal jurisdiction by sustaining its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own." *Peruyero*, 83 F. Supp. 3d at 1286–87 (citing *Future Tech. Today, Inc.*, 218 F.3d at 1249).

### III. DISCUSSION

As stated, three Motions are before the Court: a Motion to Dismiss, a Motion to Strike, and a Motion for Leave to File Sur-Reply. The Court first addresses the Motion to Dismiss and, concluding that it must be granted, denies the remaining Motions.

**A. Motion to Dismiss**

Defendant does not dispute that, if the allegations in the Amended Complaint are true, it would be properly before the Court. (*See generally* Mot.; Reply). Instead, Defendant argues that Plaintiff's allegations are entirely misguided. (*See* Mot. 3). According to Defendant, Plaintiff "has now sued the wrong Sandals entity in this action twice." (*Id.*).

The Court agrees. Defendant has provided, "through affidavits [and] other competent evidence," sufficient information to show that it and SRI 2000 are distinct entities. *Peruyero*, 83 F. Supp. 3d at 1287 (alteration added); (*see also* Rainer Decl. ¶ 15). Defendant has also shown that Plaintiff's interactions with "Sandals" were with SRI 2000, which is responsible for the kind

5

of business Plaintiff transacted, and not Defendant, whose activities are so unrelated to this case or to Florida that they cannot sustain the exercise of specific personal jurisdiction. (*See, e.g.*, Rainer Decl. ¶¶ 3–13; 15–20). The burden is thus on Plaintiff to "substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own." *Peruyero*, 83 F. Supp. 3d at 1287.

Remarkably, Plaintiff makes virtually no attempt to meet its burden. The thrust of Plaintiff's argument is that the Court must credit its allegation "that it always maintained its relationship with [Defendant] and only interacted with [Defendant], regardless of the creation and introduction of new affiliates like SRI 2000." (Resp. 15 (alterations added)). Not so. As Defendant explains (*see* Reply 4), now that Defendant has "produce[d] affidavits or other evidence that contradicts the plaintiff's prima facie case, [Plaintiff] must [] offer affidavits or other competent proof and not just restate the facts in the complaint." *N. Am. Sugar Indus. Inc. v. Xinjiang Goldwind Sci. & Tech. Co., Ltd.*, 645 F. Supp. 3d 1352, 1363 (S.D. Fla. 2022) (alterations added; citation omitted).

Plaintiff's factual allegations are not up to the task. While Plaintiff broadly asserts that it has "never heard of, nor interacted with" SRI 2000, and that "SRI 2000 was not involved" in any of its dealings (Resp. 2 n.1), the Court can discern only four bases for Plaintiff's statements — two declarations and two depositions. None is convincing. The Court explains.

***Declarations.*** First, Plaintiff offers two declarations from its employees stating in conclusory fashion that they worked with "Sandals Resorts International, Ltd." (Hunter Decl. ¶ 3; *id.*, Ex. 2, Ludwick Decl. [ECF No. 133-2] ¶ 4). As Defendant notes, however, Plaintiff's employees do not establish a basis for their statements; nor is the Court persuaded that their description of the Sandals corporate structure should be credited over the descriptions provided by

those with personal knowledge of it. (*See* Reply 6 (citing *McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1345 (S.D. Fla. 2017) ("Affidavits submitted in support of or in opposition to a motion to dismiss for lack of personal jurisdiction must set forth specific factual declarations within the affiant's personal knowledge." (citation and quotation marks omitted))).

Certainly, the fact that one of Plaintiff's employees had "never heard of nor communicated with anyone from . . . SRI 2000" is not itself proof that SRI 2000 did not exist or that SRI 2000 was not the entity interacting with the employee. (Hunter Decl. ¶ 7 (alteration added)). As explained in deposition testimony that Plaintiff itself quotes (*see* Resp. 5, 15), "Sandals Resorts International" is "a generically used term [in] the forward-facing marketplace" that refers broadly to "what the world sees the brand as." (Second Not., Ex. 1, Stewart Dep. [ECF No. 149-1] 134:21–25 (alteration added)). Consequently, the term "SRI 2000" is not used "in the marketplace"; instead, "Sandals Resorts International" is used when discussing that entity. (*Id.* 133:17–135:1).

