# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| HH ADVERTISING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:23-cv-24073-CMA |
| v. | ) |
| | ) |
| UNIQUE VACATIONS, INC., AND | ) |
| UNIQUE TRAVEL CORP., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS UNIQUE VACATIONS, INC. AND UNIQUE TRAVEL CORP.'S COMBINED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

NORVELL IP LLC
Joseph V. Norvell, Esq.
(admitted *pro hac vice*)
Michael K. Johnson, Esq.
(admitted *pro hac vice*)
Ian M. Betts, Esq.
(admitted *pro hac vice*)
Blake M. Carey, Esq.
(admitted *pro hac vice*)
courts@norvellip.com
PO Box 2461
Chicago, IL 60690
Telephone: (888) 315-0732

BRITO PLLC
Alejandro Brito, Esq.
2121 Ponce de Leon Blvd Suite 650
Coral Gables, FL 33134
Telephone: (305) 520-7633

*Attorneys for Defendants Unique Vacations, Inc. and Unique Travel Corp.*

I.      **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Unique Vacations, Inc. ("UVI") and Unique Travel Corp. ("UTC") (together, "Defendants") move to dismiss plaintiff HH Advertising, Inc.'s ("Plaintiff" or "HH Advertising") First Amended Complaint [Dkt. 121] ("Amended Complaint") and its accompanying exhibits [Dkt. 122] ("Corrected Exhibits").

First, the Court must dismiss Plaintiff's claims for a declaratory judgement of copyright ownership (Count I) and infringement (Count II) because Plaintiff's alleged "Works" include unregistered copyrights. The U.S. Copyright Act, as affirmed by U.S. Supreme Court precedent, recognizes that alleged unregistered copyright interests do not provide fair notice to defendants or a plausible ground for copyright claims. *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com*, LLC, 139 S. Ct. 881, 887 (2019).

Second, Plaintiff's claimed "Works" encompass a boundless and unnumbered amount of advertising materials that Plaintiff allegedly originated during an approximately 30-year contractual relationship with UVI and UTC. Plaintiff claims the exclusive rights to these undefined number of "Works," and simultaneously alleges that UVI and UTC are infringing each of these "Works" that date back to as early as 1992. Thus, based on Plaintiff's indefinite definition of "Works," Counts I and II of the Amended Complaint do not provide fair notice to UVI and UTC of the scope of Plaintiff's alleged copyrights, and do not set out a plausible claim for relief under the *Iqbal* standard.

Last, even if the Court determines that Plaintiff adequately pleaded a claim for declaratory judgment for ownership, the copyright infringement claim (Count II) also fails because Plaintiff neglected to: (1) identify the specific original works that are infringed by both UVI and UTC; and (2) allege requisite facts and the timeframe during which the alleged infringement occurred, as specifically required under the Southern District's *Klinger* test.

## II. BACKGROUND

The underlying dispute between the parties is based on a breakdown of an approximately 30-year relationship between Plaintiff, an advertising agency, and UVI and UTC. Over the course of the contractual relationship between these parties, thousands of works were created by UVI and UTC individually, or in collaboration with Plaintiff.

Plaintiff's Amended Complaint was filed on March 14, 2024, after the conclusion of a brief jurisdictional discovery period following co-defendant Sandals Resorts International Ltd.'s ("SRI Limited") motion to dismiss [Dkt. 42] Plaintiff's original complaint [Dkt. No. 1]. The Court subsequently granted SRI Limited's renewed motion to dismiss [Dkt. 154], and only UVI and UTC remain as defendants in the proceedings. On March 19, 2024, five days after Plaintiff's Amended Complaint was due, Plaintiff filed a "Notice of Filing Corrected Exhibits A, B, and D." [Dkt. 122]. Notably, these "corrected" exhibits included references to additional claimed copyrighted works not referenced in the original Amended Complaint.

