UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-24073-CMA

HH ADVERTISING, INC.,

     Plaintiff,

v.

UNIQUE VACATIONS, INC., UNIQUE
TRAVEL CORPORATION, SANDALS
RESORTS INTERNATIONAL, LTD., and
SANDALS RESORTS INTERNATIONAL
2000 INC.

     Defendants.

_____/

## SECOND AMENDED COMPLAINT

Plaintiff, HH ADVERTISING, INC. ("**HH Advertising**"), by and through undersigned counsel, sues UNIQUE VACATIONS, INC ("**UVI**"), UNIQUE TRAVEL CORPORATION ("**UTC**") and together with UVI ("**Unique Defendants**"), SANDALS RESORTS INTERNATIONAL, LTD. ("**SRI Limited**"), and SANDALS RESORTS INTERNATIONAL 2000 INC. ("**SRI 2000**") and together with SRI Limited and the Unique Defendants are referred to as "**Defendants**"), and alleges:

## NATURE OF THE ACTION

1.    This action arises out of a dispute between Miami advertising agency, HH Advertising, and Defendants over copyright ownership and copyright infringement of a body of works created by HH Advertising over the course of the Parties' more than thirty year relationship.

2.      HH Advertising asserts claims against Unique Defendants for declaratory judgment regarding ownership of the copyrighted works (Count I) and copyright infringement (Count II) arising from the Unique Defendants' unauthorized use of Plaintiff's copyright protected works.

3.      HH Advertising asserts claims against SRI 2000 for declaratory judgment regarding ownership of the copyrighted works (Count III), copyright infringement (Count IV), and alternatively, contributory copyright infringement (Count V), and vicarious copyright infringement (Count VI) arising from SRI 2000's unauthorized use, or alternatively, its knowledge and/or supervision of, and contribution to, Unique Defendants' unauthorized use of Plaintiff's copyright protected works.

4.      HH Advertising asserts claims against SRI Limited for contributory copyright infringement (Count VII) and vicarious copyright infringement (Count VIII) arising from SRI Limited's knowledge and/or supervision of, and contribution to, co-Defendants' unauthorized use of Plaintiff's copyright protected works.

5.      There is an existing and substantial controversy between HH Advertising and Defendants regarding rights in the copyright protected works, which includes creative content, advertising materials, and other works of authorship created by HH Advertising.

**THE PARTIES**

6.      Plaintiff, HH Advertising, is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

7.      Defendant, UVI, is a Delaware corporation with its principal place of business in Miami-Dade County, Florida.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 2700, MIAMI, FL 33131  305.379.9000

8.     Defendant, UTC, is a corporation incorporated under the laws of Panama but conducts substantial business in the United States and Florida and does not contest jurisdiction of this Court.

9.     Defendant, SRI 2000, is a corporation incorporated under the laws of Panama but conducts substantial and not isolated business activities in Florida and the United States and is otherwise subject to suit in this jurisdiction.

10.    The addition of SRI 2000 as a party is based on the representations and record filings by SRI Limited in the present litigation that SRI 2000 manages marketing and advertising for the Sandals Resorts.

11.    Defendant, SRI Limited, is a corporation incorporated under the laws of Jamaica but conducts substantial and not isolated business activities in Florida and the United States and is otherwise subject to suit in this jurisdiction.

## JURISDICTION AND VENUE

### Subject Matter Jurisdiction and Venue

12.    Plaintiff's claims for a declaratory judgment and copyright infringement arise under (i) the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "**Copyright Act**"); and (ii) the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

13.    Venue is proper in this District in accordance with 28 U.S.C. §1391(b) as the events giving rise to this action occurred in this District and the property that is the subject of the action is situated in this District.

## Personal Jurisdiction

14.     UTC and UVI have not challenged the Court's jurisdiction over them.

15.     Counsel for SRI Limited previously represented to the Court during a February 24, 2024 discovery hearing that they had discussions with their client and had Plaintiff named SRI 2000 as a party, "[he] expect[ed] that we would be submitting [to] jurisdiction if they did that."

16.     Over the course of their thirty year relationship, SRI Limited's and SRI 2000's, late-founder, top-leader, and Executive Chairman, Gordon "Butch" Stewart ("**Mr. Stewart**"):

a.  Approved all creative content prepared in Miami, Florida by HH Advertising;

b.  Approved all estimates and proposals for advertising work prepared in Miami, Florida by HH Advertising;

c.  Approved all invoices for payment to HH Advertising, located in Miami, Florida;

d.  Approved all payments for advertising work to HH Advertising located in Miami, Florida;

e.  Maintained a dedicated office in Miami, Florida;

f.  Directed and remitted SRI Limited's and SRI 2000's payments to HH Advertising located in Miami, Florida;

g.  Engaged in regular meetings with HH Advertising in Miami, Florida regarding advertising and marketing for the benefit of all of the Sandals Resorts.; and

h.  Approved and directed which creative content prepared by HH Advertising would be included on the sandals.com website.

17.     SRI 2000 and SRI Limited are subject to personal jurisdiction in this Court, pursuant to Florida Statute § 48.193(1)(a)(1), because SRI 2000 and SRI Limited, both

personally and through their Florida agent, UVI, and their influence over Plaintiff's activities, have carried on a business in Florida by:

a. Exercising their significant influence and control over HH Advertising's advertising and marketing campaigns and proposals by requiring SRI 2000's final approval for every creative work created by HH Advertising and requiring HH Advertising to work exclusively for SRI 2000;

b. Exercising their significant influence and control over their Florida-based agent, UVI, by maintaining overriding control over the content displayed on their and/or Unique Defendants' international, interactive booking website at www.sandals.com which are accessible to Florida residents to book resorts that are owned, operated, managed and/or controlled by SRI 2000 or SRI Limited;

c. Maintaining designated offices for SRI Limited and SRI 2000's executives at UVI's office located in Miami, Florida;

d. Listing, at all material times, their telephone number (800) SANDALS at UVI's address in Miami, Florida;

e. Regularly conducting business, *i.e.* held internal meetings, negotiated with third-parties, and made business decisions, etc., via their employees and executives, at its agent, UVI's, Florida headquarters;

f. Creating continuing financial commitments, having HH Advertising advance payments for commercials, printed brochures, and various other marketing initiatives;

g. Frequently attending events, including conventions, conferences, and general business activities within Florida via their executives and representatives; and

h. Targeting Florida residents by allocating significant marketing budgets to the state's major metro markets.

