UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| HH ADVERTISING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.: 23-cv-24073-CMA |
| v. | ) |
| | ) |
| UNIQUE VACATIONS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

Defendants Unique Vacations, Inc. ("UVI"), Unique Travel Corporation ("UTC" and together with UVI, "Unique"), Sandals Resorts International 2000 Inc. ("SRI 2000"), and Sandals Resorts International Limited ("SRI Limited") by and through their undersigned counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1(a) hereby respectfully submit the following Reply to Plaintiff's Statement of Undisputed Material Facts and Statement of Additional Material Facts [ECF 243].

46. Undisputed in material part. Only disputed because the record demonstrates that Ms. Hunter is only a partial owner and not "the owner" of HH Advertising. *See* Exhibit J, A. Jiminez Dep. at. 166:9-20.

47. Undisputed.

48. Disputed. Plaintiff's citations in support of its Fact No. 48 do not adequately support the stated fact. Paragraph 6 of the Declaration of Tracey Hunter makes conclusory statements that "Gordon Butch Stewart, acting on behalf of Sandals, requested that HH Advertising work exclusively for Sandals" (¶ 6), but these conclusory statements do not include facts upon which such conclusions are based. *Rodda*, 542 F. Supp. 3d at 1295. Ms. Hunter does not provide any specific details regarding the nature, scope, timing, or general context of the purported request. Moreover, Ms. Hunter's declarations that Mr. Stewart "sought a different type of agency relationship," and that he "wanted to make sure HH Advertising dedicated all of its time to Sandals" are entirely speculative. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir.2005)

(unsupported speculation does not create a genuine issue of fact for the purposes of summary judgment). Moreover, any and all work that Mr. Stewart did in conjunction with advertising was done on behalf of SRI 2000, which was previously named "Sandals Resorts International Limited" and was incorporated on April 8, 1992 in the Bahamas. Exhibit B, SANDALS_00000856. This is a different company than the current Defendant Sandals Resorts International Limited, which is organized in Jamaica and is primarily responsible for the operations of the SRI 2000 resorts in the Caribbean, not the advertising for such resorts. *See* ECF No. 124-2 (Rainer Decl.), ¶¶ 11, 15. On March 13, 2001, SRI 2000 (then known as Sandals Resorts International Limited) changed its name to Sandals Resorts International 2000 Limited. Exhibit C, Sandals_00000858. On November 19, 2014, SRI 2000 changed its name to Sandals Resorts International 2000 Inc. Exhibit D, SANDALS_00000860On December 29, 2014, SRI 2000 redomiciled to Panama and, on February 5, 2015, it de-registered from the Bahamas Companies Registry and received its Certificate of Continuation Under Foreign Law. *See id.* at SANDALS_00000859; Exhibit E, SANDALS_00000928. For over two decades, SRI 2000 had an agency agreement with Unique or its affiliates to govern the advertising of its resorts business and Unique and/or those affiliates have worked directly with HH to support such advertising activities. *See, e.g.,* Exhibit F, SANDALS_00000955.

    49. Disputed, although the disputed facts are irrelevant to Defendants' Summary Judgment Motion. Plaintiff's citation in support of its Fact No. 49 does not adequately support the stated fact. Paragraph 7 of the Declaration of Tracey Hunter makes conclusory statements contrasting HH's practices with those of unnamed prior advertising agencies, but these conclusory statements do not include facts upon which conclusions are based. *Rodda*, 542 F. Supp. 3d at 1295. Plaintiff's Fact 49 is too vague and ambiguous to serve as the basis of a genuine issue of material fact. See *Burger King Corp.*, 572 F.3d at 1316. In any event, Defendants do not dispute that HH Advertising obtained the rights from all photographers, models and videographers. Rather, Defendants dispute that HH Advertising retained all such rights exclusively after engaging with the Unique Defendants and SRI 2000 in conjunction with the development of the works and at least provided the Defendants with an implied license to use any such works created through such services. *See* ECF No. 218 (Defendants' Statement of Undisputed Facts) at ¶¶ 15-24 (facts

2

supporting Defendants' claim for co-authorship); ¶¶ 30-44 (facts demonstrating delivery and payment of works).