Similarly, the fact that Plaintiff's employee received emails from Stewart from an email address associated with Defendant does not show that Plaintiff was engaged in business with Defendant. (*See* Hunter Decl. ¶ 13). To the extent Plaintiff wishes to suggest Stewart wrote these emails on Defendant's behalf, and not SRI 2000's, it has provided no evidence to rebut declarations and deposition testimony establishing that Stewart's work on these matters was performed for SRI 2000. (*See* Stewart Decl. ¶¶ 2–5; Rainer Decl. ¶¶ 11–14; Stewart Dep. 88:23–89:3; 91:4–21; 137:3–23). The fact that Stewart may have used an email associated with Defendant to conduct business on behalf of SRI 2000 does not itself establish that Defendant is properly before the Court, and, as discussed below, Plaintiff does not clearly raise any argument that would build on this supposition. *Cf. MeterLogic, Inc. v. Copier Sols., Inc.*, 126 F. Supp. 2d 1346, 1355 n.7 (S.D. Fla. 2000) (rejecting that an employee's use of a company letterhead reflected the company's

7

authorization of its employee's other employer as its agent because the plaintiff "failed to refute" that the plaintiff's other employment "was independent of his work" for the company and because "Florida courts have held that logos or trademark symbols alone do not create an apparent agency" (citations omitted)).

***Depositions.***   Next, Plaintiff relies on two depositions to show there was some overlap in the management and function of various Sandals entities. (*See generally* Resp. to Mot. to Strike, Ex. 2, Flores Dep. [ECF No. 148-2]; Stewart Dep.). Plaintiff is not entitled, however, to simply assert its own description of the Sandals corporate structure without laying the necessary foundation. Defendant has established the existence of SRI 2000 and shown that it is the relevant Sandals entity here. (*See generally* Stewart Decl.; Rainer Decl.). The depositions Plaintiff cites are not "competent proof" to the contrary. *N. Am. Sugar Indus. Inc., Ltd.*, 645 F. Supp. 3d at 1363.

To begin, the Court notes that Plaintiff's argument requires some generous interpretation. Plaintiff's half-hearted assertion that the "Sandals entities operated as one company" arises only in the context of alleging relationships between the named Defendants, and does not, on its face, address Defendant's arguments about SRI 2000. (Resp. 4–5 (citation omitted)). This is largely consistent with Plaintiff's general approach of treating SRI 2000 as irrelevant, uninvolved, or perhaps non-existent. (*See id.* 2, 15; Am. Compl. ¶¶ 7–15 (alleging agency relationships between named Defendants but not SRI 2000)).

Later in its Response, Plaintiff advances a conclusory argument that the Court should reject Defendant's assertions about SRI 2000 because "Sandals has consistently and pervasively failed to maintain corporate formalities and identities." (Resp. 15). It insists that the Court should not dismiss Defendant but rather defer ruling on an unelaborated question involving "the nature and scope of the agency relationship" until further facts are developed — notwithstanding the

jurisdictional discovery the parties have already undertaken and completed with time extensions given. (*Id.*; *see also* Feb. 22, 2024 Order [ECF No. 98]).

Plaintiff's citations to deposition testimony shed feeble light on this argument. (*See generally* Mot; Not.). In its Notice, Plaintiff cites to portions of the transcripts where Stewart acknowledged that he conducted business for SRI 2000 using an email address associated with his time working for Defendant. (*See* Not. 6; Stewart Dep. 25:16–18, 71:10–22; 87:6–24; 105:25–107:2; 107:11–25; 110:10–112:9; 114:15–19).[4] Similarly, Plaintiff calls the Court's attention to statements by Valentin Flores, a former chief information officer for what Flores described as "all the companies" in the Sandals umbrella. (*See* Not. 3, 6; Flores Dep. 45:8–19). According to Flores, SRI 2000 and Defendant shared information technology infrastructure (*see* Flores Dep. 102:2–15; 122:19–123:3); and Stewart's father, during his leadership of Sandals, "decided everything" and would discuss "multiple things, multiple issues, multiple decisions affecting Sandals as a group" (*id.* 69:17–70:3).[5]

These citations might be construed as an argument that Defendant's failure to maintain its corporate form renders it liable for SRI 2000's actions. Conceivably, Plaintiff could proceed under one of three theories: "(1) an alter ego theory to pierce the corporate veil; (2) vicarious liability based on general agency principles; or (3) direct liability where the parent directly participated in the wrong complained of." *Alvarez Galvez v. Fanjul Corp.*, 533 F. Supp. 3d 1268, 1283–84 (S.D. Fla. 2021) (alteration added; citation and quotation marks omitted). Plaintiff's reference to an

---

[4] Plaintiff also references overlaps in office space, telephone numbers, and other associated identifiers. (*See, e.g.*, Resp. 15–16).