Plaintiff's Amended Complaint includes two claims for relief: (1) a declaratory judgment for exclusive ownership of alleged copyrighted "Works" and other "supplemental relief" pursuant 28 U.S.C. §§ 2201 and 2202; and (2) infringement of each of these same "Works" by UVI and UTC pursuant to 17 U.S.C. § 101, *et seq.* Plaintiff's Amended Complaint includes an attempt to define the "Works" that Plaintiff alleges that it exclusively owns in Count I, and that are being infringed in Count II. Below are the paragraphs of the Amended Complaint that form Plaintiff's definition of "Works:"

> Para. 31: From 1992 until mid-2021, HH Advertising originated a large body of creative works for the benefit of Sandals Parties, consisting of advertising materials, advertisements, photographs, videos, commercials, and other works of authorship in connection with various projects for the Sandals Parties. …

3

>Para. 36: HH Advertising is the owner of all rights in such works[1], including all rights of copyright in the photographs, digital images, film, video, and other images, whether still or in motion, either by assignment from independent contractors or as works for hire, in the case of works created by HH Advertising employees (collectively "the Pre-2021 Projects").
>
>Para. 37: HH Advertising registered its copyright in many of the Pre-2021 Projects with the U.S. Copyright Office as set forth in Composite Exhibit "A" hereto, which contains a description of the copyrighted work and the copyright registration or application numbers.
>
>Para. 38: HH Advertising registered many of the Commercials it created with the U.S. Copyright Office as set forth in Composite Exhibit "B" hereto, which contains a description of the copyrighted works and the copyright registration or application numbers.
>
>Para. 39: The Pre-2021 Projects and the Commercials (collectively the "Works") are owned exclusively by HH Advertising. …
>
>Para. 45: Photographic Materials are defined in the 2021 Assignments as "Photographer's video and photographic materials created in connection with or for the Project" but does not include the resulting creative content (the "Commercials") which were created by HH Advertising.

A plain reading of the Amended Complaint shows that Plaintiff's definition of the "Works" is not clearly bound by any timeframe, and there is no defined number of works that Plaintiff alleges to be a part of the "Works." Further, Plaintiff claims rights to "all rights in such works" in Para. 36, but "such works" is not clearly described or defined in any of the preceding paragraphs. Moreover, in Paras. 37 and 38, Plaintiff alleges that it registered "many" of the claimed "Works" with the U.S. Copyright Office, but, by Plaintiff's own admission, it did not register each of the "Works." Thus, Plaintiff's own definition of the alleged "Works" includes unregistered copyrights.

---

[1] The preceding Paras. 32–35 do not discuss works at all (e.g., there are allegations about where Adam Stewart went to high school), which makes the use of the term "such works" in Para. 36 entirely unclear. Presumably, Plaintiff is referring back to the works discussed in Para. 31, but that is not stated in the Complaint.

Plaintiff's complaint was first filed on October 24, 2023 [Dkt. No. 1] ("Original Complaint"), and did not present a wholly ambiguous and undefined definition of "Works." Specifically, Plaintiff's Original Complaint defined the term to cover only the pleaded, alleged copyright registrations for which Plaintiff sought a declaratory judgment for exclusive ownership. *See* Original Complaint at ¶ 14, 18, & 19. Thus, Plaintiff's Original Complaint did not present the issues raised in this Motion. Following the jurisdictional discovery period, Plaintiff added an additional claim for infringement, and impermissibly expanded and indefinitely broadened its definition of the "Works" at issue on both its declaratory claims regarding ownership and its claims for infringement.

### III. LEGAL STANDARD

#### A. The Amended Complaint Must State a Claim for Plausible Relief and Provide Fair Notice

A complaint that does not contain sufficient facts to state a claim for relief that is plausible on its face must be dismissed. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Ultimately, a plaintiff's complaint must "give the defendants fair notice of the claims and grounds upon which the claims rest as required by [Fed. R. Civ. P.] 8(a)." *Turner v. Williams*, 65 F.4th 564, 575 (11th Cir. 2023). Federal Rule of Civil Procedure 8(a) requires that a complaint contain, in relevant part: (1) a short statement of the claim showing that the Plaintiff is entitled to relief; and (2) a demand for the relief sought.

This pleading standard "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Inadequate claims should be exposed at the pleadings level, at the point of minimum expenditure of time and money by the parties and the Court. *Twombly*, 550 U.S. at 558. Further, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]

5

devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Restating the plausibility standard, the 11th Circuit notes that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief," and, therefore, is subject to dismissal. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*).

### B. Specificity and Heightened Requirements for Plaintiff's Copyright Claims

Indeed, in order to satisfy Fed. R. Civ. P. 8's fair notice pleading requirements, there is a heightened requirement for copyright claimants to register all claimed works with the U.S. Copyright Office before commencing a lawsuit for infringement or seeking declaratory relief for ownership.