18.     Specifically, SRI Limited is further subject to personal jurisdiction in this Court, pursuant to Florida Statute § 48.193(1)(a)(1), because SRI Limited operates, conducts, engages in, or carries on a business or business venture in Florida through its ownership, operation, and

or direction over Hospitality Purveyors LLC ("**HPI**"), a Florida limited liability company (formerly Hospitality Purveyors Inc.). HPI is headquartered at 5000 S.W. 75th Avenue, Suite 111, Miami, Florida 33155.

19.     HPI functions as SRI Limited's procurement arm, supplying SRI Limited Resorts with various furniture, décor, and materials needed for weddings and other events. The materials also include wedding décor such as florals, vases, table runners, and chairs. HPI sources, ships, and delivers all items to the relevant resort sites.

20.     HPI regularly transports supplies for operation and management of SRI Limited from Miami to the various Sandals Resorts.

21.     SRI 2000 and SRI Limited are subject to the personal jurisdiction of this Court, pursuant to Florida Statute § 48.193(1)(a)(2), because SRI 2000 and SRI Limited, both personally and through their Florida agent, UVI, committed tortious acts within this state by:

   a.   Using Plaintiff's copyright protected works including on their and/or Unique Defendants' website(s) which are accessible to Florida residents to book resorts that SRI 2000 and SRI Limited have a direct financial interest in and via advertising channels in Florida such as commercials, brochures, and other printed materials directed to Florida residents;

   b.   Knowingly allowing, and contributing to, their co-Defendants' use of Plaintiff's copyright protected works including on their and/or Unique Defendants' website(s) which are accessible to Florida residents to book resorts that SRI 2000 and SRI Limited have a direct financial interest in and via advertising channels in Florida such as commercials, brochures, and other printed materials directed to Florida residents; and

   c.   Having a direct financial interest in, and right or ability to supervise, its co-Defendants' use of Plaintiff's copyright protected works including on their and/or Unique Defendants' website(s) which are accessible to Florida residents to book resorts that SRI 2000 and SRI Limited have a direct

financial interest in and via advertising channels in Florida such as commercials, brochures, and other printed materials directed to Florida residents.

22.     SRI 2000 and SRI Limited are subject to personal jurisdiction in this Court, pursuant to Florida Statute § 48.193(2), because SRI 2000 and SRI Limited, both personally and through their Florida agent, UVI, engaged in substantial and not isolated activities in Florida by:

    a.  Allocating a significant amount of their marketing budget to target Florida residents and Florida's local and major metro markets, and features on Florida-based travel shows;

    b.  Selecting Florida-based Plaintiff as their advertising agency and requiring Plaintiff to exclusively work with Defendants;

    c.  Maintaining their marketing and sales arm, UVI, in Miami, Florida;

    d.  Receiving the majority of their revenue from the UVI-maintained booking engine located in Miami, Florida;

    e.  Maintaining designated offices for SRI 2000 and SRI Limited's executives at UVI's office located in Miami, Florida;

    f.  Listing, at all material times, their telephone number (800) SANDALS at UVI's address in Miami, Florida;

    g.  Regularly conducting business, *i.e.* held internal meetings, negotiated with third-parties, and made business decisions, etc., via their employees and executives, at its agent, UVI's, Florida headquarters;

    h.  Creating continuing financial commitments, having HH Advertising advance payments for commercials, printed brochures, and various other marketing initiatives;

    i.  Registering their charitable organization, The Sandals Foundation, Inc. in Florida;

    j.  Owning property in Miami, Florida, through its directors and executives, and its directors and executives establishing a permanent physical presence in the state;

k.   Holding regular meetings between SRI Limited's and SRI 2000's founder and top executive, Mr. Stewart and HH Advertising in Mr. Stewart's dedicated office in Miami regarding SRI Limited's and/or SRI 2000's advertising needs and HH Advertising's creative works;

l.   SRI Limited's and SRI 2000's founder and top executive, Mr. Stewart owned a house in Florida where his family resided and he regularly held meetings with HH Advertising both in his office in Miami and at his house regarding SRI Limited's and/or SRI 2000's advertising needs and HH Advertising's creative works;

m.   Educating Mr. Stewart's son and successor in Sandals' brand leadership, Adam Stewart, through high school in Palm Beach County, Florida, and college at Florida International University ("**FIU**") in Miami, Florida who worked for Defendants before and after graduating and currently serves as Executive Chairman of SRI 2000 and SRI Limited;

n.   Frequently attending events, including conventions, conferences, and general business activities within Florida via their executives and representatives; and

o.   Developing an extensive hospitality program in coordination and partnership with FIU.