50. Disputed, although the disputed facts are irrelevant to Defendants' Summary Judgment Motion. Plaintiff's citation in support of its Fact No. 50 does not adequately support the stated fact. Paragraph 8 of the Declaration of Tracey Hunter makes conclusory statements about Mr. Stewart's and Sandals' knowledge, which is necessarily outside the scope of her personal knowledge. *See Pace v. Capobianco,* 283 F.3d 1275, 1278 (11th Cir.2002) ("Rule 56(e)'s personal knowledge requirement prevents statements in affidavits that are based, in part, 'upon information and belief'—instead of only knowledge—from raising genuine issues of fact sufficient to defeat summary judgment."). *See* Exhibit G, G. Rainer Deposition Tr. at 72:13-17 ("Q: Were you aware at any time that Hunter Hamersmith owns many copyright registrations that have been registered with the copyright office in Washington, D.C.? A. No, I was not aware.").

51. Disputed. It was not understood that HH Advertising would retain sole ownership of all the creative materials it generated, as HH never made any such representation or claim. *See* Cortizas Decl. at ¶ 23. Exhibit G, Rainer Dep., at 130:16-131:1; *see* ECF No. 218 (Defendants' Statement of Undisputed Facts) at ¶¶ 15-24 (facts supporting Defendants' claim for co-authorship); ¶¶ 30-44 (facts demonstrating delivery and payment of works); *see* Exhibit H, A. Blanco Deposition Tr., at 71:8-16 ("A. It was always of the understanding that those images, those photographs, those copyrights, whatever it is that they copyrighted were owned by Unique Vacations or Unique Travel Corp., ultimately.  Q. And how did you gain that understanding?  A. Well, based on everything that historically we've gone ahead and done with Hunter Hamersmith, everything that was ever requested, that was ever worked on, was never worked on solely by Hunter."); *see* Exhibit A, T. Hunter Rough Deposition Tr. at 149:8-14 (admitting that with regarding to a buyout "[n]othing was ever determined" but rather, vaguely, that "it was understood"); *see* Exhibit I, N. Schmiedt Deposition Tr. at 109:19-110:13 (the rates HH charged Sandals or Unique were "market rates."). Indeed, even Ms. Jimenez admitted that "the brochure itself [UVI] can obviously use it because that is what they paid for, the advertising." *See* Exhibit J, Jimenez Deposition, at 159:18-20.

52. Disputed, although the disputed facts are irrelevant to Defendants' Summary Judgment Motion. SRI 2000 was responsible for the advertising for its hotels. Butch Stewart and

his colleagues, including Gebhard Rainer and Adam Stewart, were always acting on behalf of SRI 2000 when they were managing the advertising aspects of the business given SRI 2000's control of such advertising. *See supra,* Defendants' Response to Paragraph 48.  In any event, the corporate distinction between the actions of SRI 2000 and SRI Limited are irrelevant to the Defendants' Summary Judgment Motion as the record demonstrates that at least certain of the Defendants were co-owners of the works based on their involvement and approval in such works and, even if such involvement and approval did not make them co-owners, they had an irrevocable implied license to use the works based on the Unique Defendants' payment for the works and the services provided to generate such works.  *See* ECF No. 218 (Defendants' Statement of Undisputed Facts) at ¶¶ 15-24 (facts supporting Defendants' claim for co-authorship); ¶¶ 30-44 (facts demonstrating delivery and payment of works).

53. Undisputed.

54. Disputed. HH routinely delivered a final version of each of the Works to Unique and/or SRI 2000. *See* Exhibit H, Blanco Decl. at ¶ 23; Exhibit K, Cortizas Decl. at ¶ 20; Defs. Statement of Facts ("Defs. SOF") at ¶ 20;  Exhibit l, T. Gonzalez Dep. 39:3-7 ("This was a digital delivery HD commercial. [Jessica Mora] would have made sure we had that commercial."). *See* Exhibit P, HH_000024428; HH_00000243; HH_00005230 (HH delivering final photographs and videos to Unique for use).

55. Disputed. Plaintiff's citations in support of its Fact No. 55 do not adequately support the stated fact. Copyright ownership by acquisition and joint authorship are not mutually exclusive concepts. Moreover, the Unique Vacations Inc. 30(b)(6) corporate representative asserted that "it was always of the understanding that those images, those photographs, those copyrights, whatever it is that they copyrighted, were owned by Unique Vacations or Unique Travel Corp. ultimately" based on "everything that was ever requested, that was ever worked on, was never worked on solely by Hunter." *See* Exhibit H, A. Blanco Dep. 71:8-16. Tracey Hunter understood that Unique and Sandals participated in the creation of the works.  *See* Exhibit A, T. Hunter Rough Dep. 59:21-60:2 ("We worked for Sandals, Sandals was our client.  Unique Vacations was a liaison that worked to help facilitate, get approvals from the chairman on whatever creative we had presented, if had not already signed off on it, and any media that needed to be signed off on, and all the intricate details.  That is what Unique Vacations was responsible for." ).