[5] When asked directly about "the legal relationship between" Defendant and SRI 2000, Flores was only able to make vague statements about payment and email servers. (Flores Dep. 102:2–20).

9

"agency relationship" could reflect an intent to proceed under a vicarious liability theory.[6] Perhaps this is also what Plaintiff means when it indicates that it would like the opportunity to "further address . . . the Newly Unredacted Testimony in support of Plaintiff's existing arguments for personal jurisdiction." (Mot. for Leave ¶ 27 (alteration added)).

In any event, the Court is not persuaded. Plaintiff may well benefit from "the opportunity to present the remainder of the evidence supporting its argument[,]" but as Plaintiff recognizes, a sur-reply would not allow it to introduce new arguments. (*Id.* 10 (alteration added)). Unfortunately for Plaintiff, no actual argument on this point already exists in the record. Indeed, the issue here is not just that Plaintiff has failed to brief arguments about the Sandals corporate form; the fundamental deficiency is Plaintiff's decision to leave SRI 2000 out of its Amended Complaint entirely. (*See generally* Am. Compl.).[7] Without any reference to SRI 2000, the Court is entirely in the dark as to what relationship Plaintiff seeks to allege, much less whether any such relationship exists or why such a relationship is responsive to Defendant's arguments.

No amount of briefing can cure this shortcoming, which is a pleading defect. *See, e.g.*, *Cabrera v. Gov't Emps. Ins. Co.*, 452 F. Supp. 3d 1305, 1314–15 (S.D. Fla. 2014) ("If a plaintiff's theory of recovery is premised on vicarious liability, *the complaint* must set forth sufficient factual allegations to support a vicarious liability claim." (collecting cases; emphasis added)); *Dream*

---

[6] It bears noting that the corporate veil cannot be pierced solely on the basis of overlapping ownership or management. *See, e.g.*, *First Auto. Serv. Corp., N.M. v. First Colonial Ins. Co.*, No. 07-cv-682, 2008 WL 816973, at *6 (M.D. Fla. Mar. 25, 2008).

[7] Plaintiff seems to concede that it learned of SRI 2000's existence before the Amended Complaint was filed. (*See* Resp. 15 (claiming "Plaintiff had no knowledge of SRI 2000's existence until after the filing of this lawsuit when Sandals claimed SRI 2000 owned the Works" and citing, as support, declarations and depositions made and taken before the Amended Complaint was filed)). The Court also notes that Defendant's first Motion to Dismiss, filed on December 4, 2023 and also accompanied by a declaration, noted SRI 2000's existence, albeit in less detail. (*See* First Mot. to Dismiss 5).

*Custom Homes, Inc. v. Modern Day Constr., Inc.*, 773 F. Supp. 2d 1288, 1310–11 (M.D. Fla. 2011) (describing application of vicarious liability principles to copyright claims).[8]

The Court recognizes that the Sandals corporate structure may be confusing to an outsider. But "corporations are legal entities that should sue and be sued in their corporate name, and the corporate name must be strictly used in pleadings." *Cohen v. Burlington, Inc.*, No. 18-cv-81420, 2020 WL 1033349, at *6 n.8 (S.D. Fla. Mar. 3, 2020) (citations and quotation marks omitted); *see also Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-cv-04414, 2013 WL 1661018, at *15 (D.N.J. Apr. 17, 2013) (explaining that a plaintiff "has the burden of naming the proper defendants to its case and cannot simply name a corporation hoping that it will catch all related corporate entities" (citations omitted)). Further, the "somewhat confusing" relationship between those entities "does not directly refute" properly presented evidence that Plaintiff targeted the incorrect entity for suit. *Sportscare of Am.*, 2013 WL 1661018, at *15 (concluding that a parent company was not the correct defendant despite use of its name on documents). This is especially true here, where Plaintiff received notice of an appropriate corporate defendant well in advance of filing its Amended Complaint. (*See* First Mot. to Dismiss 5; Composite 106–07).