A copyright claimant must comply with 17 U.S.C. § 411(a)'s requirement that "registration of the copyright claim has been made," before filing a complaint. "[R]egistration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Wall-Street.com*, 139 S. Ct. at 887 (dismissing claim for unregistered copyrights and holding that § 411(a) requires the completion of the copyright registration process with the U.S. Copyright Office before commencing infringement action.). In addition to requiring registration for infringement actions, Courts have specifically applied this registration requirement and dismissed actions for declaratory judgment of copyright ownership. *See Foundation for Lost Boys v. Alcon Entm't, LLC*, 2016 WL 4394486, at *7 (N.D. Ga. 2016) (interpreting registration requirements of § 411(a) and dismissing declaratory judgment claim when plaintiffs did not register their copyrights before filing suit). Therefore, unregistered copyrights cannot be a basis upon which relief is granted, based on a plain reading of the U.S. Copyright Act and the Supreme Court's holding in *Wall-Street.com*. 139 S. Ct. at 887.

In addition to pleading the required copyright registration for each of the alleged works in question, the Southern District also considers the following "*Klinger*" factors when determining whether plaintiff has met is burden to sufficiently plead the following in an infringement claim: (a) the complaint identifies the original work that is the subject of the copyright claim; (b) that the plaintiff owns the copyright in the work; and (c) by what acts and during what time the defendant has infringed the copyright. *Klinger v. Wkly. World News, Inc.*, 747 F. Supp. 1477, 1481 (S.D. Fla. 1990). In particular, the identification of the nature of the alleged infringement must be supported beyond speculative, bald, and conclusory statements. *See Davis v. Raymond*, 2012 WL 12868729, at *4 (S.D. Fla. Nov. 30, 2012) (dismissing copyright claim for failure to state a claim due to plaintiff's conclusory statements that defendants "copied" and "commandeered" plaintiff's work, without any specific allegations demonstrating clear copying).

### IV.    ARGUMENT

#### A. Counts I and II of Plaintiff's Amended Complaint Improperly Claims Relief for Ownership and Infringement of Unregistered Works

The Court must dismiss Plaintiff's Amended Complaint for a declaratory judgment for ownership of the alleged "Works" (Count I), and infringement of these "Works" (Count II) because the Amended Complaint seeks relief for unregistered copyrights. Because a plaintiff cannot seek relief for either copyright ownership or infringement on unregistered copyrights, Plaintiff failed to plead a permissible basis for relief in either Count.

In particular, Plaintiff's Amended Complaint includes claims for relief for exclusive ownership and infringement of unregistered copyrighted works. Specifically, in Paras. 37 & 38 of the Amended Complaint, Plaintiff alleges that it registered "many" of the claimed "Works" with the U.S. Copyright Office. By Plaintiff's own admission in its definition of the operative term

"Works," Plaintiff did not register each of the "Works" that Plaintiff claims that it owns exclusively and are infringed.

As set forth by the Supreme Court in *Wall-Street.com*, the U.S. Copyright Act does not permit Plaintiff to file a lawsuit for infringement for works that include unregistered copyrights. 139 S. Ct. at 887 (dismissing claim for unregistered copyrights and holding that 17 U.S.C. § 411(a) requires the completion of the copyright registration process with the U.S. Copyright Office before commencing infringement action.).

With respect to Count I, although 17 U.S.C. § 411(a) does not expressly reference declaratory relief for copyright ownership, Congress and the Supreme Court's reasoning in *Wall-Street.com* clearly intended for the registration requirement to apply to actions for declaratory relief for copyright ownership. *Id.* ("registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing"). The Northern District of Georgia addressed the exact issue and properly found that an action for a declaratory judgement of ownership must be dismissed when the plaintiff does not own a registration for the works at issue. *See Foundation for Lost Boys*, 2016 WL 4394486, at *7 (dismissing declaratory judgment claim when plaintiffs did not register their copyrights prior to filing suit). This ruling is proper, particularly in this case, when Plaintiff is seeking relief for infringement and ownership of the same alleged unregistered copyright interests.

Furthermore, even Plaintiff's request for relief for its declaratory judgment claim for "ownership" under Count I includes an express demand for a finding that UVI and UTC infringed the "Works":

> (b) Declaring that the [Defendant]s' continued use of the Works be deemed infringing, and including use by [Defendant]s' officers, agents, subsidiaries, affiliates, partners, and employees.