23.    Specifically, SRI Limited is further subject to personal jurisdiction in this Court, pursuant to Florida Statute § 48.193(2), because SRI Limited engaged in substantial and not isolated activities in Florida through its direct engagement with Plaintiff on the Wedding Program operation for SRI Limited:

a.   Plaintiff created a formal and continuing wedding program for SRI Limited to utilize at its Resorts.

b.   This program was developed through significant coordination and extensive direct communications between Plaintiff and SRI Limited's employees, including Marsha-Ann Donaldson-Brown (Director of Weddings and Romance), Shawn DaCosta (Chief Operations Officer),

Jordan Samuda (Group Director - Procurement Division of SRI Limited), and Ricky Duquesnay (Group Manager - Food & Beverage).

c.  Specifically, the parties coordinated on format, pricing and inventory, and SRI Limited utilized HPI to source all products needed for the Wedding Program, with all inventory sourced through SRI Limited's procurement arm, HPI.

d.  To carry out the wedding program, Plaintiff conducted and coordinated multiple training sessions in Miami, to train SRI Limited staff and employees of the various Sandals Resorts on the implementation and execution of the wedding program.

e.  In 2018, there were more than 3,000 weddings at the Sandals Resorts using the wedding program created and implemented by Plaintiff generating over $12 million in revenue.

f.  The operations of HPI in Miami, Florida, which involve the supply of wedding materials from Miami to SRI Limited Resorts, further establish its continuous and systematic activities in Florida.

## GENERAL ALLEGATIONS

24.   HH Advertising is an advertising agency specializing in creating, planning and executing advertising campaigns.

25.   In 1992, Mr. Stewart selected Miami-based HH Advertising as the advertising firm to provide all advertising, marketing and related services for Defendants.

26.   From 1992 until mid-2021, HH Advertising originated a large body of creative works for the benefit of Defendants and SRI Limited's family of resorts, consisting of advertising materials, advertisements, photographs, videos, commercials, and other works of authorship in connection with various projects for Defendants.

27.   HH Advertising was the sole creator of all the works is created for the benefit of Defendants and owns all rights in the works, including all rights of copyright.

28.     Up until his death in January 2021, Mr. Stewart worked closely with HH Advertising, reviewing and approving all advertising materials for the use and benefit of Defendants and SRI Limited's family of resorts.

### *The Works*

29.     HH Advertising is the owner of all rights, including all rights of copyright, in the photographs, digital images, film, video, and other images, whether still or in motion, either by assignment from independent contractors or as works for hire, in the case of works created by HH Advertising employees created before June 2021 (collectively "**the Pre-2021 Projects**").

30.     HH Advertising registered its copyright in many of the Pre-2021 Projects with the U.S. Copyright Office as set forth in **Composite Exhibit "A"** hereto, which contains a description of the copyrighted work and the copyright registration or application numbers.

31.     Beginning in or around June 2021, HH Advertising created several new works using videos and photographic materials created in connection for several new projects resulting in creative content (collectively, the "**Commercials**").

32.     HH Advertising registered many of the Commercials it created with the U.S. Copyright Office as set forth in **Composite Exhibit "B"** hereto, which contains a description of the copyrighted works and the copyright registration or application numbers.

33.     The registered Pre-2021 Projects and the Commercials set forth in Composite Exhibits "A" and "B" (collectively, the **"Works"**) are owned exclusively by HH Advertising.

### *Change in Leadership*

34.     Following Mr. Stewart's death, his son, Adam Stewart assumed leadership of SRI Limited and SRI 2000.

35. At all times following Mr. Stewart's death, Adam Stewart communicated with HH Advertising on behalf of SRI Limited, using a SRI Limited email address and including a signature block identifying himself as "Chief Executive Officer" or "Chairman" of SRI Limited [Sandals Resorts International Ltd.] and including the telephone number and address for SRI Limited [Sandals Resorts International Ltd.].

36. Like his father, Adam Stewart provided direct input and direction to HH Advertising on the advertising work it was creating for Defendants and the family of SRI Limited's family of resorts.

37. Beginning in June 2021, following changes in ownership as a result of Mr. Stewart's death, and as a condition of future work, Defendants demanded that HH Advertising assign all rights in the photographic materials used in the Commercials to Defendants, for new projects which included the following photo shoots (collectively "**Photographic Materials**"):

       a.  Sandals Barbados and Royal Barbados 9 Day Photoshoot
       b.  Exuma and Sandals Emerald Bay – 2 Day HD Live Shoot
       c.  Exuma Excursions and Sandals Emerald Bay – 2 Day Lifestyle
       d.  Sandals Jamaica – 5 Day Photo Shoot
       e.  Sandals Jamaica – Jamaica Excursions
       f.  Sandals South Coast – 2 Day Lifestyle
       g.  Sandals South Coast – 2 Day HD Live Shoot
       h.  Exuma Excursions and Sandals Emerald Bay – 2 Day Lifestyle Shoot
       i.  Sandals Royal Barbados – 4 Day Live Shoot
       j.  Sandals Royal Barbados – 4 Day Lifestyle Shoot

38. HH Advertising assigned all rights in the Photographic Materials to Defendants.

39. Photographic Materials does not include the resulting creative content, the Commercials, which were created by HH Advertising.

40. Defendants also insisted that HH Advertising enter into a formal written Advertising Agency Agreement (the **"Draft Advertising Agreement"**).

41.     Buried within the Draft Advertising Agreement, Defendants inserted a clause in an attempt to transfer ownership to Defendants, of all Works created by HH Advertising.

42.     When HH Advertising refused to sign the Draft Advertising Agreement, including the transfer of all ownership rights in the Works to Defendants, Defendants removed approximately $3 million dollars in revenue from HH Advertising's scope of work in an effort to force HH Advertising to sign the Draft Advertising Agreement.

43.     In November 2021, Adam Stewart met with Tracey Hunter, Principal and Co-Founder of HH Advertising, in Miami in an effort to pressure HH Advertising into agreeing to the terms of the Draft Advertising Agreement, including transfer of ownership of the copyright interest in the Works to Defendants.

44.     The Draft Advertising Agreement was never signed.

45.     On August 3, 2023, HH Advertising sent a letter to Defendants requesting that they make an offer to purchase HH Advertising's copyright interests in the Works. Defendants did not respond to this letter.

46.     Instead, on August 15, 2023, Jeffrey Clarke, presumably acting on behalf of all Defendants, terminated Defendants' decades-long relationship with HH Advertising and instructed HH Advertising not to do any "new" advertising work.