*See also* ECF No. 218 (Defendants' Statement of Undisputed Facts) at ¶¶ 15-24 (facts supporting Defendants' claim for co-authorship); *see also* Exhibit I, N. Schmiedt Rough Dep. 28:24-29:10; 40:1-41:1-12; 42:14-42:2 (discussing Unique's and Mr. Stewart's contributions to advertising works) and Exhibit K, UVI00068295 (Unique providing feedback and revisions to digital creative).

56. Disputed. Plaintiff's citations in support of its Fact No. 56 do not adequately support the stated fact. Ownership of the SRI 2000 brands has nothing to do with ownership of the creative works generated to support the marketing of the brands. Moreover, the cited portion of G. Rainers deposition, 130:18-20 provides the following:

> A: Unique. And in that context, it would be SRI 2000, because Unique acts on behalf of SRI 2000 on an exclusive contract basis.

*See* Exhibit G, G. Rainer Dep. Tr. The cited portion of the transcript does not consider what may or may not be contractually prohibited as between UVI and SRI, and does not establish that Unique is prohibited from owning the Works. Moreover, nothing in the cited material establishes that a prohibition on ownership of the Works would apply to any agreement between UVI and SRI—especially to Works registered prior to 2016, as the agreement was only effective as of May 30, 2016.

57. Disputed, although the disputed facts are irrelevant to Defendants' Summary Judgment Motion. Plaintiff's citations in support of its Fact No. 57 do not adequately support the stated fact. Paragraph 20 of the Declaration of Tracey Hunter, Plaintiff's Exhibit A, makes conclusory statements that "Sandals began making demands inconsistent with the parties' prior agreement regarding the creative materials and copyrights," but these conclusory statements do not include facts upon which conclusions are based. *Rodda*, 542 F. Supp. 3d at 1295. Ms. Hunter does not provide any specific facts regarding the nature, context, or substance of the purported demands, nor how they were "inconsistent with the parties' prior agreement regarding the creative materials and copyrights." In this way, Ms. Hunter's statements are too vague and ambiguous to consistent a genuine issue of material fact. See *Burger King Corp.*, 572 F.3d at 1316.

58. Disputed, although the disputed facts are irrelevant to Defendants' Summary Judgment Motion. Plaintiff's citations in support of its Fact No. 58 do not adequately support the

stated fact. Paragraph 21 of the Declaration of Tracey Hunter, Plaintiff's Exhibit A, makes conclusory statements that "Adam Stewart demanded that HH Advertising now assign all rights in photographic materials to Unique for new projects after June 2021 ('2021 Assignments')" and that "HH Advertising agreed to this modification under the threat of being fired by its only client," but these conclusory statements do not include facts upon which conclusions are based. *Rodda*, 542 F. Supp. 3d at 1295. Ms. Hunter does not provide any specific facts regarding the nature, context, or substance of the purported demands, nor how she or HH was threatened of being fired by its only client. In this way, Ms. Hunter's statements are too vague and ambiguous to consistent a genuine issue of material fact. See *Burger King Corp.*, 572 F.3d at 1316. In her deposition, Ms. Hunter also acknowledged that Adam Stewart did not make such demands, but only that she assumed that he was responsible for whatever demands were made of HH Advertising. *See* Exhibit A, T. Hunter Declaration Tr. at 182:12-21.

59. Disputed. The parties, including HH, Sandals, and UVI and UTC, exchanged several drafts of an Agency Agreement in an attempt to formalize their relationship. Blanco Dep. at 101:24-104:8.

60. Disputed. Plaintiff is not the sole owner of the Pre-2021 Projects as defined by Plaintiff because Defendants participated in the creative process and approval of creative decisions and, therefore, are rightful co-authors of the Pre-2021 Projects under the applicable law. *See* ECF No. 218, Defs. SOF ¶¶16-24; ECF No. 243, (Defs. SOF ¶¶ 19, 22, 23, and 24 are undisputed by Plaintiff).