At bottom, Plaintiff offers nothing of substance to contradict Defendant's assertions that: SRI 2000 is a related, but separate, entity from Defendant; SRI 2000, and not Defendant, is the one with an interest in this action; Defendant has no connection to this state; and Plaintiff was aware of this before filing its Amended Complaint. (*See generally* Resp.). Remarkably, Plaintiff

---

[8] Plaintiff also fails to explain why or how, even if there were an agency relationship giving rise to vicarious liability, Defendant — and not SRI 2000 — is the proper party here.

barely acknowledges the argument at the heart of Defendant's Motion or the record evidence supporting it.  Without more, the Court will not exercise personal jurisdiction over Defendant.[9]

### 2. Other Motions

The resolution of the Motion to Dismiss renders the remaining Motions unnecessary.  The Court explains.

First, the Motion to Strike.  The parties have engaged in a prolonged dispute over whether certain portions of deposition testimony are confidential.  (*See generally* Mot. for Leave to File Under Seal Deposition Trs. . . . [ECF No. 128]); Resp. to Mot. to Seal [ECF No. 133]; Mot. to Strike; Resp. to Mot. to Strike).  The Magistrate Judge resolved the issue at hearings held after the filing of the present Motion to Dismiss.  (*See* [ECF Nos. 127, 147]).  Plaintiff filed revised, redacted transcripts, which Defendant asks the Court to strike.  (*See generally* Flores Dep.; Stewart Dep.; Mot. to Strike).  Because the undersigned has reviewed the transcripts and does not see anything altering its conclusion regarding the personal jurisdiction challenge, the arguments in the Motion to Strike need not be reached.

Similarly, Plaintiff's Motion for Leave to File Sur-Reply is premised on Plaintiff's desire to address two issues: (1) the declaration of Michael Blanco; and (2) the introduction of its revised, redacted transcripts.  (*See* Mot. for Leave ¶ 27).  These issues do not give rise to "a valid reason for such additional briefing[.]"  *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (alteration added; citation and quotation marks omitted).

---

[9] Plaintiff argues briefly that the Court can exercise general personal jurisdiction over Defendant because of co-Defendant Unique Vacations, Inc.'s activities in the state, but again, accepting this argument would require the Court to reject Defendant's well-supported explanation that SRI 2000, and not Defendant, is the entity with a relationship or connection to the other named Defendants.  (*See* Resp. 12–15).  Plaintiff has not alleged anything that would allow the Court to reach this conclusion.  (*See generally* Am. Compl.).

Regarding the first issue, the Court has not relied on the Blanco Declaration in reaching its decision. *Cf. id.* (noting that "a district court can abuse its discretion by failing to give the opposing party a chance to respond to materials presented for the first time in a reply brief and instead granting summary judgment *on the basis of that evidence*" (collecting cases; emphasis added)). Regarding the second issue, the Court has already explained that additional briefing cannot remedy Plaintiff's failure to make, in the first instance, whatever argument it seeks to bolster. True, a sur-reply may be appropriate "for the purposes of ensuring that the Court has a full understanding of the arguments of each party." *Innovative Health & Wellness, LLC v. Geico Gen. Ins. Co.*, No. 08-60796-Civ, 2008 WL 3910979, at *1 n.1 (S.D. Fla. Aug. 25, 2008). But the argument on which Plaintiff seeks to elaborate must already appear in the record. *See In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived." (citations omitted)). The Court discerns no such argument and thus requires no additional briefing.

## IV. CONCLUSION

Plaintiff learned shortly after it filed its Complaint that it may have targeted the incorrect defendant. Rather than correct its error, it elected to file an Amended Complaint and, without offering any evidence of its own, ask the Court to credit a description of Defendant completely divorced from what the evidence shows. This, the Court will not do. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Renewed Motion to Dismiss Plaintiff's Complaint **[ECF No. 124]** is **GRANTED** as to Defendant, Sandals Resorts International, Ltd. only.

2. Defendant's Motion to Strike . . . **[ECF No. 143]** and Plaintiff's Motion for Leave to File Sur-Reply . . . **[ECF No. 152]** are **DENIED**.

3.  Per the Court's previous instruction, the remaining Defendants, Unique Vacations, Inc. and Unique Travel Corporation, shall file their combined response or separate answers to the Amended Complaint by **May 7, 2024**.  (*See* April 4, 2024 Order 1).

**DONE AND ORDERED** in Miami, Florida, this 6th day of May, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record