Amended Complaint at p. 11. Thus, Plaintiff's declaratory judgment claim for ownership is actually a claim for infringement in disguise, further supporting the application of the registration requirement set forth in § 411(a) and *Wall-Street.com* to Count I.

In sum, Plaintiff's own definition of "Works" that gives rise to both Counts I and II includes unregistered "Works." By failing to register each of the "Works," Plaintiff's Amended Complaint does not state a valid legal basis or plausible claim for relief for a declaratory judgement for copyright ownership or for copyright infringement. Accordingly, based on Plaintiff's failure to establish this baseline registration requirement alone, the Court must dismiss Plaintiff's Amended Complaint, pursuant to Rule 12(b)(6), in its entirety.

> **B. Counts I and II of Plaintiff's Amended Complaint Also Must Be Dismissed Because the Claimed "Works" are Defined Indefinitely, and, Therefore, Do Not Provide Fair Notice to Defendants of the Claims, and Cannot Create a Basis for Plausible Relief Under *Iqbal* and Its Progeny**

Plaintiff's Amended Complaint also fails to state a plausible claim for relief for both Count I for a declaratory judgment for ownership of "Works," and Count II for infringement of these same "Works" because Plaintiff's own definition of this key term "Works" is wholly vague and indefinite. *See Iqbal*, 556 U.S. at 678 ("labels and conclusions" with "naked assertion[s] devoid of further factual enhancement" fail to meet baseline pleading requirements of FRCP 8(a)). Fed. R. Civ. P. 8 and the Supreme Court in *Iqbal* collectively mandate that Plaintiff identify the specific, identifiable relief that the Court may grant, identify the foundation for these claims, and provide Defendant with fair notice of these allegations and claims.

Plaintiff's Amended Complaint fails to provide this notice because the Court and Defendants cannot conceivably identify the indefinite volume of the "Works" for which Plaintiff claims exclusive ownership and infringement. Plaintiff alleges that it "originated a large body of creative works," consisting of vaguely stated "advertising materials" and "other works of

9

authorship" for UVI and UTC. Amended Complaint at ¶31. Plaintiff alleges that these works were "originated" from "1992 until mid-2021." *Id.* Thus, Plaintiff's own definition of "Works" in unbound in the number (i.e., "large body") of claimed works and encompasses a nearly 30-year period. However, there is no specific cutoff for when the first claimed work was created, or when the last work was created. Further, in Para. 36, Plaintiff claims that it is the owner of "all rights in such works, including all rights of copyright in the photographs, digital images, film, video, and other images, whether still or in motion, either by assignment from independent contractors or as works for hire, in the case of works created by HH Advertising employees[.]" Again, the reference to "such works" is not clear, and it does not incorporate by reference any previously-stated or clearly identified set of works. Instead, the use of "such works" was presumably intentionally vague. Such vague and bald statements regarding claimed ownership and infringement of unspecified "Works" is the exact form of bald and ungrounded pleadings that are insufficient to survive a motion to dismiss, pursuant to *Iqbal* and FRCP 12(b)(6). 556 U.S. at 678.

For example, in *Jack Bartlett*, the court granted the defendants' motion to dismiss, pursuant to FRCP 12(b)(6), due to discrepancies and unclear statements regarding the descriptions of the work that plaintiff alleged were infringed in an amended complaint. 2007 WL 121218, at *1 (M.D. Fla. Jan. 11, 2007). The description of the works pleaded in *Jack Bartlett* is no greater than the description of Plaintiff's "Works" in the instant case, and the Court should similarly grant Defendants' Motion to Dismiss Counts I and II under the *Iqbal* standard and FRCP 12(b)(6). 556 U.S. at 678.

To the extent that Plaintiff may argue that its references to alleged copyright registrations provide a framework to evaluate its claims, these alone do not provide sufficient notice based on the relief sought by Plaintiff. In an attempt to provide some form of specificity, Plaintiff will likely

cite to its Corrected Exhibits A and B in its Amended Complaint that purport to relate to advertising works that are allegedly registered with the U.S. Copyright Office. *See* Amended Complaint at ¶37 and 38; Corrected Exhibits [Dkt. 122]. Oddly, none of the alleged dates and creation years for these alleged registered works are from earlier than 2001, despite Plaintiff claiming rights to works in that originated as early as 1992 in the Amended Complaint. Accordingly, there is a nearly 10-year gap of unidentified and unspecified claimed "Works" for which Plaintiff seeks relief. Further, Plaintiff does not describe the specific contents or nature of any of the "Works" that are alleged in the Corrected Exhibits, or provide any images of the claimed registered "Works," such that UVI and UTC could be placed on reasonable notice of claims related only to the registered "Works." Accordingly, the Amended Complaint must be dismissed in its entirety pursuant to FRCP 12(b)(6).