47.     HH Advertising later learned that Defendants were in the process of engaging other advertising firms to handle their advertising needs for Defendants and intended to use the Works with their new advertising firms.

48.     On September 22, 2023, HH Advertising, through counsel, sent a cease and desist letter to Defendants demanding that they cease all use of the Works, in any medium, as HH Advertising exclusively holds ownership of all rights, including copyright interests in the Works.

49.     In response, on September 27, 2023, Defendants, through counsel, sent a letter to HH Advertising, claiming ownership in the copyright interests in the Works and expressly rejected HH Advertising's demands (see copy of September 27, 2023 letter from counsel for SRI Limited, Matt Walch and counsel for UTC and UVI, Joe Norvell, to counsel for HH Advertising, Alan Kluger, attached hereto as **Exhibit "C"**).

50.     Defendants have refused to cease use of HH Advertising's Works and continue to utilize and infringe the Works in its advertising and marketing on the Sandals website (https://www.sandals.com) for the benefit of Defendants and Sandals Resorts. (See attached **Composite Exhibit "D" – Parts 1 and II**) containing a sampling of photographs displayed on the Defendants' website utilizing HH Advertising's Works.

51.     In addition, Defendants continue to use the Works in email marketing campaigns for the benefit of Defendants and the Sandals Resorts. A sample of a recent infringing e-blast is attached as (**Composite Exhibit E**"). HH Advertising's copyright registration numbers are indicated on each of the infringing images, and also includes a GIF of the Sandals Ochi Hero Video created by HH Advertising that plays in the e-blast.

52.     All conditions precedent to bringing this action have occurred, been satisfied, or have been waived.

### COUNT I - DECLARATORY JUDGMENT AND SUPPLEMENTAL RELIEF
### *(Against UVI and UTC)*

53.     HH Advertising hereby incorporates by reference and realleges paragraphs 1 through 52 as though fully set forth herein, and further alleges the following:

54.     As alleged herein, HH Advertising created and owns the Works, and the copyright interests therein.

55.     HH Advertising complied in all respects with the Copyright Act and all other laws governing copyright, by applying for copyright registrations, making the required deposits, and receiving the registration numbers for each of the Works, as set forth in **Composite Exhibits "A" and "B"** attached hereto and incorporated by this reference.

56.     HH Advertising owns the copyright interests in the Works it created in connection with its advertising services for Defendants, and HH Advertising has demanded that Defendants immediately and permanently cease and desist all use of the Works.

57.     UVI and UTC expressly refused to comply with HH Advertising's demands.

58.     By their own admission, UVI and UTC intend to continue to utilize the Works that HH Advertising created in connection with their advertising and marketing for Defendants.

59.     Accordingly, HH Advertising seeks an adjudication of its rights in the copyrighted Works.

60.     Specifically, HH Advertising seeks a declaration that HH Advertising owns all copyright interests in the Works.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff, HH ADVERTISING, INC, respectfully requests that the Court grant judgment in favor of Plaintiff and  enter a declaratory judgment against Defendants, UNIQUE VACATIONS, INC. and UNIQUE TRAVEL CORPORATION:

(a)     Declaring HH Advertising is the owner of the Works, including all rights, title and interest thereto;

(b)     Declaring that Unique Defendants' continued use of the Works be deemed infringing, and including use by Unique Defendants' officers, agents, subsidiaries, affiliates, partners, and employees; and

(c)     Granting all other and further relief in favor of HH Advertising that the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### *(Against UVI and UTC)*

61.     HH Advertising hereby incorporates by reference and realleges paragraphs 1 through 52 as though fully set forth herein, and further alleges the following:

62.     HH Advertising is the sole owner of the Works, and Unique Defendants have no ownership or copyright interest in the Works.

63.     HH Advertising complied in all respects with the Copyright Act and all other laws governing copyright, by applying for copyright registrations, making the required deposits, and receiving the registration numbers for each of the Works, as set forth in **Composite Exhibits "A" and "B"** attached hereto and incorporated by this reference.

64.     On September 22, 2023, HH Advertising, through counsel, sent a cease and desist letter to Defendants demanding that they cease all use of the Works, in any medium, as HH Advertising exclusively holds ownership of all rights, including copyright interests in the Works.

65.     In response, on September 27, 2023, Defendants, through counsel, sent a letter to HH Advertising, claiming ownership in the copyright interests in the Works and expressly rejected HH Advertising's demands.

66.     Unique Defendants are not co-authors or joint owners of the Works under the Copyright Act.

67.     Unique Defendants have infringed HH Advertising's copyright by its continued and pervasive use of the Works including on their website(s) and via advertising channels such as commercials, brochures, and other printed materials onsite at their hotels and resorts.

68.     As a result of Unique Defendants' infringement of the Works, HH Advertising has incurred damages, including actual damages, including the Unique Defendants' profits resulting from their infringing conduct or statutory damages, and lost revenue.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 2700, MIAMI, FL 33131  305.379.9000

69.     The infringement was committed willfully, thus entitling HH Advertising to the maximum damages.

70.     Unique Defendants are well aware that no oral contract or implied license exists which allows Unique Defendants to continue to use the Works.

71.      SRI Limited and SRI 2000's current Executive Chairman, Adam Stewart, previously acknowledged HH Advertising's ownership of the Works.

72.     Indeed, Defendants attempted to coerce HH Advertising into signing a Draft Agency Agreement, in order to acquire ownership of the Works, which HH Advertising never signed.

73.     Further, HH Advertising is entitled to heightened damages because the Works are of high value and have been instrumental in Defendants' exponential success in the travel marketplace.

**WHEREFORE** pursuant to 17 U.S.C. § 101, Plaintiff, HH ADVERTISING, INC, respectfully requests the Court grant judgment in favor of Plaintiff and  against Defendants, UNIQUE VACATIONS, INC. and UNIQUE TRAVEL CORPORATION, including:

(a)     A judgment awarding damages for copyright infringement pursuant to 17 U.S.C. § 504(b);

(b)     A judgment awarding copyright infringement actual or statutory damages pursuant to 17 U.S.C. § 504, including Unique Defendants' profits from the infringement.