61. Disputed in part. Defendants do not dispute that HH played a role in the creating the Commercials as defined by Plaintiff. However, Defendants participated in the creative process and approval of creative decisions and, therefore, are rightful co-authors of the Commercials under the applicable law. *See* ECF No. 218, Defs. SOF 16-24; ECF No. 243, (Defs. SOF ¶¶ 19, 22, 23, and 24 are undisputed by Plaintiff).

62. Disputed in part. Defendants agree that Plaintiff filed applications to register claimed copyright interests with the U.S. Copyright Office for works that were created as a part of the Services for Unique. *See* ECF No. 218, Defs. SOF 25. Defendants dispute Plaintiff's characterization of the registered works as "its [HH Advertising, Inc.'s] copyrights" as Defendants participated in the creative process and approval of creative decisions and, therefore, are rightful

co-authors of the works contained in Composite Exhibits A and B to the Third Amended Complaint. *See* ECF No. 218, Defs. SOF 16-24; ECF No. 243, (Defs. SOF ¶¶ 19, 22, 23, and 24 are undisputed by Plaintiff).

63. Disputed. Plaintiffs granted Defendants an implied irrevocable license to use the Works. HH Advertising's services comprised of assisting with the development of creative work, which consisted of advertising materials, advertisements, photographs, videos, commercials, and other marketing and promotional materials that were all for the benefit of all Sandals Resorts entities, including Defendants. *See* ECF No. 218, Defs. SOF 15. Plaintiff delivered the Works to or on behalf of Defendants and the Unique Defendants paid for the right to use such works. *Id.,* at SOF 35. Plaintiff was aware that the Works would be used, copied, edited, imported, exported, displayed, or otherwise fully exploited by Sandals Resorts, including Unique and SRI 2000, to promote Sandals Resorts because this was the purpose of the parties' business relationship. *Id.* at SOF 37. Defendants maintained control over how the Works were used in advertising at all times. *See* Exhibit M, HH_000017445-46; HH_000023443-49; HH_000026380-81 (Defendants asked to approve broadcast schedule for commercials).

64. Disputed. Plaintiff's citations in support of its Fact No. 64 do not adequately support the stated fact. Paragraphs 26 and 30 of the Declaration of Tracey Hunter, Plaintiff's Exhibit A, make conclusory statements that "Sandals was aware that HH Advertising registered the copyrights" (¶ 26) and "Sandals was aware of, and relied upon HH Advertising's substantial efforts and expenses used to defend HH Advertising's intellectual property through cease-and-desist letters and other measures" (¶ 30), but these conclusory statements do not include facts upon which the conclusions are based. *Rodda v. University of Miami*, 542 F. Supp. 3d 1289, 1295 (S. D. Fla. 2021) (Only non-conclusory affidavits based on personal knowledge and which state the underlying facts upon which the inference is based are sufficient to create a genuine issue of material fact). Ms. Hunter does not declare how Sandals was made aware of the copyright registrations, i.e., whether she notified Sandals via email, phone call, etc.

Similarly, the cited portion of G. Rainer's deposition, Plaintiff's Exhibit C at 45:18-46:15, does not supported the stated fact. Specifically, Ms. Rainer's cited testimony is as follows:
Q: Okay. And do you know what copyrights are owned by SRI 2000?
A: I wouldn't be able to recall those right now.

Q: Are those new copyrights? Are they old copyrights? Or you don't' really know any of them?

A: Well, there are old copyrights, and there are new copyrights that have been added, depending on what – what was added in terms of business.

Q: Can you give me a little more detail on that? I'm not following you.

A: I don't recall the detail, but there is old copyrights from the works that were there before I joined; and with new initiatives, new copyrights were added, if needed.

Q: As far as you know, does – do any of the other entities – like, for example, SRI Ltd. – own any copyrights?

A: Not to my knowledge, no.

Q: And what about Unique? Do you know if Unique owns any copyrights?

[Objection omitted]

A: I don't know.

*See* Exhibit G.  Ms. Rainer's testimony refers to copyrights registered by the Defendant entities. The testimony cited by Plaintiff does not establish that "Sandals was aware of, and never objected to, HH Advertising registering the copyrights."