    **C.**    **Plaintiff's Copyright Infringement Claim (Count II) Also Fails to Meet Additional Heightened Pleading Requirements of *Klinger***

Should the Court find that Plaintiff met its burden to plead registrations for each of the "Works" at issue, and that Plaintiff's definition of "Works" somehow satisfies the requirements of *Iqbal*, such that the declaratory judgement claim for ownership (Count I) survives this Motion, the Amended Complaint still fails to adequately allege facts to support two of the prongs of the four-factor *Klinger* test, which are required to meet the additional heightened pleading standard for Plaintiff's copyright infringement claim (Count II). 747 F. Supp. at 1481[2]. In particular, Plaintiff did not sufficiently: (1) identify the specific original works that are or were infringed by

---

[2] Plaintiff notes that the first *Klinger* factor is ownership of a copyright registration for the alleged works that are infringed, which was not met, as detailed in Section IV.A. An additional *Klinger* factor is pleading ownership of claimed works at issue. Defendants UVI and UTC recognize that the Amended Complaint includes a conclusory allegation that Plaintiff "owns" all of the "Works," and and that Plaintiff's Declaratory Judgment claim addresses its ownership claim. Simply stated, UVI and UTC dispute the factual merits of Plaintiff's allegations of ownership, and submits that it will be unable to establish this *Klinger* factor at trial.

11

both UVI and UTC; and (2) allege requisite facts and timeframe during which the alleged infringement occurred.

### 1. The Amended Complaint Does Not Identify the Specific Original Works that are the Subject of the Infringement Claim

Notably, the Amended Complaint does not provide the requisite identity of the specific, original works that are the subject of the infringement claim. As detailed in the discussion of *Iqbal* standard above, the Amended Complaint contains an unintelligible and indefinite definition of the claimed "Works." Plaintiff's vague definition of "Works" encompasses, in theory, tens of thousands of "Works." Plaintiff alleges that all of the indefinite and unnumbered "Works" are being infringed by UVI and UTC. *See* Amended Complaint ¶ 67. Despite including what appears to entail thousands of claimed "Works" in the copyright infringement claim, if not more, Plaintiff merely included a "Corrected Exhibit" that appears to label certain images on a website screengrab with what appear to be purported numbers for copyright registrations that are alleged by Plaintiff.

However, Plaintiff's infringement claims are not limited to registered copyrights, as Plaintiff intentionally included alleged unregistered copyrights in its definition of "Works." There is no clear connection that shows any of the original claimed "Works," i.e., images, descriptions, or details, such that UVI or UTC could reasonably be placed on notice of each of the "Works" that Plaintiff is alleging that UVI or UTC infringed. Plaintiff's approach to cast a broad net to capture a seemingly endless library of "Works," and argue that each of these "Works" are the subject of the infringement claim is the type of "naked assertion devoid of further factual enhancement" that *Iqbal* prohibits. 556 U.S. at 678. Plaintiff did not meet its burden to merely provide a clear and concise statement of which of the specific original "Works" are subject to the claim. Accordingly, Plaintiff failed to adequately plead this prong of the *Klinger* test, and its claim for copyright infringement must be dismissed on this basis alone.

### 2. The Amended Complaint Does Not Allege Specific Acts and Time During Which Infringement Occurred

The Amended Complaint is also void of the necessary, identifying information describing the timing and acts of UVI or UTC that infringed Plaintiff's claimed rights in the "Works," and, therefore, fails to satisfy this element of the *Klinger* test.