(c)     A judgment awarding maximum statutory damages for willful infringement pursuant to 15 U.S.C. § 504(c)(2);

(d)     Entry of permanent injunction requiring that Unique Vacations, Inc. and Unique Travel Corporation cease all use of the Works;

(e)     Plaintiff's attorney's fees and costs; and

(f)     Granting all other and further relief in favor of HH Advertising that the Court deems just and proper.

## COUNT III - DECLARATORY JUDGMENT AND SUPPLEMENTAL RELIEF
### *(Against SRI 2000)*

74.     HH Advertising hereby incorporates by reference and realleges paragraphs 1 through 52 as though fully set forth herein, and further alleges the following:

75.     As alleged herein, HH Advertising created and owns the Works, and the copyright interests therein.

76.     HH Advertising complied in all respects with the Copyright Act and all other laws governing copyright, by applying for copyright registrations, making the required deposits, and receiving the registration numbers for each of the Works, as set forth in **Composite Exhibits "A" and "B"** attached hereto and incorporated by this reference.

77.     HH Advertising owns the copyright interests in the Works it created in connection with its advertising services for Defendants, and HH Advertising has demanded that Defendants immediately and permanently cease and desist all use of the Works.

78.     SRI 2000 expressly refused to comply with HH Advertising's demands.

79.     By its own admission, SRI 2000 intends to continue to utilize the Works that HH Advertising created in connection with their advertising and marketing for Defendants.

80.     Accordingly, HH Advertising seeks a declaration that HH Advertising owns all copyright interests in the Works.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff, HH ADVERTISING, INC, respectfully requests that the Court grant judgment in favor of Plaintiff and enter a declaratory judgment against Defendant, SANDALS RESORTS INTERNATIONAL 2000 INC.:

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 2700, MIAMI, FL 33131  305.379.9000

(a)    Declaring HH Advertising is the owner of the Works, including all rights, title and interest thereto, that HH Advertising developed and created;

(b)    Declaring that SRI 2000's continued use of the Works be deemed infringing, and including use by SRI 2000's officers, agents, subsidiaries, affiliates, partners, and employees; and

(c)    Granting all other and further relief in favor of HH Advertising that the Court deems just and proper.

## COUNT IV – COPYRIGHT INFRINGEMENT
### *(Against SRI 2000)*

81.    HH Advertising hereby incorporates by reference and realleges paragraphs 1 through 52 as though fully set forth herein, and further alleges the following:

82.    HH Advertising is the sole owner of the Works, and SRI 2000 has no ownership or copyright interest in the Works.

83.    HH Advertising complied in all respects with the Copyright Act and all other laws governing copyright, by applying for copyright registrations, making the required deposits, and receiving the registration numbers for each of the Works, as set forth in **Composite Exhibits "A" and "B"** attached hereto and incorporated by this reference.

84.    On September 22, 2023, HH Advertising, through counsel, sent a cease and desist letter to Defendants demanding that they cease all use of the Works, in any medium, as HH Advertising exclusively holds ownership of all rights, including copyright interests in the Works.

85.    In response, on September 27, 2023, Defendants, through counsel, sent a letter to HH Advertising, claiming ownership in the copyright interests in the Works and expressly rejected HH Advertising's demands.

86.    SRI 2000 is not a co-author or joint owner of the Works under the Copyright Act.

87.    SRI 2000 has infringed HH Advertising's copyright by its continued and pervasive use of the Works including on its website(s) and/or its agents' website(s) and in email

marketing campaigns and via advertising channels such as commercials, brochures, and other printed materials including onsite at Sandals hotels and resorts.

88.     As a result of SRI 2000's infringement of the Works, HH Advertising has incurred damages, resulting from its infringing conduct.

89.     The infringement was committed willfully, thus entitling HH Advertising to the maximum damages.

90.     SRI 2000 is well aware that no oral contract or implied license exists which allows SRI 2000 to continue to use the Works.

91.     SRI Limited and SRI 2000's current Executive Chairman, Adam Stewart, previously acknowledged HH Advertising's ownership of the Works.

92.     Indeed, Defendants attempted to coerce HH Advertising into signing a Draft Agency Agreement, in order to acquire ownership of the Works, which HH Advertising never signed.

93.     Further, HH Advertising is entitled to heightened damages because the Works are of high value and have been instrumental in Defendants' exponential success in the travel marketplace.

**WHEREFORE** pursuant to 17 U.S.C. § 101, Plaintiff, HH ADVERTISING, INC, respectfully requests the Court grant judgment in favor of Plaintiff and  against Defendant, SANDALS RESORTS INTERNATIONAL 2000 INC., including:

(a)     A judgment awarding damages for copyright infringement pursuant to 17 U.S.C. § 504(b);

(b)     A judgment awarding copyright infringement actual or statutory damages pursuant to 17 U.S.C. § 504, including SRI Limited's profits from the infringement;

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 2700, MIAMI, FL 33131  305.379.9000

(c)   A judgment awarding maximum statutory damages for willful infringement pursuant to 15 U.S.C. § 504(c)(2);

(d)   Entry of permanent injunction requiring that Sandals Resorts International 2000 Inc. cease all use of the Works;

(e)   Plaintiff's attorney's fees and costs; and

(f)   Granting all other and further relief in favor of HH Advertising that the Court deems just and proper.

## COUNT V – CONTRIBUTORY COPYRIGHT INFRINGEMENT
### *(Alternatively to Count VIII and Against SRI 2000)*

94.   HH Advertising hereby incorporates by reference and realleges paragraphs 1 through 52 as though fully set forth herein, and further alleges the following:

95.   HH Advertising is the sole owner of the Works, and Defendants have no ownership or copyright interest in the Works.