65. Undisputed in part.  Defendants dispute that they were aware of and relied upon HH Advertising's substantial efforts and expenses in this regard as Ms. Hunter has only identified 1 example and no specific enforcement actions.  *See* Exhibit A, Hunter Deposition Tr. at 185: 2-14.  In any event, the disputed facts are irrelevant to Defendants' Summary Judgment Motion as HH Advertising retains at least a co-ownership interest in the works and has a right to enforce those works based on such interests.  *See* ECF No. 218 (Defendants' Statement of Undisputed Facts) at ¶¶ 15-24 (facts supporting Defendants' claim for co-authorship).

66. Disputed, although the disputed facts are irrelevant to Defendants' Summary Judgment Motion. Plaintiff's citations in support of its Fact No. 66 do not adequately support the stated fact. Paragraph 34 of the Declaration of Tracey Hunter, Plaintiff's Exhibit A, includes only conclusory statements unsupported by underlying facts as required. *Rodda v. University of Miami*, 542 F. Supp. 3d 1289, 1295 (S. D. Fla. 2021) (Only non-conclusory affidavits based on personal knowledge and which state the underlying facts upon which the inference is based are sufficient to create a genuine issue of material fact). Specifically, ¶ 34 references an "Ex. A Historical Comparison of Agency Pricing" in support of one of Ms. Hunter's statements, yet this Exhibit was

not attached to Ms. Hunter's Declaration filing. Ms. Hunter explained that she compared HH Advertising to "larger" New York advertising agencies, that were not the same size as HH, when determining it had a "figure lower" than comparable agencies. *See* Exhibit A T. Hunter Rough Deposition Transcript 75:24-76:13. In addition, Ms. Hunter testified that Ms. Stewart, herself, and Cheryl Hamersmith agreed to accept the reduced rates. *See* id. 78:19-79:2. Hunter Hamersmith agreed to have an exclusive relationship with Sandals and agreed to a contract on those terms; it cannot complain about such terms now. Ms. Jimenez, the controller, admitted that HH received commissions for their advertising works. *See* Exhibit J, Jimenez Deposition, at 83:24-85:4. *See* Exhibit N, HH_000014369-70; HH_000014378-80; HH_000014389-90 (HH Advertising providing estimates and invoices that include "concept" as a charge to Unique Defendants).

      67.     Disputed, although the disputed facts are irrelevant to Defendants' Summary Judgment Motion. *See* ECF No. 218 (Defendants' Statement of Undisputed Facts) at ¶¶ 2, 4, 22.

      68.     Undisputed.

      69.     Undisputed.

Dated: December 12, 2024

Respectfully Submitted,

By: /s/ *Dayron Silverio*
**PODHURST ORSECK, P.A.**
Peter Prieto (FBN 501492)
Matthew P. Weinshall (FBN 84783)
Dayron Silverio (FBN 112174)
2525 Ponce de Leon Blvd., Suite 500
Coral Gables, FL 33146
Telephone: 305-358-2800
Email: pprieto@podhurst.com
mweinshall@podhurst.com
dsilverio@podhurst.com

**LATHAM & WATKINS LLP**
Matthew W. Walch (pro hac vice)
matthew.walch@lw.com

    330 North Wabash Avenue, Suite 1000
    Chicago, IL 60611
    Telephone: (312) 876-7700

    Jessica Saba (pro hac vice)
    Jessica.Saba@lw.com
    555 11th St. NW, Suite 1000,
    Washington, DC 20004
    Telephone: (202) 637-2200

    *Counsel for Defendants Sandals Resorts International Limited and Sandals International Resorts 2000, Inc.*

    **BRITO, PLLC**
    Alejandro Brito, Esq.
    Cecilia Miranda, Esq.
    Brito PLLC
    2121 Ponce de Leon Blvd Suite 650
    Coral Gables, FL 33134
    Telephone: (305) 520-7633

    **NORVELL IP LLC**
    PO Box 2461
    Chicago, IL 60690
    Joseph V. Norvell, Esq.
    (admitted pro hac vice)
    Michael K. Johnson, Esq.
    (admitted pro hac vice)
    Ian M. Betts, Esq.
    (admitted pro hac vice)
    Blake M. Carey, Esq.
    (admitted pro hac vice)
    courts@norvellip.com

    *Counsel for Defendants Unique Vacations Inc. and Unique Travel Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 12, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

By: /s/ *Dayron Silverio*
Dayron Silverio