Plaintiff did not plead how or when each of the seemingly boundless number of "Works," such as those that Plaintiff alleged were created back in the 1992, are being infringed by UVI and UTC at the time of filing the Amended Complaint. The Amended Complaint merely alleges that UVI and UTC are infringing the "Works" based on their "continued and pervasive use of the Works including on their website(s) and via advertising channels such as commercials, brochures, and other printed materials onsite at their hotels and resorts." ¶ 67. However, this bald, conclusory statement and a single Exhibit that claims to show only some of the alleged "Works" is not sufficient to place UVI and UTC on notice of their actions that are infringing the countless and unnumbered volume of "Works." *See Davis v. Raymond*, 2012 WL 12868729, at *4 (S.D. Fla. Nov. 30, 2012) (dismissing copyright claim for failure to state a claim due to plaintiff's conclusory statements that defendants "copied" and "commandeered" plaintiff's work, without any specific allegations demonstrating clear copying). Much more detailed allegations are required to satisfy this factor.

For example, in *Jack Bartlett*, the court required that the complaint "separate each alleged act by each defendant into individually numbered paragraphs; separate the exclusive right(s) in the copyrighted [w]ork held by each plaintiff; separate the claim of each [p]laintiff against each defendant; allege when or during what time period the defendant(s) infringed the copyright; and allege which defendant(s) violated which exclusive right(s)." 2007 WL 121218, at *3 (M.D. Fla. Jan. 11, 2007) (granting dismissal of copyright claims pursuant to 12(b)(6)). Here, Plaintiff made

no such attempt to provide any sort of specificity, or "connect the dots," and instead made sweeping generalizations as to all named defendants and provided only one exhibit showing purported infringing activity when Plaintiff is asserting 30-years' worth of copyrighted works.

Thus, absent concise statements and corresponding sufficient detail to allege how and when UVI and UTC infringed each of the "Works," the Amended Complaint fails to meet the minimum pleading standards for a copyright infringement claim, under *Klinger*. On this additional independent basis alone, Plaintiff's infringement claim must be dismissed.

## V.  CONCLUSION

For the foregoing reasons, Defendants UVI and UTC respectfully request that the Court grant the instant Motion to Dismiss Plaintiffs' Amended Complaint in its entirety with prejudice, and enter the proposed Order.

Dated: May 7, 2024

Respectfully Submitted,

**BRITO, PLLC**
*/s/ Alejandro Brito*
Alejandro Brito
Florida Bar No. 098442
abrito@britopllc.com
apiriou@britopllc.com
2121 Ponce de Leon Boulevard
Suite 650
Miami, FL 33134
Office: 305-614-4071
Fax: 305-440-4385

**NORVELL IP, LLC**
*/s/ Joseph V. Norvell*
Joseph V. Norvell
*Admitted Pro Hac Vice*
jnorvell@norvellip.com
Michael K. Johnson
*Admitted Pro Hac Vice*
mjohnson@norvellip.com
Ian M. Betts
*Admitted Pro Hac Vice*

14

ibetts@norvellip.com
Blake M. Carey
*Admitted Pro Hac Vice*
bcarey@norvellip.com
P.O. Box 2461
Chicago, IL 60690
Office: (888) 315-0732

*Counsel for Defendants Unique Vacations, Inc. and Unique Travel Corporation*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 7, 2024 the foregoing was served via the Court's CM/ECF System upon:

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L**
Alan Kluger, Esq.
Terri Ellen Tuchman Meyers, Esq.
Michael T. Landen, Esq.
Madison D. Hauser, Esq.
Danielle C. Williams, Esq.
Citigroup Center, 27th Floor
201 S. Biscayne Blvd.
Miami, Florida 33131
akluger@klugerkaplan.com
tmeyers@klugerkaplan.com
mlanden@klugerkaplan.com
mhauser@klugerkaplan.com
dwilliams@klugerkaplan.com
mmathis@klugerkaplan.com
miglesias@klugerkaplan.com
cgarcia@kluglerkaplan.com
*Counsel for Plaintiff*

**PODHURST ORSECK, P.A.**
Peter Prieto, Esq.
Matthew P. Weinshall, Esq.
Dayron Silverio, Esq.
One S.E. 3rd Avenue
Suite 2300
pprieto@podhurst.com
mweinshall@podhurst.com
dsilverio@podhurst.com

**LATHAM & WATKINS, LLP**

15

Matthew Q. Walch, Esq. (*Admitted Pro Hac Vice*)
Jessica Lynn Saba, Esq. *(Admitted Pro Hac Vice)*
330 North Wabash Avenue
Suite 2800
Chicago, IL 606111
matthew.walch@lw.com

*Counsel for Defendant Sandals International, LTD.*

                                        By: *Alejandro Brito*