96.   HH Advertising complied in all respects with the Copyright Act and all other laws governing copyright, by applying for copyright registrations, making the required deposits, and receiving the registration numbers for each of the Works, as set forth in **Composite Exhibits "A" and "B"** attached hereto and incorporated by this reference.

97.   On September 22, 2023, HH Advertising, through counsel, sent a cease and desist letter to Defendants demanding that they cease all use of the Works, in any medium, as HH Advertising exclusively holds ownership of all rights, including copyright interests in the Works.

98.   In response, on September 27, 2023, Defendants, through counsel, sent a letter to HH Advertising, claiming ownership in the copyright interests in the Works and expressly rejected HH Advertising's demands.

99.   Defendants are not co-authors or joint owners of the Works under the Copyright Act.

100.    Unique Defendants have infringed HH Advertising's copyright by their continued and pervasive use of the Works including on Defendants' website(s) and via advertising channels such as commercials, brochures, and other printed materials onsite at their hotels and resorts.

101.    SRI 2000 knew of the infringing activity as all Defendants were well aware that no oral contract or implied license exists which allows Defendants to continue to use the Works.

102.    Indeed, SRI Limited and SRI 2000's current Executive Chairman, Adam Stewart, previously acknowledged HH Advertising's ownership of the Work and Defendants attempted to coerce HH Advertising into signing a Draft Agency Agreement, in order to acquire ownership of the Works, which HH Advertising never signed.

103.    SRI 2000 induced, caused or materially contributed to the infringing conduct of Unique Defendants because SRI 2000 is in a position to control the use of the copyrighted Works by Unique Defendants and authorized the use of the Works without permission from Plaintiff and/or failed to stop the infringing activity.

104.    As a result of Unique Defendant's infringement of the Works, HH Advertising has incurred damages, including actual damages, including Defendants' profits resulting from its infringing conduct or statutory damages, and lost revenue.

105.    Further, HH Advertising is entitled to heightened damages because the Works are of high value and have been instrumental in Defendants' exponential success in the travel marketplace.

**WHEREFORE** pursuant to 17 U.S.C. § 101, Plaintiff, HH ADVERTISING, INC, respectfully requests the Court grant judgment in favor of Plaintiff and  against Defendant, SANDALS RESORTS INTERNATIONAL 2000 INC., including:

(a)    A judgment awarding damages for contributory copyright infringement pursuant to 17 U.S.C. § 504(b);

(b)     A judgment awarding damages for contributory copyright infringement of actual or statutory damages pursuant to 17 U.S.C. § 504, including SRI Limited's profits from the infringement.

(c)     A judgment awarding maximum statutory damages for willful infringement pursuant to 15 U.S.C. § 504(c)(2);

(d)     Entry of a permanent injunction requiring that Sandals Resorts International 2000 Inc. cease all use of the Works;

(e)     Plaintiff's attorney's fees and costs; and

(f)     Granting all other and further relief in favor of HH Advertising that the Court deems just and proper.

## <u>COUNT VI – VICARIOUS COPYRIGHT INFRINGEMENT</u>
### *(Alternatively to Count IV and Against SRI 2000)*

106.    HH Advertising hereby incorporates by reference and realleges paragraphs 1 through 52 as though fully set forth herein, and further alleges the following:

107.    HH Advertising is the sole owner of the Works, and Defendants have no ownership or copyright interest in the Works.

108.    HH Advertising complied in all respects with the Copyright Act and all other laws governing copyright, by applying for copyright registrations, making the required deposits, and receiving the registration numbers for each of the Works, as set forth in **Composite Exhibits "A" and "B"** attached hereto and incorporated by this reference.

109.    At all relevant times, SRI 2000 maintained an actual and/or apparent agency relationship with the Unique Defendants.   At all relevant times, SRI 2000's actual and/or apparent agency relationship with Unique Defendants was evidenced through the ongoing relationship between SRI 2000 and the Unique Defendants, and through Unique Defendants' advertising and representations.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 2700, MIAMI, FL 33131  305.379.9000

110.    SRI 2000 represents that it is responsible for marketing and advertising the Sandals Resorts business. At all relevant times, SRI 2000 acknowledged that the Unique Defendants acted for it and at its direction by selling, marketing, advertising, and booking guests at Sandals Resorts business which benefits SRI 2000. SRI 2000 knew or should have known that Unique Defendants represented themselves as "Worldwide Representative of Sandals & Beaches Resorts."

111.    The Unique Defendants accepted this undertaking by selling, marketing, advertising, and booking guests at Sandals resorts business which benefits SRI 2000 and by holding themselves out as the "Worldwide Representative of Sandals & Beaches Resorts."

112.    Upon information and belief, SRI 2000 controlled the Unique Defendants' actions by requiring that the Unique Defendants obtain approval of their actions from SRI 2000's executives, including but not limited to, Mr. Stewart.

113.    SRI 2000's representations that Unique Defendants had authority to act for its benefit caused HH Advertising to believe that the Unique Defendants had authority to act for SRI 2000's benefit. HH Advertising's belief was reasonable because HH Advertising received directives and approvals from SRI 2000 in connection with its operations.

114.    Defendants are not co-authors or joint owners of the Works under the Copyright Act.

115.    Unique Defendants have infringed HH Advertising's copyright by their continued and pervasive use of the Works including on their website(s) and/or their agents' website(s) and via advertising channels such as commercials, brochures, and other printed materials onsite at their hotels and resorts.

116.    SRI 2000 knew of the infringing activity as all Defendants were well aware that no oral contract or implied license exists which allows Defendants to continue to use the Works.

117.    Indeed, SRI Limited and SRI 2000's current Executive Chairman, Adam Stewart, previously acknowledged HH Advertising's ownership of the Work and Defendants attempted to coerce HH Advertising into signing a Draft Agency Agreement, in order to acquire ownership of the Works, which HH Advertising never signed.

118.    SRI 2000 had the right and the ability to supervise the infringing conduct of Unique Defendants because SRI 2000 is in a position to control the use of the copyrighted Works by Unique Defendants.

119.    SRI 2000 had a direct financial interest in Unique Defendants infringing conduct because SRI 2000 receives revenue from bookings on the Sandals' website which are fueled by Plaintiff's Works displayed on the Sandals' website.

120.    As a result of Unique Defendants' infringement of the Works, HH Advertising has incurred damages, including actual damages measured by Defendants' profits resulting from use of the its infringing Works, lost revenue, or statutory damages.

121.    Further, HH Advertising is entitled to heightened damages because the Works are of high value and have been instrumental in Defendants' exponential success in the travel marketplace.

**WHEREFORE** pursuant to 17 U.S.C. § 101, Plaintiff, HH ADVERTISING, INC, respectfully requests the Court grant judgment in favor of Plaintiff and against Defendant, SANDALS RESORTS INTERNATIONAL 2000 INC., including:

(a)    A judgment awarding damages for vicarious copyright infringement pursuant to 17 U.S.C. § 504(b);

(b)     A judgment awarding contributory copyright infringement actual or statutory damages pursuant to 17 U.S.C. § 504, including SRI Limited's profits from the infringement;

(c)     A judgment awarding maximum statutory damages for willful infringement pursuant to 15 U.S.C. § 504(c)(2);

(d)     Entry of permanent injunction requiring that Sandals Resorts International 2000 Inc. cease all use of the Works; and

(e)     Plaintiff's attorney's fees and costs; and

(f)     Granting all other and further relief in favor of HH Advertising that the Court deems just and proper.

## COUNT VII – CONTRIBUTORY COPYRIGHT INFRINGEMENT
### *(Against SRI Limited)*

122.    HH Advertising hereby incorporates by reference and realleges paragraphs 1 through 52 as though fully set forth herein, and further alleges the following:

123.    HH Advertising is the sole owner of the Works, and Defendants have no ownership or copyright interest in the Works.

124.    HH Advertising complied in all respects with the Copyright Act and all other laws governing copyright, by applying for copyright registrations, making the required deposits, and receiving the registration numbers for each of the Works, as set forth in **Composite Exhibits "A" and "B"** attached hereto and incorporated by this reference.

125.    Defendants are not co-authors or joint owners of the Works under the Copyright Act.

126.    Unique Defendants and/or SRI 2000 have infringed HH Advertising's copyright by their continued and pervasive use of the Works including on their website(s) and/or their agents' website(s) and via advertising channels such as commercials, brochures, and other printed materials onsite at their hotels and resorts.

127.     SRI Limited knew of the infringing activity as all Defendants were well aware that no oral contract or implied license exists which allows Defendants to continue to use the Works.

128.     Indeed, SRI Limited and SRI 2000's current Executive Chairman, Adam Stewart, previously acknowledged HH Advertising's ownership of the Works and Defendants attempted to coerce HH Advertising into signing a Draft Agency Agreement, in order to acquire ownership of the Works, which HH Advertising never signed.

129.     SRI Limited induced, caused or materially contributed to the infringing conduct of Unique Defendants and/or SRI 2000 because SRI Limited is in a position to control the use of the copyrighted Works by Unique Defendants and/or SRI 2000 and authorized the use of the Works without permission from Plaintiff and/or failed to stop the infringing activity.

130.     As a result of Unique Defendants and/or SRI 2000's infringement of the Works, HH Advertising has incurred damages, including actual damages, including Defendants' profits resulting from its infringing conduct or statutory damages, and lost revenue.

131.     Further, HH Advertising is entitled to heightened damages because the Works are of high value and have been instrumental in Defendants' exponential success in the travel marketplace.

**WHEREFORE** pursuant to 17 U.S.C. § 101, Plaintiff, HH ADVERTISING, INC, respectfully requests the Court grant judgment in favor of Plaintiff and  against Defendant, SANDALS RESORTS INTERNATIONAL, LTD., including:

(a)     A judgment awarding damages for contributory copyright infringement pursuant to 17 U.S.C. § 504(b);

(b)     A judgment awarding contributory copyright infringement actual or statutory damages pursuant to 17 U.S.C. § 504, including SRI Limited's profits from the infringement.

(c)     A judgment awarding maximum statutory damages for willful infringement pursuant to 15 U.S.C. § 504(c)(2);

(d)     Plaintiff's attorney's fees and costs;

(e)     Entry of permanent injunction requiring that SRI Limited cease all use of the Works; and

(f)     Granting all other and further relief in favor of HH Advertising that the Court deems just and proper.

## <u>COUNT VII – VICARIOUS COPYRIGHT INFRINGEMENT</u>
### *(Against SRI Limited)*

132.    HH Advertising hereby incorporates by reference and realleges paragraphs 1 through 52 as though fully set forth herein, and further alleges the following:

133.    HH Advertising is the sole owner of the Works, and Defendants have no ownership or copyright interest in the Works.

134.    HH Advertising complied in all respects with the Copyright Act and all other laws governing copyright, by applying for copyright registrations, making the required deposits, and receiving the registration numbers for each of the Works, as set forth in **Composite Exhibits "A" and "B"** attached hereto and incorporated by this reference.

135.    At all relevant times, SRI Limited maintained an actual and/or apparent agency relationship with the Unique Defendants. At all relevant times, SRI Limited's actual and/or apparent agency relationship with Unique Defendants was evidenced through the ongoing relationship between SRI Limited and the Unique Defendants, and through Unique Defendants' advertising and representations.

136.    SRI Limited represents that it is not responsible for marketing and advertising the Sandals resorts business. However, at all relevant times, SRI Limited acknowledged that the Unique Defendants acted for it and at its direction by selling, marketing, advertising, and

booking guests at Sandals resorts business which benefits SRI Limited. SRI Limited knew or should have known that Unique Defendants represented themselves as "Worldwide Representative of Sandals & Beaches Resorts."

137.   The Unique Defendants accepted this undertaking by selling, marketing, advertising, and booking guests at Sandals resorts business which benefits SRI Limited and by holding themselves out as the "Worldwide Representative of Sandals & Beaches Resorts."

138.   Upon information and belief, SRI Limited controlled the Unique Defendants' actions by requiring that the Unique Defendants obtain approval of their actions from SRI Limited's executives, including but not limited to, Mr. Stewart.

139.   SRI Limited's representations that Unique Defendants had authority to act for its benefit caused HH Advertising to believe that the Unique Defendants had authority to act for SRI Limited's benefit. HH Advertising's belief was reasonable because HH Advertising received directives and approvals from SRI Limited in connection with its operations.

140.   At all relevant times, SRI Limited maintained an actual and/or apparent agency relationship with the SRI 2000. At all relevant times, SRI Limited's actual and/or apparent agency relationship with SRI 2000 was evidenced through the ongoing relationship between SRI Limited and SRI 2000, and through SRI 2000's advertising and representations.

141.   SRI Limited represents that it is not responsible for marketing and advertising the Sandals resorts business. However, at all relevant times, SRI Limited acknowledged that the SRI 2000 acted for it and/or at its direction by selling, marketing, advertising, and booking guests at resorts that are owned, operated, managed and/or controlled by SRI Limited and which services are for the benefit SRI Limited.

142.    SRI Limited knew or should have known that SRI 2000 represented itself as SRI Limited because "SRI Limited" is the "forward facing" company to the public and to HH Advertising. SRI 2000 represents that it used SRI Limited email addresses to conduct all business with Unique Defendants and with HH Advertising. SRI Limited knew or should have known of SRI 2000's activity.

143.    SRI 2000 accepted this undertaking by selling, marketing, advertising, and booking guests at resorts that are owned, operated, managed and/or controlled by SRI Limited and which services are for the benefit SRI Limited and by holding themselves out as the SRI Limited via conducting business using SRI Limited email address.

144.    SRI Limited's representations that SRI 2000 had authority to act for its benefit caused HH Advertising to believe that SRI 2000 had authority to act for SRI Limited's benefit. HH Advertising's belief was reasonable because HH Advertising received directives and approvals from SRI Limited in connection with its operations.

145.    Defendants are not co-authors or joint owners of the Works under the Copyright Act.

146.    Unique Defendants and/or SRI 2000 have infringed HH Advertising's copyright by their continued and pervasive use of the Works including on their website(s) and/or their agents' website(s) and via advertising channels such as commercials, brochures, and other printed materials onsite at their hotels and resorts.

147.    SRI Limited knew of the infringing activity as all Defendants were well aware that no oral contract or implied license exists which allows Defendants to continue to use the Works.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 2700, MIAMI, FL 33131  305.379.9000

148.    Indeed, SRI Limited and SRI 2000's current Executive Chairman, Adam Stewart, previously acknowledged HH Advertising's ownership of the Work and Defendants attempted to coerce HH Advertising into signing a Draft Agency Agreement, in order to acquire ownership of the Works, which HH Advertising never signed.

149.    SRI Limited had the right and the ability to supervise the infringing conduct of Unique Defendants and/or SRI 2000 because SRI Limited is in a position to control the use of the copyrighted Works by Unique Defendants and/or SRI 2000.

150.    SRI Limited had a direct financial interest in Unique Defendants and/or SRI 2000 infringing conduct because SRI Limited receives revenue from bookings on the Sandals' website which are fueled by Plaintiff's Works displayed on the Sandals' website.

151.    As a result of Unique Defendants and/or SRI 2000's infringement of the Works, HH Advertising has incurred damages, including actual damages, including Defendants' profits resulting from its infringing conduct or statutory damages, and lost revenue.

152.    Further, HH Advertising is entitled to heightened damages because the Works are of high value and have been instrumental in Defendants' exponential success in the travel marketplace.

**WHEREFORE** pursuant to 17 U.S.C. § 101, Plaintiff, HH ADVERTISING, INC, respectfully requests the Court grant judgment in favor of Plaintiff and  against Defendant, SANDALS RESORTS INTERNATIONAL, LTD., including:

(a)    A judgment awarding damages for vicarious copyright infringement pursuant to 17 U.S.C. § 504(b);

(b)    A judgment awarding contributory copyright infringement actual or statutory damages pursuant to 17 U.S.C. § 504, including SRI Limited's profits from the infringement.

CASE NO. 1:23-cv-24073-CMA

(c)     A judgment awarding maximum statutory damages for willful infringement pursuant to 15 U.S.C. § 504(c)(2);

(d)     Entry of permanent injunction requiring that SRI Limited cease all use of the Works;

(e)     Plaintiff's attorney's fees and costs; and

(f)     Granting all other and further relief in favor of HH Advertising that the Court deems just and proper.

## JURY DEMAND

Plaintiff HH Advertising, Inc. demands Trial by Jury on all issues so triable.

Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
Citigroup Center, 27th Floor
201 S. Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 379-9000

By: */s/Terri Ellen Tuchman Meyers*
      **Alan J. Kluger**
      Florida Bar No. 200379
      akluger@klugerkaplan.com
      **Terri Ellen Tuchman Meyers**
      Florida Bar No. 881279
      tmeyers@klugerkaplan.com
      **Michael T. Landen**
      Florida Bar No. 161144
      mlanden@klugerkaplan.com
      **Danella C. Williams**
      Florida Bar No.: 1002672
      dwilliams@klugerkaplan.com
      **Gabrielle C. Craft**
      Florida Bar No. 1021048
      gcraft@klugerkaplan.com

*Counsel for Plaintiff HH Advertising, Inc.*